*The Law Offices of Shimshon Wexler, PC*
*PO Box 250870*
*New York, New York 10025*
*Tel (212)760-2400*
*Fax (917)512-6132*
swexleresq@gmail.com

November 15th, 2012

<u>VIA CM/ECF</u>
Hon. Eric N. Vitaliano, U.S.D.J.
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

RE:   Katz v. ABP Corporation 12-cv-4173 (ENV) (RER)

Dear Judge Vitaliano:

    I am the attorney for the plaintiff in this action. This letter is submitted to request a pre motion conference to amend the complaint prior to the defendant serving its motion to dismiss and is also in response to Defendant's letter to the Court dated November 9th, 2012. Rule 15 of the Federal Rules of Civil Procedure permits a plaintiff to amend his complaint as of right 21 days after service of a motion under Rule 12(b). However, Plaintiff would like to amend his complaint prior to being served with the motion to dismiss outlined in Defendant's letter. If I wait for Defendant to make a motion prior to moving to amend, resources will be wasted needlessly because I believe the service of my amended pleading will moot the motion.

    The Defendant's letter requesting a pre-motion conference for a motion to dismiss is an attempt to escape liability for its clear violation of the Fair and Accurate Credit Transactions Act ("FACTA") and relies on flawed arguments.

    First the Defendant argues that its violation of the statute was not "willful" as defined by the statute and that the complaint does not allege "willfulness". But the Defendant is incorrect because the definition of the word "willful" includes not only knowing violations but acts done with "reckless disregard" of the law. See *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47 (2007) addressing the word "willful" in the damages provision for FACTA cases.

FACTA incorporates the Fair Credit Reporting Act's ("FCRA") statutory damages provision, which allows a consumer to recover damages between $100 and $1,000 for each willful violation of FACTA without having to prove actual damages. See *§ 1681n*. In the complaint, Plaintiff did not allege any actual harm to his identity resulting from the claimed violations. "That actual loss in claims under the Fair Credit Reporting Act (FCRA), 15 U.S.C.S. § 1681 et seq., is small and hard to quantify is why statutes such as FCRA provide for modest damages without proof of injury." *Murray v. GMAC Mortg. Corp.*, 483 F. Supp. 2d 636 (N.D.Ill. 2007) (reversed on other grounds).

Further, the complaint pleads more than enough factual information to plausibly suggest that the defendant violated the statute willfully. As another Court stated with words equally applicable here:

> W&W argues that Plaintiffs fail to allege facts to suggest willfulness. However, issues concerning a state of mind such as knowledge or willfulness often involve fact-intensive inquiries and are not ordinarily resolved at the motion to dismiss stage. *See Willborn v. Sabbia*, 2011 U.S. Dist. LEXIS 53847, 2011 WL 1900055, at *6 (N.D. Ill. 2011)(indicating that the defendants' intent was a "factual matter that is premature to address at" the motion to dismiss stage). At the motion to dismiss stage, the allegations must be accepted as true and viewed in the light most favorable to the plaintiff. *Iqbal*, 129 S.Ct. at 1949. Plaintiffs have provided allegations from which it can be plausibly inferred that W&W may have acted willfully. For example, Plaintiffs allege [*6] W&W engaged in the FACTA violations in multiple store locations during two separate time periods. (Compl. Par. 37-40). Plaintiffs also allege that the credit card companies inform retailers such as W&W of FACTA requirements when the credit card companies provide services to retailers. (Compl. Par. 17-23). Plaintiffs also allege that W&W agreed in its contract with VISA that it would comply with FACTA. (Compl. Par. 17-23). Plaintiffs contend that W&W was also made aware of FACTA's requirements by the company that provided W&W with the point-of-sale credit card terminals. (Compl. Par. 24-25). In addition, Plaintiffs allege that FACTA requirements are readily available on multiple public websites and could easily have been accessed by W&W. (Compl. Par. 28-29). Plaintiffs also allege that W&W's business peers were able to comply with FACTA. (Compl. Par. 35). Plaintiffs also allege that in order for W&W to print the receipts with the expiration dates, W&W needed to enter a special code on its own to add that feature to the receipts. (Compl. Par. 41-

43). Finally, as W&W itself points out, the Clarification Act was passed years before W&W's non-compliance. Plaintiffs have not been allowed [*7] to conduct discovery in this case and cannot be expected to have any more detailed insight into the state of mind of individuals working for W&W at this juncture. While Plaintiffs' allegations, even if true, do not on their face conclusively show W&W acted willfully, they are sufficient at the motion to dismiss stage to plausibly suggest a willful violation of FACTA. Whether W&W was simply acting negligently, as it claims, is a factual issue that cannot be resolved at the motion to dismiss stage. *Zaun v. Tuttle, Inc.*, 2011 U.S. Dist. LEXIS 47916, 2011 WL 1741912, at *2 (D. Minn. 2011)(concluding that the plaintiff had alleged sufficient facts regarding willfulness); *Buechler v. Keyco, Inc.*, 2010 U.S. Dist. LEXIS 40197, 2010 WL 1664226, at *3 (D. Md. 2010)(concluding that the plaintiff's "complaint plausibly alleges a willful violation of FACTA"). Plaintiffs will have to point to sufficient evidence to support their willfulness claim at the summary judgment stage. Therefore, the motion to dismiss is denied.

*Sanders v. W&W Wholesale, Inc.*, 2011 U.S. Dist. LEXIS 117860 (N.D.Ill.)

While Plaintiff believes that he has alleged enough information in the complaint to allege a "willful" violation, rather than amending the complaint to include even more factual information after he is served with the motion to dismiss, Plaintiff would like to amend prior to the motion to dismiss.

Defendant in a last ditch attempt to evade liability argues against the well-settled principle that congress can confer constitutional standing on an individual who does not suffer an actual injury. The Court should reject this argument. See *Engel v Scully & Scully, Inc.*, 279 F.R.D. 117 (S.D.N.Y. 2011).

In conclusion, Defendant's proposed motion to dismiss lacks merit and the complaint is facially plausible. However in the interest of saving time, Plaintiff would like to amend his complaint prior to defendant serving his motion to dismiss.

Plaintiff thanks the Court for its attention to this matter.

Respectfully Submitted,

_____

Cc: Stephen L Saxl, Esq.