UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| YEHUDA KATZ,<br>Individually and on behalf of a class,<br><br>                Plaintiff,<br><br>v.<br><br>ABP CORPORATION and<br>DOES 1-10,<br><br>                Defendants. | Case No. CV 12-4173-ENV-RER<br><br>**FIRST AMENDED COMPLAINT<br>– CLASS ACTION** |

## INTRODUCTION

1.    Plaintiff Yehuda Katz ("Plaintiff"), individually and on behalf of a class defined herein, brings this action against ABP Corporation ("Defendant") to secure redress for violations of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA").

2.    The operative provision of FACTA, codified at 15 U.S.C. §1681c(g), provides that:

> No person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

3.    Section 1681c(g) is "not ambiguous." It "expressly prohibits printing more than the last five digits of the credit/debit card numbers and also prohibits printing the card's expiration date." Pirian v. In-N-Out Burgers, 06-1251, 2007 WL 1040864, *3 (C.D. Cal. Apr. 5, 2007); accord, Iosello v. Leiblys, Inc., 502 F. Supp. 2d 782 (N.D. Ill. 2007); Follman v. Hospitality Plus of Carpentersville, Inc., 532 F. Supp. 2d 960 (N.D. Ill. 2007); Follman v.

Village Squire, Inc., 542 F. Supp. 2d 816 (N.D. Ill. 2007); Korman v. Walking Co., 503 F. Supp. 2d 755 (E.D. Pa. 2007); Ramirez v. MGM Mirage, Inc., 524 F. Supp. 2d 1226 (D. Nev. 2007); *see also In re The TJX COMPANIES, INC.*, MDL No. 1853., No. 07-md-1853-KHV, 2008 WL 2020375, at *1 (D. Kan. May 9, 2008) (citing 15 U.S.C. § 1681c(g)(1)) ("FACTA prohibits retailers who accept credit or debit cards from 'print[ing] more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.'"); Hammer v. JP's Southwestern Foods, L.L.C., 739 F.Supp.2d 1155, 1157 (W.D. Mo. 2010) (citing 15 U.S.C. § 1681c(g)) ("[N]o person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.")

   4.   The purpose of this "truncation requirement" is to prevent identity theft. The Federal Trade Commission estimates that over 9 million persons each year have their identity assumed by criminals for financial gain, causing losses in excess of $50 billion.

   5.   One common modus operandi of identity thieves is to obtain credit card receipts that are lost or discarded, or through theft, and use the information on them to engage in transactions. Identity thieves who do this are known as "carders" and "dumpster divers." This modus operandi is more common than the use of sophisticated electronic means to obtain the information. Robin Sidel, "Identity Theft – Unplugged Despite the High-Tech Threat, When You Get Ripped Off It's Usually Still the Old Way," Wall Street Journal, Oct. 5, 2006, p. B1.

   6.   Merchants generally will not honor a credit card in a card-not-present transaction (telephone, internet or fax) without both the correct expiration date and the card number.

Thieves prefer to engage in such transactions to commit credit card fraud, so as to reduce the chances of apprehension.

7. To curb this means of identity theft, Congress prohibited merchants, such as Defendants, who accept credit cards and debit cards from issuing electronically-generated receipts that display either the expiration date or more than the last five digits of the card number.

8. Congress gave merchants who accept credit cards and/or debit cards up to three years to comply with its requirements, requiring full compliance with its provisions no later than December 4, 2006.

9. On June 3, 2008, Congress retroactively removed liability for willful expiration date violations through that date. This amendment was widely publicized and sponsored by the Chamber of Commerce and other retailer organizations.

10. Despite years of publication, notice and compliance by other merchants, Defendants have recklessly and willfully violated FACTA and failed to protect Plaintiff and others similarly situated against identity theft and credit card and debit card fraud by failing to comply with the truncation requirement.

11. Plaintiff brings this action against Defendants based on their violations of 15 U.S.C. §§ 1681 *et seq.* and seeks statutory damages, attorneys' fees, costs, and such other relief as the Court deems proper, including punitive damages.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p ("FCRA").

13. Venue is proper because Defendant conducts business within this jurisdiction and the transaction giving rise to this lawsuit occurred within this jurisdiction.

## PARTIES

14. Plaintiff, Yehuda Katz, is a resident of this district.

15. Defendant Au Bon Pain is a Delaware corporation with an address of ABP Corporation, One Au Bon Pain Way in Boston, Massachusetts 02210. Defendant operates a number of stores in the Eastern District of New York.

16. Defendant is a "person that accepts credit cards or debit cards for the transaction of business" within the meaning of FACTA.

17. Defendants Does 1-10 are individual officers, directors, employees and agents of defendant who authorized, directed or participated in the violations of law complained of.

## FACTS

18. FACTA was enacted in 2003 and gave merchants who accept credit cards and/or debit cards up to three years to comply with its requirements, requiring compliance for all machines no later than December 4, 2006.

19. 15 U.S.C. §1681c(g)(1), provides that:

> ...no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

20. In transacting its business, Defendants use one or more cash registers and/or other machines or devices that electronically print receipts for credit card and debit card transactions.

21. Plaintiff has a bank issued credit and/or debit card as defined under 15 U.S.C. § 1681a.

22. On August 5, 2012, Plaintiff used his Mastercard to make a purchase at Defendants' location at LaGuardia Airport's Jet Blue terminal in New York, New York.

23. At the completion of her purchase, Plaintiff was given a computer-generated cash register receipt stating "CUSTOMER COPY" that published more than five (5) digits of Plaintiff's credit card number <u>and</u> the expiration date of her credit card. In fact, the customer copy published the first four and last four digits of Plaintiff's credit card; a total of <u>eight</u> digits of the credit card <u>and</u> the expiration date.

24. The publication of more than five digits of a credit card or debit card number on customer receipts disseminated at the point of sale increases the possibility of identity theft and therefore Congress required that no more than five digits of a credit card number could be printed on a customer receipt. Similarly, the publication of expiration dates on customer receipts disseminated at the point of sale, in addition to the last four or five digits of the credit card or debit card number, exponentially increases the possibility of identity theft, which is the obvious reason that the credit card companies and Congress require the truncation of expiration dates. The expiration dates and credit card or debit card numbers are used to confirm that a person making a purchase over the phone or on the internet actually has the card in their possession.

25. An identity thief who steals a receipt containing more than five digits of a credit card or debit card number can use that data in an attempt to dupe the cardholder, or other potential information sources, into disclosing additional confidential financial information relating to the cardholder. Similarly, a would be identity thief who steals a receipt containing the last four or five digits of a credit card or debit card number and an expiration date can use that

data in an attempt to dupe the cardholder, or other potential information sources, into disclosing additional confidential financial information relating to the cardholder. The more information that is disclosed on the receipt, the easier it is to pilfer additional confidential financial information.

26. Here, there were <u>eight</u> digits of Plaintiff's credit card number <u>and</u> the expiration date printed on the customer receipt. Defendant's wanton violation is tantamount to turning over Plaintiff's physical credit to an identity thief. Multiply this violation by thousands, hundreds of thousands or millions of times and the Defendant has created a potential criminal bonanza for identity thieves.

27. With respect to point of sale machines that were first put into use after January 1, 2005, 15 U.S.C. § 1681c(g)(3)(B) required immediate compliance with the provisions of 15 U.S.C. § 1681c(g)(1).

28. With respect to point of sale machines that were in use before January 1, 2005, 15 U.S.C. § 1681c(g)(3)(B) required immediate compliance with the provisions of 15 U.S.C. § 1681c(g)(1) on or after December 1, 2006.

29. In May 2007, the Federal Trade Commission issued a business alert informing businesses that "you may include no more than the last five digits of the [credit and debit] card number, and you must delete the [credit and debit] card's expiration date." FTC Business Alert, Slip Showing? Federal Law Requires All Businesses to Truncate Credit Card Information in Receipts.

30. On June 3, 2008, President George W. Bush signed The Credit and Debit Card Receipt Clarification Act (Clarification Act), which amended the Fair and Accurate Credit Transactions Act (FACTA). The Clarification Act provides that "any person who printed an

expiration date on any receipt provided to a consumer cardholder at a point of sale or transaction between December 4, 2004, and the date of the enactment of this subsection but otherwise complied with the requirements of section 605(g) for such receipt shall not be in willful noncompliance with section 605(g) by reason of printing such expiration date on the receipt."

31. Defendants accept Visa, MasterCard, Discover credit and debit cards and American Express credit cards in the course of transacting business with persons who make purchases at Defendants' retail locations.

32. Banks and credit card associations (i.e. Visa, MasterCard, American Express, Discover, etc.) are keenly aware of the importance of truncating expiration dates as required under FACTA. Accordingly, they informed their merchants for years about FACTA and what a company must do to be compliant.

33. VISA, MasterCard, the PCI Security Standards Council – a consortium founded by VISA, MasterCard, Discover, American Express– companies that sell cash registers and other devices for the processing of credit or debit card payments, and other entities informed merchants about FACTA, including its specific requirements concerning the truncation of credit card and debit card numbers and prohibition on the printing of expiration dates, and the need to comply with the same.

34. Visa, MasterCard, American Express, and Discover by contract require Defendants to be FACTA compliant.

35. Visa explicitly instructed merchants, including Defendants, that a credit or debit card number must be truncated to no more than five digits and that the expiration date must be truncated entirely.

36. For example, the August 12, 2006 edition of "Rules for Visa Merchants" (p. 62), which is distributed to and binding upon all merchants that accept Visa cards, expressly requires that "only the last four digits of an account number should be printed on the customer's copy of the receipt" and "the expiration date should not appear at all." These statements were accompanied by a picture of a receipt showing precisely what had to be removed. VISA required complete compliance by July 1, 2006, five months ahead of the statutory deadline. Defendant would have received this and subsequent Rules from Visa.

37. MasterCard explicitly instructed merchants, including Defendants, that a credit or debit card number must be truncated to no more than five digits and that the expiration date must be truncated entirely.

38. American Express explicitly instructed merchants, including Defendants, that a credit or debit card number must be truncated to no more than five digits and that the expiration date must be truncated entirely.

39. Discover explicitly instructed merchants, including Defendants, that a credit or debit card number must be truncated to no more than five digits and that the expiration date must be truncated entirely.

40. A bulletin dated June 14, 2006 issued by AllianceData, another processor, informed its customers that under FACTA "no person that accepts credit cards or debt cards for the transaction of business shall print **more** that the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale transaction." It further stated that Visa required compliance by July 1, 2006 and MasterCard by April 1, 2005.

41. Defendants are members of or receive information from the National Restaurant Association. Defendants' employees are members of or receive information from the National Restaurant Association.

42. The National Restaurant Association provided a summary to its members, including Defendants, in the form of a publication titled "Legal Problem Solver for Restaurant Operator" at www.restaurant.org/legal/lps wherein the National Restaurant Association expressly informed Defendants that FACTA is "designed to prevent theft of credit and debit card numbers from electronically generated receipts." This Legal Problem Solver made clear that "FACTA prohibits businesses that accept credit or debit cards from including 'more than 5 digits of the card or the expiration date.'" Further, the Legal Problem Solver made clear that businesses must "fully comply with FACTA or face stiff penalties – up to $1000 per receipt – for failure to comply."

43. Through the National Restaurant Association, credit card merchants and other methods of notification, Defendants were aware of FACTA's requirements, that the purpose of FACTA is to prevent theft of credit and debit card numbers, and their potential exposure for failure to comply.

44. Similarly, on January 10, 2007, the National Retail Federation sent a memo to the general counsels of its members warning that failure to suppress both "credit card expiration dates or anything beyond the last five digits of a customer's credit card number on the copy of the receipt provided to the customer" was likely to result in a lawsuit.

45. Governmental agencies have expended considerable resources to inform business about the importance of FACTA, why the law is in place and what business must do to be compliant or risk statutory penalties. For example, the Federal Trade Commission issued a

business alert in May 2007 entitled "Slip Showing? Federal Law Requires All Businesses to Truncate Credit Card Information on Receipts," which stated: "According to the federal Fair and Accurate Credit Transactions Act (FACTA), the electronically printed credit and debit card receipts you give your customers must shorten – or truncate – the account information. You may include no more than the last five digits of the card number, and you must delete the card's expiration date."

46. At the time of the FACTA violations identified in this Complaint and before, Defendants knew of their obligations under FACTA and the importance of the truncation requirements.

47. Most of Defendants' business peers and competitors readily brought their credit card and debit card receipt printing process into compliance with FACTA by programming their card machines and devices to comply with the truncation requirement.

48. FACTA compliance requires either dedication of internal resources or payment to third-party vendors to bring a company into compliance with FACTA.

49. Defendants could readily have done the same, but either recklessly failed to review their own FACTA compliance or intentionally opted to save money and not bring its stores into compliance.

50. The cost of truncating credit card or debit card numbers and/or expiration dates is significant, but minimal when compared with the risk posed to thousands of consumers such as Defendants' customers.

51. Despite knowledge of FACTA's requirements, contractual requirements from credit card issuers that Defendants must be FACTA compliant, and notifications from credit card issuers and the federal government, Defendants continue to willfully disregard FACTA's

requirements and continue to use cash registers or other machines or devices that print receipts in violation of FACTA after June 3, 2008.

52. On information and belief, Defendants have failed to comply with FACTA's truncations requirements at all their retail locations throughout the class period.

## VIOLATION ALLEGED

53. Defendant violated 15 U.S.C. § 1681c(g)(1), which provides that:

> ...**no person** that accepts credit cards or debit cards for the transaction of business **shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.**

15 U.S.C. § 1681c(g)(1) (emphasis added).

54. The FCRA, 15 U.S.C. § 1681n, provides:

> § 1681n. Civil Liability for willful noncompliance
> (a) In general. Any person who willfully fails to comply with any requirement imposed under this title [15 USC §§ 1681 *et seq.*] with respect to any consumer is liable to that consumer in an amount equal to the sum of - (1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; ***
>
> (2) such amount of punitive damages as the court may allow; and
>
> (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court...

55. The FCRA, 15 U.S.C. § 1681p, provides:

> § 1681p. Jurisdiction of courts; limitation of actions
>
> An action to enforce any liability created under this title [15 U.S.C. §1681 *et seq.*] may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of –

11

WA 3922206.1

(1) 2 years after the date of discovery by plaintiff of the violation that is the basis for such liability; or

(2) 5 years after the date on which the violation that is the basis for such liability occurs.

56. Defendants knew of and ignored their legal duty to truncate the expiration date from debit card and credit card purchases that they accepted from Plaintiff and the class members at the point of sale or alternatively, Defendants failed to inquire at all about their duty to truncate as required by the statute.

57. Defendants received information on multiple occasions regarding the truncation requirements and its importance for prevention of identity theft.

58. Notwithstanding all of the publicity and the Defendants' knowledge of the statute's requirements, they willfully failed to comply with FACTA thereby putting all of their customers' financial identities at risk.

## CLASS ALLEGATIONS OF THE VIOLATION ALLEGED

59. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

60. The proposed class is defined as all persons who used either a Visa, MasterCard, or Discover debit or credit card, and/or American Express credit card at any of Defendants' locations where Defendants provided an electronically printed receipt at the point of sale or transaction that displayed the expiration date of that person's credit or debit card for a time period beginning June 4, 2008 until the date of the class is certified.

61. The class is so numerous that joinder of all individual members in one action would be impracticable.

62. On information and belief, Defendants were providing improperly truncated receipts to their customers at all of their locations.

63. There are well over 100 persons who used either a Visa, MasterCard, or Discover debit or credit card, and/or American Express credit card at Defendant's business locations where Defendants provided an electronically printed receipt at the point of sale or transaction that violated FACTA's truncation requirements for a time period beginning June 4, 2008 until the date of the filing of this lawsuit.

64. Plaintiff's claims are typical of the claims of the class members. All are based on the same legal theories and arise from the same unlawful and willful conduct. There are common questions of fact and law affecting members of the class, which common questions predominate over questions which may affect individual members. These include the following:

    a. Whether Defendants had a practice of providing customers with a sales or transaction receipt which failed to comply with the truncation requirement;

    b. Whether Defendants thereby violated FACTA; and

    c. Whether Defendants' conduct was willful.

65. Plaintiff will fairly and adequately represent the class members.

66. Plaintiff has no interests that conflict with the interests of the class members.

67. Plaintiff has retained experienced counsel in consumer class action matters.

68. A class action is superior to other available means for the fair and efficient adjudication of the claims of the class members. Individual actions are not economically feasible.

WHEREFORE, Plaintiff requests this Honorable Court to: 1) certify the class as described herein; and 2) enter judgment in favor of Plaintiff and the class members and against Defendants for:

    a.    Statutory damages of no less than $100 nor more than $1,000 per violation;

    b.    Attorney's fees and costs; and

    c.    For such other and further relief as the Court may deem proper including pre-and post-judgment interest and punitive damages.

## JURY TRIAL DEMAND

Plaintiff demands a jury on all issues so triable.

DATED this 13th day of December 2012.

Respectfully submitted,

/s/ Shimshon Wexler

Shimshon Wexler
The Law Offices of Shimshon Wexler, PC
PO Box 250870
New York, NY 10025
Telephone: (212-760-2400
Fax:            (917)512-6132
E-mail:     shimshonwexler@yahoo.com