# Greenberg Traurig

Stephen L. Saxl
Tel.: (212) 801-2184
Fax: (212) 805-9371
saxls@gtlaw.com

December 21, 2012

**VIA ECF**

The Honorable Eric N. Vitaliano
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:   *Yehuda Katz v. ABP Corporation*, CV 12-4173 (E.D.N.Y.) (ENV) (RER)

Dear Judge Vitaliano:

      We represent defendant ABP Corporation ("ABP") in this action. Pursuant to the Court's Individual Practices, ABP respectfully requests a pre-motion conference to obtain permission to move to dismiss the First Amended Complaint (the "Amended Complaint") in this putative class action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, and under Rule 12(b)(1) for lack of standing.

      On November 9, 2012, ABP sent the attached letter to the Court [Doc. No. 7] requesting permission to move to dismiss the original Complaint in this action. In response, Plaintiff requested permission to amend the Complaint *prior to* ABP serving its motion to dismiss, implicitly conceding defects in the original cookie-cutter pleading. [Doc. No. 8.] ABP did not oppose that request, but stated that after amending, Plaintiff should be required to stand on his second pleading -- with no further amendments permitted. [Doc. No. 9.]

      Although ABP put Plaintiff on notice of the fundamental deficiencies in his first pleading, Plaintiff's Amended Complaint [Doc. No. 12] again fails to plead any facts plausibly alleging that ABP committed a "willful" violation of the Fair and Accurate Credit Transactions Act of 2003 ("FACTA"). Indeed, there are still no factual allegations specific to ABP, other than the Plaintiff's alleged receipt. Accordingly, ABP seeks permission to move to dismiss the Amended Complaint.

      Like the original Complaint, the Amended Complaint alleges a single claim under FACTA, which was enacted to combat identity theft. FACTA's truncation provision states that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction." 15 U.S.C. § 1681c(g)(1). A merchant who *negligently* violates this statute may be liable for any "actual damages [*i.e.*, identity theft] sustained by the consumer as a result" of the violation. 15 U.S.C. § 1681o(a). Plaintiff does not attempt to plead a claim under that provision; indeed, Plaintiff does not claim any actual damages.

      A merchant who "*willfully*" violates FACTA may be liable for statutory damages of "not less than $100 and not more than $1,000." 15 U.S.C. § 1681n(a). Plaintiff sues only under this provision, which requires facts establishing willfulness (including reckless disregard of the law).

Hon. Eric N. Vitaliano
December 21, 2012
Page 2

Plaintiff Yehuda Katz alleges that, on August 5, 2012, he received a receipt at ABP's Au Bon Pain café at the JetBlue terminal at LaGuardia Airport, and that the receipt displayed, in addition to the last four digits of the credit card number, the expiration date and the first four digits of the 16-digit MasterCard number. (Am. Compl. ¶¶ 22-23.) This is the *only fact* alleged about ABP's conduct. Fifteen days after this transaction, Plaintiff filed this action on behalf of a putative class, represented by counsel who has represented him or Yaakov Katz as plaintiff in at least 18 other putative class actions.

ABP intends to move to dismiss the Amended Complaint for failure to plausibly allege that ABP committed a "willful" violation of FACTA. As shown below, numerous courts have granted motions to dismiss similar barebones complaints claiming "willful" violations of FACTA.

As the Court is well aware, under Rule 12(b)(6), a complaint must be dismissed if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels and conclusions' … will not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable…." This "plausibility standard" requires "more than a sheer possibility" of liability. *Id.*

Plaintiff's Amended Complaint does not allege *any facts* suggesting that ABP engaged in "willful" noncompliance, as opposed to negligence. Plaintiff does not (and could not) allege any fact suggesting that ABP was not in compliance with FACTA in the several years after it became effective in 2006 or was amended in 2008, so this is not a case in which a merchant chose never to comply. Plaintiff claims to have received one non-compliant receipt on August 5, 2012, almost six years after the effective date. Thus, Plaintiff's allegations are far more consistent with an inference that any alleged non-compliance was inadvertent -- perhaps negligent, but not willful.

In any event, the Amended Complaint consists only of allegations that information about FACTA was available and that ABP provided Plaintiff a non-compliant receipt. However, "[t]he fact that information about FACTA was available to [defendant] does nothing to support [the] naked assertion that [defendant] was notified of FACTA's provisions and *knowingly ignored them*." *Seo v. CC JV Am. Holdings, Inc.*, 2011 WL 4946507, at *2 (C.D. Cal. Oct. 18, 2011) (granting motion to dismiss) (emphasis added).

As in *Seo*, numerous courts have granted motions to dismiss similar FACTA complaints, holding that such allegations do not support a plausible claim for willfulness. *See, e.g., Vidoni v. Acadia Corp.*, 2012 WL 1565128 (D. Me. Apr. 27, 2012) (reasonable inference is that failure to comply with FACTA was inadvertent, not willful); *Gardner v. Appleton Baseball Club, Inc.*, 2010 WL 1368663, at *7 (E.D. Wis. Mar. 31, 2010) (inference of willfulness is facially implausible -- "After all, what did [defendant] stand to gain by printing a few extra digits on a receipt for a hot dog and subjecting itself to potential liability of $100 to $1,000 for each transaction?"); *Huggins v. SpaClinic, LLC*, 2010 WL 963924, at *2 (N.D. Ill. Mar. 11, 2010) ("[P]laintiff's allegations do not permit the inference that [defendant's] conduct was anything more than negligent. Plaintiff alleges

Hon. Eric N. Vitaliano
December 21, 2012
Page 3

that FACTA's requirements were well-publicized and that credit card companies required compliance with the statute, but these allegations are not specific to the defendant."); *Rosenthal v. Longchamp Coral Gables LLC*, 603 F. Supp. 2d 1359, 1362 (S.D. Fla. 2009) ("That the Defendant acted more than 'negligen[tly] ... is not established by the mere fact that FACTA's requirements were well-publicized in the media and contained in Defendant's credit card agreements."). As one court stated in words applicable here:

> The essence of the complaint is: the Defendant violated the Act, some other businesses did not violate the act, therefore the Defendant's violation was willful. No doubt Plaintiff's counsel could open the complaint in his word processor, delete the Appleton Baseball Club, and substitute any other defendant in its place without disturbing much of the rest of the complaint at all. *Twombly* and *Iqbal* teach that such cut-and-paste jobs are not a substitute for real facts that plausibly "show," under Rule 8, that the Plaintiff is entitled to relief. In other words, because there is nothing in the complaint to distinguish the willfulness of this Defendant from any other imaginable defendant, the complaint fails to satisfy Rule 8.

*Gardner*, 2010 WL 1368663, at *6.

Here, as in *Vidoni*, the Amended Complaint is "taken up with reciting various sources ... that have published articles and alerts about FACTA[]" and that "Defendant was apprised of FACTA's expiration date requirement through trade associations, agreements with credit card issuers," and other sources. 2012 WL 1565128, at *2. Those boilerplate allegations are not enough to plead a claim that ABP acted "willfully." "Merely being aware of a statute, then, is insufficient to state a claim for willfulness. In cases where the Defendant is aware of a statute's requirements, the Plaintiff must also allege that there was something more than a negligent violation, *i.e.*, a voluntary, deliberate, or intentional violation." *Id.* at *4. If it were otherwise, then every violation of FACTA would be a "willful" violation -- but that is not the law.

This action was filed without any factual basis for pleading that ABP acted "willfully." Plaintiff's allegations against ABP are not "enough to raise a right to relief above the speculative level" because they do not include "enough factual matter (taken as true) to suggest" that the alleged violation of FACTA was "willful." *Twombly*, 550 U.S. at 555-56. The Amended Complaint should be dismissed with prejudice.[1]

Respectfully,

Stephen L. Saxl

cc: Shimshon Wexler, Esq. (via ECF) (w/ attachment)

---

[1] ABP also intends to move to dismiss for lack of Article III standing under Rule 12(b)(1) because Plaintiff does not claim to have suffered any actual injury. The issue of whether Congress may confer standing by statute, circumventing the injury-in-fact requirement, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992), was the subject of briefing and oral argument before the United States Supreme Court in *First American Financial Corp. v. Edwards*, No. 10-708 (U.S.) last term, but the writ was dismissed as improvidently granted on the last day of the term. This issue remains unsettled. Here, Plaintiff claims no actual injury, and thus lacks standing to sue.

# Greenberg Traurig

Stephen L. Saxl
Tel.: (212) 801-2184
Fax: (212) 805-9371
saxls@gtlaw.com

November 9, 2012

**VIA ECF**

The Honorable Eric N. Vitaliano
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Yehuda Katz v. ABP Corporation*, CV 12-4173 (E.D.N.Y.) (ENV) (RER)

Dear Judge Vitaliano:

We represent defendant ABP Corporation ("ABP") in this action. Pursuant to the Court's Individual Practices, ABP respectfully requests a pre-motion conference to obtain permission to move to dismiss the Complaint in this putative class action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, and under Rule 12(b)(1) for lack of standing.

## Plaintiff's Complaint Under FACTA Rests on a One Paragraph "Facts" Section.

The Complaint alleges a single claim under the Fair and Accurate Credit Transactions Act of 2003 ("FACTA"), which was enacted to combat identity theft. FACTA provides that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction." 15 U.S.C. § 1681c(g)(1). A merchant who *negligently* violates this statute may be liable for any "actual damages [*i.e.*, identity theft] sustained by the consumer as a result" of the violation. 15 U.S.C. § 1681o(a). Plaintiff does not attempt to plead a claim under that provision; indeed, Plaintiff does not claim any actual damages.

A merchant who "*willfully*" violates FACTA may be liable for statutory damages of "not less than $100 and not more than $1,000." 15 U.S.C. § 1681n(a). Plaintiff sues only under this provision, which requires willfulness.

The Complaint includes a "Facts" section of one paragraph. Plaintiff Yehuda Katz alleges that on August 5, 2012, he received a receipt at ABP's Au Bon Pain café at the JetBlue terminal at LaGuardia Airport, and that the receipt "displayed, in addition to the last four digits of the credit card number, the expiration date and the first four digits of the credit card number." (Compl. ¶ 17.) This is the only fact alleged about ABP's conduct. Fifteen days later, Plaintiff filed this action on behalf of a putative class.

## The Complaint Fails to State a Claim Under *Twombly* and *Iqbal*.

ABP intends to move to dismiss the Complaint for failure to plausibly allege that ABP committed a "willful" violation of FACTA. As shown below, numerous courts have granted motions to dismiss similar barebones complaints claiming "willful" violations of FACTA.

Hon. Eric N. Vitaliano
November 9, 2012
Page 2

    Under Rule 12(b)(6), a complaint must be dismissed if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* "A pleading that offers 'labels and conclusions' ... will not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable...." This "plausibility standard" requires "more than a sheer possibility" of liability. *Id.*

    Plaintiff's Complaint is a cookie-cutter pleading that does not allege any facts suggesting that ABP acted "willfully." Plaintiff has failed to plead anything more than that legal conclusion. The Complaint offers only general allegations that information about FACTA was available and alleges that ABP provided a non-compliant receipt. Numerous courts have granted motions to dismiss similar FACTA complaints, holding that such allegations do not support a plausible claim for willfulness. *See, e.g., Vidoni v. Acadia Corp.*, 2012 WL 1565128 (D. Me. Apr. 27, 2012) (reasonable inference is that failure to comply with FACTA was inadvertent, not willful); *Seo v. CC JV Am. Holdings, Inc.*, 2011 WL 4946507, at *2 (C.D. Cal. Oct. 18, 2011) ("The fact that information about FACTA was available to CJV does nothing to support [the] naked assertion that CJV was notified of FACTA's provisions and knowingly ignored them."); *Gardner v. Appleton Baseball Club, Inc.*, 2010 WL 1368663, at *7 (E.D. Wis. Mar. 31, 2010) (inference of willfulness is facially implausible); *Huggins v. SpaClinic, LLC*, 2010 WL 963924, at *2 (N.D. Ill. Mar. 11, 2010) ("Plaintiff alleges that FACTA's requirements were well-publicized and that credit card companies required compliance with the statute, but these allegations are not specific to the defendant."); *Rosenthal v. Longchamp Coral Gables LLC*, 603 F. Supp. 2d 1359, 1362 (S.D. Fla. 2009) ("That the Defendant acted more than 'negligen[tly] ... is not established by the mere fact that FACTA's requirements were well-publicized in the media and contained in Defendant's credit card agreements."). As one court stated in words applicable here:

> The essence of the complaint is: the Defendant violated the Act, some other businesses did not violate the act, therefore the Defendant's violation was willful. No doubt Plaintiff's counsel could open the complaint in his word processor, delete the Appleton Baseball Club, and substitute any other defendant in its place without disturbing much of the rest of the complaint at all. *Twombly* and *Iqbal* teach that such cut-and-paste jobs are not a substitute for real facts that plausibly "show," under Rule 8, that the Plaintiff is entitled to relief. In other words, because there is nothing in the complaint to distinguish the willfulness of this Defendant from any other imaginable defendant, the complaint fails to satisfy Rule 8.

*Gardner*, 2010 WL 1368663, at *6.

    As in those cases, all Plaintiff alleges here is the generic assertion that "Defendant knew or should have known of the truncation requirement." (Compl. ¶ 32.) Like those cases, Plaintiff cites credit card industry requirements and measures to inform merchants generally of FACTA, and asserts that most businesses comply. Those boilerplate allegations are not enough to plead a claim that ABP acted "willfully." *See, e.g., Vidoni*, 2012 WL 1565128, at *2 ("[m]uch of the Complaint

Hon. Eric N. Vitaliano
November 9, 2012
Page 3

is taken up with reciting various sources ... that have published articles and alerts about FACTA[]" and that "Defendant was apprised of FACTA's expiration date requirement through trade associations, agreements with credit card issuers," and other sources).

FACTA became effective in 2006. Plaintiff does not allege that ABP was not in compliance with FACTA in the years prior to August 5, 2012, when Plaintiff claims to have received a non-compliant receipt. Plaintiff pleads no facts to distinguish the alleged violation from a negligent violation. Thus, there could be no reasonable inference that ABP acted "willfully."

Notably, Plaintiff's 55-paragraph Complaint is virtually a verbatim copy of 55-paragraph complaints Plaintiff's counsel filed on behalf of Yaakov Katz in putative FACTA class actions against Century 21 Stores in February *and* against Culver Narrows Beer Distributors last month. The fact that this Complaint is a carbon copy of prior complaints further demonstrates that the Complaint pleads no facts suggesting willfulness on the part of ABP.

Indeed, in the past two years, Plaintiff's counsel has filed at least 18 putative class actions on behalf of Yehuda Katz or Yaakov Katz. This action was filed without any factual basis for pleading that ABP acted "willfully." Plaintiff's allegations against ABP are not "enough to raise a right to relief above the speculative level" because they do not include "enough factual matter (taken as true) to suggest" that the alleged violation of FACTA was "willful." *Twombly*, 550 U.S. at 555-56. The Complaint should be dismissed.

**Plaintiff Lacks Constitutional Standing**

In addition to moving to dismiss for failure to state a claim, ABP intends to move to dismiss for lack of Constitutional standing under Rule 12(b)(1). Plaintiff lacks Article III standing because he does not claim to have suffered any actual injury. The issue of whether Congress may confer standing by statute, circumventing the injury-in-fact requirement, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992), was the subject of briefing and oral argument before the United States Supreme Court in *First American Financial Corp. v. Edwards*, No. 10-708 (U.S.) last term, but the writ was dismissed as improvidently granted on the last day of the term. This issue remains unsettled. Here, Plaintiff claims no actual injury, and thus lacks standing to sue.

* * * * *

For these reasons, ABP requests a pre-motion conference and permission to file a motion to dismiss within 21 days of the Court's permission.[1]

Respectfully,

Stephen L. Saxl

cc: Shimshon Wexler, Esq. (via ECF and email)

---

[1] Pursuant to this Court's Individual Practices, service of this letter constitutes timely service of a motion made pursuant to Rule 12, Fed. R. Civ. P.