UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| YEHUDA KATZ, Individually and on behalf of a class, | : : : : | Case No. 12 Civ. 4173 (ENV) (RER) |
| Plaintiff, | : : | |
| -against- | : : | |
| ABP CORPORATION and DOES 1-10, | : : | |
| Defendants. | : : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANT ABP CORPORATION'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

GREENBERG TRAURIG, LLP
MetLife Building
200 Park Avenue
New York, New York 10166
(212) 801-9200
(212) 801-6400 (facsimile)

*Attorneys for Defendant
ABP Corporation*

**Served on January 24, 2013**

## <u>TABLE OF CONTENTS</u>

Page

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................... 1

THE ALLEGATIONS OF PLAINTIFF'S AMENDED COMPLAINT
AND PROCEDURAL HISTORY ...................................................................................... 3

      A.   The Parties ................................................................................................. 3

      B.   Plaintiff's Sole Claim ................................................................................ 3

      C.   Plaintiff's Initial Complaint ...................................................................... 4

      D.   ABP Requested Permission To Move To Dismiss The Initial Complaint
          And Plaintiff Responded By Requesting Permission To Amend. ......................... 5

      E.   Plaintiff's Amended Complaint, Like His Initial Complaint, Fails To Plead
          Facts About ABP's Conduct. ............................................................ 5

ARGUMENT ...................................................................................................................... 6

    PLAINTIFF FAILS TO STATE A CLAIM FOR WILLFUL VIOLATION
    OF FACTA UNDER 15 U.S.C. § 1681n(a). .................................................... 6

      A.   The Governing Legal Standards Under *Twombly* And *Iqbal* ................................ 7

      B.   The Amended Complaint Fails To Plead Facts Plausibly Alleging That
          ABP Willfully Violated FACTA. ................................................................ 7

      C.   The Allegations Of The Amended Complaint Are Far More Consistent
          With A Negligent Mistake Than With A Willful Violation Of FACTA. ............... 9

CONCLUSION .................................................................................................................. 13

i

# <u>TABLE OF AUTHORITIES</u>

Page(s)

<u>CASES</u>

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................. *passim*

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................. *passim*

*First American Financial Corp. v. Edwards*,
  No. 10-708, *cert. granted*, 131 S. Ct. 3022 (2011),
  *writ dismissed as improvidently granted*, 132 S. Ct. 2536 (2012) ..................................... 12

*Foman v. Davis*,
  371 U.S. 178 (1962) ............................................................................................. 12

*Gabriele v. American Home Mortg. Servicing, Inc.*,
  No. 12-985-cv, 2012 WL 5908601 (2d Cir. Nov. 27, 2012) ........................................... 10

*Gardner v. Appleton Baseball Club, Inc.*,
  No. 09 C 705, 2010 WL 1368663 (E.D. Wis. Mar. 31, 2010) ................................ 8, 9, 10

*Huggins v. Spaclinic, LLC*,
  No. 09 C 2677, 2010 WL 963924 (N.D. Ill. Mar. 11, 2010) ......................................... 8

*Leonelli v. Pennwalt Corp.*,
  887 F.2d 1195 (2d Cir. 1989) .................................................................................. 12

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) ............................................................................................. 12

*Perl v. Plains Commerce Bank*,
  No. 11 Civ. 7972 (KBF), 2012 WL 760401(S.D.N.Y. Mar. 8, 2012) ........................ 10-11

*Rosenthal v. Longchamp Coral Gables LLC*,
  603 F. Supp. 2d 1359 (S.D. Fla. 2009) ...................................................................... 8

*Safeco Ins. Co. of Am. v. Burr*,
  551 U.S. 47 (2007) ............................................................................................. 8, 11

*Seo v. CC CJV Am. Holdings, Inc.*,
  No. CV-11-0531 DDP (MRWx), 2011 WL 4946507 (C.D. Cal. Oct. 18, 2011) ......... 8, 11

*Sgaliordich v. Lloyd's Asset Mgmt.*,
   No. 1:10-cv-03669 (ERK), 2012 WL 4327283 (E.D.N.Y. Sept. 20, 2012) .................. 7, 9

*Vidoni v. Acadia Corp.*,
   No. 11-cv-00448-NT, 2012 WL 1565128 (D. Me. Apr. 27, 2012) ............................ 8, 10

CONSTITUTION

U.S. Const. art. III ................................................................................................. 12

STATUTES

Fair and Accurate Credit Transactions Act, Pub. L. 108-159, 117 Stat. 1952
   (amending the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*). ...................... *passim*

Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*. ........................................... *passim*

15 U.S.C. § 1681c(g)(1) ............................................................................................ 4

15 U.S.C. § 1681n(a) ........................................................................................... *passim*

15 U.S.C. § 1681o(a) ............................................................................................. 1, 4

RULES

Federal Rule of Civil Procedure 8 ............................................................................ 9

Federal Rule of Civil Procedure 12(b)(6) ...................................................... 1, 12, 13

Defendant ABP Corporation ("ABP"), by and through its undersigned counsel, respectfully submits this memorandum of law in support of its Motion to Dismiss Plaintiff Yehuda Katz's First Amended Complaint (the "Amended Complaint" or "Am. Compl.") with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

## PRELIMINARY STATEMENT

Plaintiff Yehuda Katz, a serial plaintiff, does not claim any actual damages in this case. He is therefore barred from asserting a claim for *negligent* violation of the Fair and Accurate Credit Transactions Act,  ("FACTA") under 15 U.S.C. § 1681o(a) and does not attempt to do so. The only claim Katz asserts is for an allegedly *willful* violation of FACTA under section 1681n(a).  This claim permits statutory damages but is subject to a higher standard than a claim for negligent violation, namely the requirement that he plead and ultimately prove facts establishing that the alleged violation was willful.  Plaintiff, however, alleges no such fact and the Amended Complaint should be dismissed under *Twombly* and *Iqbal*.

This putative class action is built on a well-worn template.  This time, Plaintiff names ABP as the defendant, briefly alleging a single purchase by Yehuda Katz at ABP's Au Bon Pain café at LaGuardia Airport on August 5, 2012, fifteen days before the complaint was filed.  As his counsel previously alleged on behalf of Yaakov Katz against other defendants in nearly verbatim complaints, Plaintiff asserts that the ABP receipt did not comply with FACTA's requirements to truncate the credit card number and expiration date.

That is, in sum and substance, the totality of Plaintiff's factual allegations with respect to ABP.  The rest of the allegations, which have been recycled from other complaints against other defendants, assert that FACTA's requirements have been well-publicized by the federal government, the credit card industry, and trade associations, and that many businesses are in

1

compliance with the statute. From this, Plaintiff asserts in conclusory fashion that ABP *willfully* failed to comply with FACTA's requirements.

These allegations do not and cannot state a plausible claim for a willful violation of FACTA under section 1681n(a). Under Plaintiff's approach, where he merely refers to publicity about FACTA and jumps to the conclusion that the alleged violation in this case must have been willful, every alleged violation of FACTA would be "willful," giving rise to statutory damages. Numerous courts have dismissed similar complaints, holding that generalized allegations about knowledge or industry compliance fail to state a plausible claim for willful violations of FACTA because it is just as likely, if not more likely, that any alleged violation was merely negligent.

The same is true here. With respect to ABP, Plaintiff alleges a single allegedly noncompliant receipt issued on August 5, 2012, and no more. He does not (and cannot) allege any facts suggesting that ABP was not in compliance with FACTA in the years after it became effective in 2006. Thus, this is not a case in which a merchant never complied with FACTA or refused to rectify a known violation. Plaintiff also alleges no plausible motive for ABP suddenly to start ignoring FACTA and risk incurring statutory damages, leading to the conclusion that any alleged noncompliance was a mistake, rather than a knowing or reckless act. The Amended Complaint alleges no facts to counter this conclusion, underscoring that Plaintiff has not stated and cannot state a plausible claim for willful violation.

Plaintiff has now had two opportunities to state a claim. After ABP demonstrated the deficiencies in the initial complaint, Plaintiff sought early amendment prior to full-blown motion practice. He took his best shot in filing the Amended Complaint, but it still fails to allege any facts suggesting willfulness. These deficiencies are fundamental and cannot be overcome. For

the reasons set forth below, the Amended Complaint should be dismissed with prejudice, and this case should be brought to an end.

## THE ALLEGATIONS OF PLAINTIFF'S AMENDED COMPLAINT AND PROCEDURAL HISTORY

### A.    The Parties

Plaintiff Yehuda Katz alleges that he is "a resident of this district."  (Am. Compl. ¶ 14). In the past two years, Plaintiff's counsel has filed at least 18 putative class actions on behalf of Yehuda Katz or Yaakov Katz.[1]

Defendant ABP Corporation is a Delaware corporation, which operates a number of stores, referred to as Au Bon Pain cafés, in the Eastern District of New York and elsewhere. (Am. Compl. ¶ 15).

### B.    Plaintiff's Sole Claim

Plaintiff's Amended Complaint, like his initial Complaint, alleges a single claim under FACTA, a statute which was enacted to combat identity theft.  Pub. L. 108-159, 117 Stat. 1952 (amending the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*).   FACTA's truncation

---

[1] These cases include:  *Yehuda Katz v. ATM of America, Inc.*, CV 12-7817 (RA) (S.D.N.Y); *Yehuda Katz v. Mid-Hudson Valley Federal Credit Union*, CV 12-5195 (ER) (S.D.N.Y.); *Yehuda Katz v. Bowlmor Times Square, LLC*, CV 12-5197 (RJS) (S.D.N.Y.); *Yehudah Katz v. Eataly USA L.L.C.*, CV 12-5002 (JGK) (S.D.N.Y.); *Yehudah Katz v. Capital One Bank (USA), NA*, CV 12-1085 (BSJ) (RLE) (S.D.N.Y.); *Yehudah Katz v. Delta Community Credit Union*, CV 12-1194 (WFK) (LB) (E.D.N.Y.); *Yehudah Katz v. Select-A-Branch ATM Network, LLC*, CV 12-1309 (SJ) (RML) (E.D.N.Y.); *Yaakov Katz v. Culver Narrows Beer Distributors, Inc.*, CV 12-4914 (FB) (VVP) (E.D.N.Y.); *Yaakov Katz v. The Schreiber Law Firm, LLC*, CV 11-2319 (RMB) (S.D.N.Y.); *Yaakov Katz v. Slice & Co. Fine Gourmet Brick Oven Pizza, Inc.*, CV 11-9411 (TPG) (S.D.N.Y.); *Yaakov Katz v. Extraordinary DVD Video Corp.*, CV 11-9391 (PAC) (S.D.N.Y.); *Yaakov Katz v. Bank Express International, Inc.*, CV 12-152 (JMF) (S.D.N.Y.); *Yaakov Katz v. M&T Bank Corporation*, CV 12-146 (KMW) (S.D.N.Y.); *Yaakov Katz v. Planet Smoothie Franchises LLC*, CV 12-149 (SAS) (S.D.N.Y.); *Yaakov Katz v. Sovereign Bank*, CV 12-151 (PKC) (S.D.N.Y.); *Yaakov Katz v. First Republic Bank*, CV 12-269 (BSJ) (RLE) (S.D.N.Y.); *Yaakov Katz v. Century 21 Stores*, CV 12-244 (BMC) (E.D.N.Y.); *Yaakov Katz v. Empire National Bank*, CV 12-5224 (LDW) (GRB) (E.D.N.Y.).

provision states that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction." 15 U.S.C. § 1681c(g)(1).

A merchant who negligently violates FACTA's truncation provision may be liable for any "actual damages [i.e., identity theft] sustained by the consumer as a result" of the violation. 15 U.S.C. § 1681o(a). Plaintiff does not attempt to plead a claim under that provision; indeed, Plaintiff does not allege any actual damages.

A merchant who "willfully" violates FACTA may be liable for statutory damages of "not less than $100 and not more than $1,000." 15 U.S.C. § 1681n(a). Plaintiff sues only under this provision, which requires Plaintiff to establish willfulness and thus, in order to survive a motion to dismiss, to plead facts plausibly alleging that the defendant willfully violated FACTA.

### C.     Plaintiff's Initial Complaint

Plaintiff's initial Complaint (Dkt. No. 1), in a "Facts" section of one paragraph, alleged that on August 5, 2012, Plaintiff made a purchase at ABP's Au Bon Pain café at the JetBlue terminal at LaGuardia Airport and received a receipt – not attached to the initial complaint or subsequent Amended Complaint – that displayed the first four and last four digits of Plaintiff's sixteen-digit credit card number and the card's expiration date. (Initial Complaint ¶ 17). Only fifteen days after his sole alleged transaction with ABP, Plaintiff filed this action on behalf of a putative class.

The initial 55-paragraph Complaint alleged no other facts specific to ABP, and none that would support a claim of a willful violation on ABP's part. The initial Complaint was virtually a verbatim copy of two other 55-paragraph complaints filed by Plaintiff's counsel on behalf of Yaakov Katz against other defendants. *See Katz v. Century 21 Stores, LLC*, CV 12-244 (SJ)

(MDG) (E.D.N.Y.) (Amended Complaint) (Dkt. No. 3); *Katz v. Culver Narrows Beer Distributors, Inc.*, CV 12-4914 (FB) (VVP) (E.D.N.Y.) (Complaint) (Dkt. No. 1).

###    D.    ABP Requested Permission To Move To Dismiss The Initial Complaint And Plaintiff Responded By Requesting Permission To Amend.

On November 9, 2012, ABP submitted a pre-motion conference letter to the Court requesting permission to file a motion to dismiss and demonstrating that the initial Complaint failed to plausibly allege that ABP committed a "willful" violation of FACTA. (Dkt. No. 7). In response, Plaintiff sought permission to amend the pleading *prior to* motion to dismiss practice, implicitly acknowledging the deficiency of the initial Complaint. (Dkt. No. 8). ABP notified the Court that it did not oppose Plaintiff's request to amend, but stated that after submitting an amended complaint, "Plaintiff should be required to stand on his second pleading – with no further amendments permitted." (Dkt. No. 9). Accordingly, Magistrate Judge Reyes granted Plaintiff's request to amend on November 21, 2012, and Plaintiff filed the Amended Complaint (Dkt. No. 12) on December 13, 2012.

###    E.    Plaintiff's Amended Complaint, Like His Initial Complaint, Fails To Plead Facts About ABP's Conduct.

Despite having been put on notice of the fundamental failure to plead facts plausibly alleging willfulness, Plaintiff failed to cure this deficiency in his Amended Complaint. Instead of adding facts about ABP, Plaintiff added *pro hac vice* counsel and this time copied *their* formulaic complaints. The vast majority of the paragraphs in the Amended Complaint are taken verbatim or with only slight modification from prior FACTA complaints filed by Plaintiff's new *pro hac vice* counsel against other defendants. *See Beson v. Park Nicollet Health Services*, CV 12-2171 (ADM) (JJK) (D. Minn.) (Complaint) (Dkt. No. 1); *Galloway v. The Kansas City Landsmen, L.L.C.*, CV 11-1020 (DGK) (W.D. Mo.) (Complaint) (Dkt. No. 1); *Jones v. Dickinson Theatres, Inc.*, CV 11-2472 (JTM) (KGG) (D. Kan.) (Complaint) (Dkt. No. 1); *Batchelder v.*

*Palmer's Food Company Inc.*, CV 11-259 (JEG) (CFB) (S.D. Iowa) (Complaint) (Dkt. No. 1); *Keith v. Back Yard Burgers of Nebraska, Inc.*, CV 11-135 (LSC) (FG3) (D. Neb.) (Complaint) (Dkt. No. 1).

The *only fact* alleged about ABP's conduct in the Amended Complaint is the same allegation made in the initial complaint about the receipt Plaintiff says he received from ABP. (Am. Compl. ¶¶ 22-23).  While the Amended Complaint's "FACTS" section is longer than the one-paragraph version in the initial Complaint, the remaining allegations are general in nature and present a boilerplate discussion of FACTA, identity theft, and various notices by credit card associations, trade groups, and the federal government about compliance with FACTA.  (*See* Am. Compl. ¶¶ 18-20, 24-51.)  Following this litany of general information, the "FACTS" section ends with the makeweight allegation that: "*On information and belief*, Defendants have failed to comply with FACTA's truncation requirements at all their retail locations throughout the class period."  (Am. Compl. ¶ 52) (emphasis added).  Plaintiff pleads no *information* that could support such a *belief*, and again no facts (nor could he).  Following the facts section, Plaintiff repeats the statutory language and offers the conclusory assertion that ABP "willfully" failed to comply with FACTA.  (Am. Compl. ¶ 58).  Plaintiff does not allege that he (or anyone else) suffered any damage.

## ARGUMENT

## PLAINTIFF FAILS TO STATE A CLAIM FOR WILLFUL VIOLATION OF FACTA UNDER 15 U.S.C. § 1681n(a).

Although the Amended Complaint repeatedly uses the word "willfully," it fails to plead any facts plausibly showing that ABP's alleged conduct was willful, as required by 15 U.S.C. § 1681n(a).  Plaintiff's use of the conclusory label "willfully" does not state a claim under *Twombly* and *Iqbal*.

A.    **The Governing Legal Standards Under *Twombly* And *Iqbal***

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[T]he plausibility standard . . . requires 'more than a sheer possibility that the defendant has acted unlawfully.'  Thus, where the facts alleged 'are merely consistent with a defendant's liability, [the complaint] stops short of the line between possibility and plausibility of entitlement to relief.'"  *Sgaliordich v. Lloyd's Asset Mgmt.*, No. 1:10-cv-03669 (ERK), 2012 WL 4327283, at *5 (E.D.N.Y. Sept. 20, 2012) (quoting *Iqbal*, 556 U.S. at 678).  All well-pleaded, non-conclusory allegations in the complaint are to be accepted as true.  *Id.* at *4.  But "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  Thus, a complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).  "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,' are insufficient to 'unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.'"  *Sgaliordich*, 2012 WL 4327283, at *5 (quoting *Iqbal*, 556 U.S. at 678–79).

B.    **The Amended Complaint Fails To Plead Facts Plausibly Alleging
      That ABP Willfully Violated FACTA.**

The Amended Complaint's factual allegations can be fairly distilled in a few words: *Plaintiff received an allegedly noncompliant receipt from ABP; FACTA's requirements have been well-publicized by the federal government, credit card associations, and trade associations;*

*most of ABP's business peers comply with FACTA*.  These sorts of unspecific allegations fall far

short of plausibly alleging a willful violation of FACTA.

Numerous courts have dismissed complaints with similarly vague, cookie-cutter

allegations for failing to state a plausible claim for a willful violation[2] of FACTA.  *See Vidoni v.*

*Acadia Corp.*, No. 11-cv-00448-NT, 2012 WL 1565128, at *4 (D. Me. Apr. 27, 2012) ("Merely

being aware of a statute, then, is insufficient to state a claim for willfulness.  In cases where the

Defendant is aware of a statute's requirements, the Plaintiff must also allege that there was

something more than a negligent violation, *i.e.* a voluntary, deliberate, or intentional violation.");

*Seo v. CC CJV Am. Holdings, Inc.*, No. CV-11-0531 DDP (MRWx), 2011 WL 4946507, at *2

(C.D. Cal. Oct. 18, 2011) ("The fact that information about FACTA was available to CJV does

nothing to support [Plaintiff's] naked assertion that CJV was notified of FACTA's provisions

and knowingly ignored them."); *Gardner v. Appleton Baseball Club, Inc.*, No. 09–C–705, 2010

WL 1368663, at *5 (E.D. Wis. Mar. 31, 2010) ("The 'fact' that other businesses comply with the

law is an assertion that could be leveled at *any* FACTA defendant, and thus in substance the

complaint merely alleges that the Defendant violated the statute, and the violation itself is

deemed sufficient evidence of willfulness.  Under *Iqbal* and *Twombly*, there has to be something

more.") (emphasis in original); *Huggins v. Spaclinic*, LLC, No. 09 C 2677, 2010 WL 963924, at

*2 (N.D. Ill. Mar. 11, 2010) ("Plaintiff alleges that FACTA's requirements were well-publicized

and that credit card companies required compliance with the statute, but these allegations are not

specific to the defendant."); *Rosenthal v. Longchamp Coral Gables LLC*, 603 F. Supp. 2d 1359,

1362 (S.D. Fla. 2009) ("That the Defendant acted more than 'negligen[tly] but less than [with]

---

[2] In construing the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. §§ 1681-1681x, which
FACTA amended and is part of, the Supreme Court defined "willfulness" as covering "not only
knowing violations . . . but reckless ones as well."  *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47,
57 (2007).

knowledge of the law's requirements' is not established by the mere fact that FACTA's requirements were well-publicized in the media and contained in Defendant's credit card agreements.").

For example, in *Gardner*, the court strongly criticized this boilerplate approach to pleading a willful violation of FACTA, holding that it could never state a claim:

> These same facts could be alleged against *any* alleged FACTA violator, and as such they are essentially boilerplate.  The essence of the complaint is: the Defendant violated the Act, some other businesses did not violate the act, therefore the Defendant's violation was willful.  No doubt Plaintiff's counsel could open the complaint in his word processor, delete the Appleton Baseball Club, and substitute any other defendant in its place without disturbing much of the rest of the complaint at all.  *Twombly* and *Iqbal* teach that such cut-and-paste jobs are not a substitute for real facts that plausibly "show," under Rule 8, that the Plaintiff is entitled to relief.  In other words, because there is nothing in the complaint to distinguish the willfulness of *this* Defendant from any other imaginable defendant, the complaint fails to satisfy Rule 8.

2010 WL 1368663 at *6 (emphases in original).

The allegations in the Amended Complaint are indistinguishable from the boilerplate, cut-and-paste allegations repeatedly rejected as insufficient to state a claim for a willful violation of FACTA.  As in these cases, Plaintiff has failed to allege facts sufficient "to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and the Court should conclude that Plaintiff's allegations are insufficient and grant this Motion to Dismiss.

### C.    The Allegations Of The Amended Complaint Are Far More Consistent With A Negligent Mistake Than With A Willful Violation Of FACTA.

Taking Plaintiff's only allegations of *fact* as true, the allegations about ABP's conduct are far more consistent with the possibility of a negligent mistake (if anything) than with a willful violation of FACTA.  *Iqbal* instructs that "where the facts alleged 'are merely consistent with a defendant's liability, [the complaint] stops short of the line between possibility and plausibility of

9

entitlement to relief'" and does not state a claim.  *Sgaliordich*, 2012 WL 4327283 at *5 (quoting *Iqbal*, 556 U.S. at 678).

Here, Plaintiff has not crossed the line of plausibility.  The Amended Complaint identifies a single allegedly noncompliant transaction on August 5, 2012.  It does not (and could not) allege any fact suggesting that ABP was not in compliance with FACTA in the years after it became effective, meaning this is not a case in which a merchant never complied with FACTA or refused to rectify a known violation.  *See Vidoni*, 2012 WL 1565128, at *5 (inference of willfulness was implausible where plaintiff "makes no claim that he alerted the Defendant to its FACTA violation prior to filing suit, much less that the Defendant continued in a course of non-compliance following any such communication.").  The lack of any alleged, much less plausible, motive for ABP to start violating FACTA also precludes a plausible inference of willfulness.  *Cf. Gardner*, 2010 WL 1368663, at *6 ("After all, what did [defendant] stand to gain by printing a few extra digits on a receipt for a hot dog and subjecting itself to potential liability of $100 to $1,000 for each transaction?  Although willfulness includes recklessness, there is no suggestion of a motive in the complaint at all.").

The only factual allegation Plaintiff offers to support an inference of willfulness is that a violation allegedly occurred.  That is plainly insufficient.  *See Gardner*, 2010 WL 1368663, at *6 ("Here there is simply no reason to infer willfulness merely because the violation occurred.").  *Cf. Gabriele v. American Home Mortg. Servicing, Inc.*, No. 12-985-cv, 2012 WL 5908601, at *6 (2d Cir. Nov. 27, 2012) (affirming dismissal of claim of intentional misrepresentation because the allegations concerning two false affidavits failed to "comprise strong circumstantial evidence of conscious misbehavior or recklessness, since it is just as plausible that [the affiants] made an honest mistake").

A recent decision from the Southern District of New York is directly on point. In *Perl v. Plains Commerce Bank*, No. 11 Civ. 7972 (KBF), 2012 WL 760401 (S.D.N.Y. Mar. 8, 2012), the court dismissed with prejudice a pair of amended complaints claiming a willful violation under Section 1681n because they "failed to provide any factual content in support of their otherwise conclusory assertions that defendants' violations were willful." *Id.* at *1. While the requirement allegedly violated in that case related to credit reports (another substantive provision within the FCRA), the court applied the same willful noncompliance statute (Section 1681n(a)) and the same applicable standards for pleading (*Twombly*/*Iqbal*) and willfulness (*Safeco Ins. Co. of America v. Burr*, 551 U.S. 47). The court instructed that to state a claim for a willful violation, "plaintiffs must allege facts related to defendants' state of mind, particularly facts that allow the Court to draw the reasonable inference that the alleged violations were knowing or reckless." *Perl*, 2012 WL 760401, at *1. While finding that plaintiffs had alleged failure to comply with the underlying statutory requirement, the court recognized that each "plaintiff's assertion that defendant's state of mind in doing so was willful is conclusory." *Id.* at *2. In dismissing with prejudice, the court held that "[t]he amended complaints lack any factual allegations establishing that the defendants *knew* they had no permissible purpose or *recklessly* disregarded their obligation to have a permissible purpose under the law. That is, it is just as possible, based on the factual allegations, that the defendant in each case made an innocent mistake." *Id.* at *2 (emphases in original, internal citation omitted). The same reasoning applies with full force to the Amended Complaint here.

Given the absence of any motive or reason to violate FACTA and the absence of facts suggesting willfulness, the existence of a noncompliant receipt is more consistent with a mistake, rather than a willful or deliberate violation. Because the conduct alleged in the Amended

Complaint is just as consistent, indeed more so, with a negligent mistake than a willful violation, Plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570; *see also Iqbal*, 556 U.S. at 680.  The Amended Complaint fails to plead a plausible claim of a willful violation of FACTA by ABP and should be dismissed under Rule 12(b)(6).

Plaintiff has now tried two times to state a viable claim against ABP and has failed both times.  A third attempt would be futile, as Plaintiff has no factual basis to plead a plausible claim, and the Amended Complaint should be dismissed with prejudice.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Leonelli v. Pennwalt Corp.*, 887 F.2d 1195, 1198-99 (2d Cir. 1989).[3]

---

[3] The Amended Complaint should also be dismissed because Plaintiff does not claim that he suffered any actual injury, and therefore he lacks standing under Article III of the United States Constitution and the Court lacks subject matter jurisdiction.  A "plaintiff must have suffered an 'injury in fact'" to have standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). ABP acknowledges that many courts have permitted Article III standing where Congress has created a statutory right to sue but no actual injury is claimed.  However, last term the United States Supreme Court granted certiorari and was poised to decide the issue of whether Congress can confer Article III standing absent actual injury.  Ultimately the Supreme Court "dismissed as improvidently granted" the writ in the particular case before it, *First American Financial Corp. v. Edwards*, No. 10-708, *cert. granted*, 131 S. Ct. 3022 (2011), *writ dismissed as improvidently granted*, 132 S. Ct. 2536 (2012), but this remains an important issue which the Supreme Court will likely address in the near future.

## CONCLUSION

For the foregoing reasons, Defendant ABP Corporation respectfully requests that the Court grant its Motion to Dismiss the First Amended Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6), and that the Court grant such other and further relief as the Court deems just and proper.

Dated: January 24, 2013                    Respectfully submitted,

                                           **GREENBERG TRAURIG, LLP**


                                           By:   /s/ Stephen L. Saxl
                                                 Stephen L. Saxl (*saxls@gtlaw.com*)
                                                 Roy Taub (*taubr@gtlaw.com*)
                                           MetLifeBuilding
                                           200 Park Avenue
                                           New York, New York 10166
                                           (212) 801-9200
                                           (212) 801-6400 (facsimile)

                                           *Attorneys for Defendant*
                                           *ABP Corporation*

13