UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                   :

YEHUDA KATZ,                     :
Individually and on behalf of a class,  :     Case No. 12 Civ. 4173 (ENV)(RER)
                                   :
                   Plaintiff,   :
                                   :
       -against-                :
                                   :
ABP CORPORATION and DOES 1-10,  :
                                   :
                 Defendants.  :
---------------------------------------------------------------x

## PLAINTIFF YEHUDA KATZ'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT ABP CORPORATION'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

SPENCER FANE BRITT & BROWNE LLP

Brian J. Christensen (*bchristensen@spencerfane.com*)
Bryant T. Lamer (*blamer@spencerfane.com*)
9401 Indian Creek Parkway
40 Corporate Woods, Suite 700
Overland Park, KS  66210
913-345-8100
FAX:  913-345-0736

THE LAW OFFICES OF SHIMSHON WEXLER, PC

Shimshon Wexler (*shimshonwexler@yahoo.com*)
P.O. Box 250870
New York, NY  10025

*Attorneys for Plaintiff Yehuda Katz*

**Served on February 12, 2013**

OP 718442.1

# TABLE OF CONTENTS

Page

I.      INTRODUCTION .............................................................................................1

II.     WILLFULNESS INCLUDES RECKLESSNESS, WHICH IS OBJECTIVELY
        MEASURED. ..................................................................................................2

III.    DEFENDANT'S CONDUCT WAS OBJECTIVELY UNREASONABLE
        UNDER FACTA. ..............................................................................................4

IV.     REQUIRING FACTUAL ALLEGATIONS OF SUBJECTIVE INTENT FOR
        RECKLESSNESS IS IN CONTRAVENTION OF HOLDING IN *SAFECO*. ...................7

V.      PLAINTIFF HAS SUFFICIENTLY ALLEGED THAT DEFENDANT KNEW IT
        WAS VIOLATING THE STATUTE. .......................................................................9

VI.     FACTA CONFERS PLAINTIFF STANDING TO OBTAIN RELIEF FOR
        DEFENDANT'S STATUTORY VIOLATION. .............................................................11

VII.    CONCLUSION ..............................................................................................13

OP 718442.1

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Alston v. Countrywide Financial Corp.*,
   585 F.3d 753 (3d Cir. 2009) ........................................................................................12

*Arcilla v. Adidas Promotional Retail Operations, Inc.*,
   488 F. Supp. 2d 965 (C.D. Cal. 2007) ...........................................................................4

*Bateman v. American Multi-Cinema, Inc.*,
   623 F.3d 708 (9th Cir. 2010) .........................................................................................6

*Buechler v. Keyco, Inc.*,
   No. WDQ–09–2948, 2010 WL 1664226 (D. Md. April 22, 2010) ...........................4, 5, 7, 11

*Edward B. Beharry & Co. Ltd. v. Bedessee Imports, Inc.*,
   No. 09–CV–0077 (DLI)(JMA), 2010 WL 1223590 (E.D.N.Y. March 23, 2010) ..................3

*Ehrheart v. Lifetime Brands, Inc.*,
   498 F. Supp. 2d 753 (E.D. Pa. 2007) ...........................................................................11

*Ehrheart v. Verizon Wireless*,
   609 F.3d 590 (3d Cir. 2010) ...........................................................................................6

*Engel v. Scully & Scully, Inc.*,
   279 F.R.D. 117 (S.D.N.Y. 2011) ...................................................................................11

*Follman v. Hospitality Plus of Carpentersville, Inc.*,
   532 F. Supp. 2d 960 (N.D. Ill. 2007).............................................................................5

*Gardner v. Appleton Baseball Club, Inc.*,
   No. 09–C–705, 2010 WL 1368663 (E.D. Wis. 2010) dismissed .............................8

*Hammer v. JP's Southwestern Foods, L.L.C.*,
   739 F. Supp.2d 1155 (W.D. Mo. 2010) .......................................................................11

*Hammer v. Sam's East, Inc.*,
   No. 08–0788–CV–W–HFS, 2012 WL 5380928 (W.D. Mo. Nov. 16, 2012)...............6, 7

*Hedlund v. Hooters of Houston*,
   CIV.A.2:08–CV45, 2008 WL 2065852 (N.D. Tex. May 13, 2008).......................11

*Huggins v. SpaClinic, LLC*,
   No. 09 C 2677, 2010 WL 963924 (N.D. Ill. Mar. 11, 2010)....................................9

i

*In re TJX Companies, Inc.*,
    2008 WL 2020375 (D. Kan. 2008) ............................................................................................ 11

*Korman v. Walking Co.*,
    503 F. Supp. 2d 755 (E.D. Pa. 2007) ................................................................................... 5, 11

*Kubas v. Standard Packing Corp.*,
    594 F. Supp. 2d 1029 (N.D. Ill. 2009) ................................................................................ 5, 11

*Long v. Tommy Hilfiger U.S.A., Inc.*,
    671 F.3d 371 (3d Cir. 2012) ............................................................................................... 3, 6, 7

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) ............................................................................................................... 12

*McClean v. Health Systems, Inc.*,
    No. 11–03037–CV–S–DGK, 2011 WL 2650272 (W.D. Mo. July 6, 2011) ........................... 3

*Perl v. Plains Commerce Bank*,
    No. 11 Civ. 7972(KBF), 2012 WL 760401 (S.D.N.Y. Mar. 8, 2012) ..................................... 9

*Ramirez v. MGM Mirage, Inc.*,
    524 F. Supp. 2d 1226 (D. Nev. 2007) ..................................................................................... 5

*Ramirez v. Midwest Airlines, Inc.*,
    537 F. Supp. 2d 1161 (D. Kan. 2008) ............................................................................ 4, 7, 11

*Rosenthal v. Longchamp Coral Gables LLC*,
    603 F. Supp. 2d 1359 (S.D. Fla. 2009) ................................................................................... 9

*Safeco Insurance Co. v. Burr*,
    551 U.S. 47 (2007) ........................................................................................................... passim

*Sanders v. W & W Wholesale Inc.*,
    No. 11 C 3557, 2011 WL 4840978 (N.D. Ill. Oct. 12, 2011) ............................................... 10

*Seo v. CC CJV American Holdings, Inc.*,
    No. CV 11–05031 DDP, 2011 WL 4946507 (C.D. Cal. Oct. 18, 2011) ................................. 8

*Shlahtichman v. 1–800 Contacts, Inc.*,
    615 F.3d 794 (7th Cir. 2010) ............................................................................................... 6, 7

*Simonoff v. Kaplan, Inc.*,
    No. 10 Civ. 2923(LMM), 2010 WL 4823597 (S.D.N.Y. Nov. 29, 2010) ............................... 6

*Steinberg v. Stitch & Craft, Inc.*,
    No. 09–60660–CIV, 2009 WL 2589142 (S.D. Fla. Aug. 18, 2009) ..................................... 11

OP 718442.1

*Stillmock v. Weis Markets, Inc.*,
   385 Fed.Appx. 267 (4th Cir. 2010) ........................................................................ 6

*Todd v. Target Corp.*,
   No. 10 CV 05598, 2012 WL 1080355 (N.D. Ill. Mar. 30, 2012) .............................. 5

*Troy v. Home Run Inn, Inc.*,
   No. 07 C 4331, 2008 WL 1766526 (N.D. Ill. Apr. 14, 2008) ........................... 4, 7, 11

*Van Straaten v. Shell Oil Products Co. LLC*,
   678 F.3d 486 (7th Cir. 2012) ......................................................................... 2, 5, 7

*Vidoni v. Acadia Corp.*,
   No. 11–cv–00448–NT 2012 WL 1565128 (D. Me. Apr. 27, 2012) ....................... 7, 8

## STATUTES

15 U.S.C. § 1681c(g) ...................................................................................... 1, 4, 5, 6

15 U.S.C. § 1681c(g)(1) ............................................................................................ 2

15 U.S.C. § 1681m(a) ............................................................................................... 4

15 U.S.C. § 1681n(a) ..................................................................................... 1, 2, 12

Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA") .................................. 1

FCRA ......................................................................................................... 3, 4, 6, 9

## OTHER AUTHORITIES

Federal Rule of Civil Procedure 12(b)(6) ............................................................... 1, 3

Following *Safeco's* .................................................................................................. 9

iii

Plaintiff Yehuda Katz ("Plaintiff"), by and through his undersigned counsel, respectfully submits this memorandum of law in opposition to Defendant ABP Corporation ("Defendant")'s Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant's Motion should be denied for the following reasons:

## I.   **INTRODUCTION**

In his First Amended Complaint,[1] Plaintiff alleges that Defendant violated the Fair and Accurate Credit Transaction Act ("FACTA") amendment, 15 U.S.C. § 1681c(g), to the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA") when it provided Plaintiff a credit card receipt at the point of sale at Defendant's LaGuardia Airport Jet Blue terminal location in New York, New York that contained the first four and last four digits of Plaintiff's MasterCard credit card and the expiration date. *See* First Amended Complaint ("Am. Compl."), ¶ 23. Plaintiff alleges that Defendant's conduct was a willful violation of the statute, thus entitling Plaintiff to statutory damages of no less than $100 and no more than $1,000 per violation, attorney's fees and costs, and punitive damages pursuant to 15 U.S.C. § 1681n(a).

Defendant argues that Plaintiff did not plead sufficient facts that Defendant acted willfully, and thus, that Plaintiff's First Amended Complaint should be dismissed pursuant to *Twombly* and *Iqbal*. Specifically, Defendant contends that Plaintiff did not include enough facts showing that Defendant acted willfully when it provided the offending receipt to Plaintiff to plausibly suggest that Defendant subjectively had that state of mind. Defendant's motion must be denied because it conflates the two bases for stating a claim for willfulness, which includes not only knowing violations but reckless ones as well. And specifically, in determining whether a defendant has acted *recklessly* in violating FACTA, its subjective state of mind is irrelevant. Defendant's motion to dismiss fails to address Plaintiff's allegations regarding Defendant's

---

[1] By filing a First Amended Complaint, Plaintiff does not concede that his original Complaint was deficient.

OP 718442.1

objectively unreasonable conduct under FACTA, focusing exclusively on whether Plaintiff stated sufficient facts related to Defendant's subjective intent.  Plaintiff has stated facts showing that Defendant acted recklessly under an objective standard.  Additionally, Plaintiff stated facts that plausibly suggest that Defendant knowingly violated the statute as well.  Therefore, Defendant's motion must be denied.

## II.   **WILLFULNESS INCLUDES RECKLESSNESS, WHICH IS OBJECTIVELY MEASURED.**

FACTA prohibits merchants from printing more than the last five digits of the credit or debit card or the credit or debit card's expiration date on a receipt provided at the point of sale or transaction. 15 U.S.C. § 1681c(g)(1). The relief available for a violation of this section depends on whether the merchant's failure to comply was negligent or willful.  If negligent, the liability is "any actual damages sustained by the consumer as a result of the failure." § 1681o(a). If the failure is willful, a plaintiff is entitled to actual damages or "[statutory] damages of not less than $100 and not more than $1,000." § 1681n(a).  A plaintiff may also recover reasonable attorney's fees and costs. §§ 1681o(a), 1681n(a).

Plaintiff seeks statutory damages; therefore, he must prove that Defendant's violation of FACTA was willful.  Defendant argues that Plaintiff's First Amended Complaint does not allege facts sufficient to show willfulness, focusing exclusively on whether Plaintiff alleged facts showing Defendant's subjective state of mind.  Defendant's analysis fails to properly apply binding Supreme Court precedent holding that Defendant's conduct must be measured objectively. *See Safeco Insurance Co. v. Burr*, 551 U.S. 47 (2007); *see also Van Straaten v.*

OP 718442.1

*Shell Oil Products Co. LLC*, 678 F.3d 486 (7th Cir. 2012); *Long v. Tommy Hilfiger U.S.A., Inc.*, 671 F.3d 371 (3d Cir. 2012).[2]

In *Safeco*, the Supreme Court held that willful violations of the Fair Credit Reporting Act – of which FACTA is a part – include "not only knowing violations of [the statute] but also reckless ones." *Id.* at 57. The Court looked to the common law definition of recklessness as conduct involving "an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Id.* at 69. The Court explained that unlike criminal recklessness—which requires the offender's subjective knowledge—civil recklessness is "objectively assessed." *Id.* at 68–69 & n. 18. Thus, the Court held that a company subject to FCRA acts in reckless disregard of the statute if its conduct "is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id.* at 69.

Accordingly, to state a claim that Defendant acted recklessly, Plaintiff was required to allege that Defendant's conduct of printing eight digits of Plaintiff's credit card number and the card's expiration date was "a violation under a reasonable reading of the statute's terms" and "shows that [Defendant] ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *See id.* Therefore, conduct that is a violation under an "<u>objectively</u> unreasonable" reading of the statute must be deemed a reckless, and therefore, "willful" violation. *Id.* (emphasis added). And pursuant to *Safeco*, Defendant's actual subjective knowledge of the statute or that its conduct was in violation of it is not relevant.

---

[2] Additionally, Defendant's argument appears to mandate a fact pleading requirement under Rule 12(b)(6); however, *Twombly* and *Iqbal* did not change federal pleading requirements in this regard. *See, e.g., Edward B. Beharry & Co. Ltd. v. Bedessee Imports, Inc.*, No. 09–CV–0077 (DLI)(JMA), 2010 WL 1223590, *3 (E.D.N.Y. March 23, 2010); *McClean v. Health Systems, Inc.*, No. 11–03037–CV–S–DGK, 2011 WL 2650272, *3 (W.D. Mo. July 6, 2011) (*Twombly* and *Iqbal* did not raise the standard to one of fact pleading).

OP 718442.1

*See id.* at 68-69 & n. 18 (noting difference between civil recklessness and criminal recklessness in that criminal recklessness requires subjective knowledge on the part of the offender while civil recklessness does not).

### III.   DEFENDANT'S CONDUCT WAS OBJECTIVELY UNREASONABLE UNDER FACTA.

In *Safeco*, the Court interpreted a provision of FCRA requiring notice to a consumer subjected to "adverse action . . . based in whole or in part on any information contained in a consumer [credit] report." 15 U.S.C. § 1681m(a).  The Court determined that while Safeco had violated the notice provision, its conduct was not reckless because it was based on a reasonable reading of a "less-than-pellucid statutory text" for which there was no authoritative guidance from the courts of appeal or the FTC. *Id.* at 69–70.

Unlike the provision at issue in *Safeco*, the FACTA provision that Defendant violated is clear and unambiguous.  It expressly provides that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction."  § 1681c(g).  Courts interpreting FACTA are virtually unanimous in concluding that it is unambiguous.  *See, e.g., Buechler v. Keyco, Inc.*, No. WDQ–09–2948, 2010 WL 1664226 (D. Md. April 22, 2010) (FACTA is "is unambiguous."); *Ramirez v. Midwest Airlines, Inc.*, 537 F. Supp. 2d 1161, 1172 (D. Kan. 2008) ("[The statute] could not be more clear in requiring merchants to omit all but the last five digits of a card number as well as the expiration date."); *Arcilla v. Adidas Promotional Retail Operations, Inc.*, 488 F. Supp. 2d 965, 970 (C.D. Cal. 2007) ("[Section] 1681c(g) . . . [has] only one reasonable meaning . . . a retailer must print no more than 5 digits of a card number, and also must omit the expiration date—doing either violates the statute."); *Troy v. Home Run Inn, Inc.*, No. 07 C 4331, 2008 WL 1766526, *3 (N.D.

4

OP 718442.1

Ill. Apr. 14, 2008) ("[U]nlike the statutory provision at issue in *Safeco*, the text of section 1681c(g) is unambiguous."); *Follman v. Hospitality Plus of Carpentersville, Inc.*, 532 F. Supp. 2d 960 (N.D. Ill. 2007) ("The plain meaning of the statute is that no merchant may print more than the last five digits of the card number, nor may they print the expiration date of the card on the receipt."); *Kubas v. Standard Packing Corp.*, 594 F. Supp. 2d 1029, 1032 (N.D. Ill. 2009); *Korman v. Walking Co.*, 503 F. Supp. 2d 755 (E.D. Pa. 2007); *Ramirez v. MGM Mirage, Inc.*, 524 F. Supp. 2d 1226 (D. Nev. 2007).

Defendant does not contend that printing eight digits from Plaintiff's credit card number and the expiration date was permissible under FACTA. Nor does Defendant contend that its conduct was in accordance with an erroneous but objectively reasonable interpretation of the statute and therefore merely negligent. In fact, Defendant's conduct has no basis in the statutory text. *See Buechler*, 2010 WL 1664226, *2 (applying *Safeco* to conclude defendant's conduct of printing expiration dates on receipts was objectively unreasonable under FACTA and therefore that plaintiff had sufficiently alleged willfulness); *Todd v. Target Corp.*, No. 10 CV 05598, 2012 WL 1080355 (N.D. Ill. Mar. 30, 2012) (applying *Safeco* to conclude that defendant's alleged conduct of intentionally[3] providing merchant copy to plaintiff that contained expiration date would be objectively unreasonable under FACTA and therefore willful). *Compare Safeco*, 551 U.S. at 50 (holding Safeco's conduct was in accord with an interpretation that had foundation in the statutory text and thus was not objectively unreasonable); *Van Straaten v. Shell Oil Products Co. LLC*, 678 F.3d 486 (7th Cir. 2012) (applying *Safeco* to conclude it was not objectively unreasonable interpretation of § 1681c(g) to print the last four digits of "account number" designated on the face of its proprietary credit and debit cards; FACTA prohibits printing more

---

[3] The issue was whether the receipt was intentionally provided, not whether defendant had any intent to improperly truncate the expiration date.

OP 718442.1

than last five digits of "card number"); *see also Shlahtichman v. 1–800 Contacts, Inc.*, 615 F.3d

794, 803–04 (7th Cir. 2010) (applying *Safeco* to hold it was not objectively unreasonable under §

1681c(g) to print expiration date on e-mailed receipt);   *Simonoff v. Kaplan, Inc.*, No. 10 Civ.

2923(LMM), 2010 WL 4823597, *3 (S.D.N.Y. Nov. 29, 2010) (same); *Long v. Tommy Hilfiger*

*U.S.A., Inc.*, 671 F.3d 371 (3d Cir. 2012) (applying *Safeco* to conclude it was not objectively

unreasonable under § 1681c(g) to print receipt showing expiration month of credit card, but not

expiration year, stating "Long's allegation about Hilfiger's actual knowledge or intent as to

FACTA's requirements is immaterial to the objective reasonableness analysis"); *Hammer v.*

*Sam's East, Inc.*, No. 08–0788–CV–W–HFS, 2012 WL 5380928, *3 (W.D. Mo. Nov. 16, 2012)

(applying *Safeco* to FACTA violation of printing membership numbers on receipts, stating

"'subjective bad faith' was not to be considered, but only an 'objectively unreasonable' reading

could justify an award for a willful violation").

Not only is FACTA's statutory text unambiguous, but the federal courts of appeals have

confirmed that FACTA prohibits Defendant's conduct in this case.  *See, e.g., Shlahtichman*, 615

F.3d at 795-96; *Bateman v. American Multi-Cinema, Inc.*, 623 F.3d 708, 711 (9th Cir. 2010);

*Stillmock v. Weis Markets, Inc.*, 385 Fed.Appx. 267, 268 (4th Cir. 2010); *Ehrheart v. Verizon*

*Wireless*, 609 F.3d 590, 592 (3d Cir. 2010).  Also, in May 2007, the Federal Trade Commission

issued a business alert informing businesses that "you may include no more than the last five

digits of the [credit and debit] card number, and you must delete the [credit and debit] card's

expiration date."  Am. Compl. ¶ 29. Visa, MasterCard, American Express and Discover impose

similar requirements on merchants who accept their cards. *Id.* ¶¶ 32-39.  Most of Defendant's

peers and competitors comply with FACTA. *Id.* ¶ 47.  Thus, unlike the FCRA provision at issue

in *Safeco*, FACTA's prohibition on doing exactly what Defendant did is clear.  Therefore, unlike

6

the defendants' violations of FACTA in *Van Straaten v. Shell Oil*, *Long v. Tommy Hilfiger*, and *Hammer v. Sam's East*, Defendant's actions were a violation under an objectively unreasonable interpretation of the statute.

Additionally, Defendant's publication of more than five digits of a credit card or debit card number and the expiration date increases the possibility of identity theft. Am. Compl. ¶ 24; *see also Shlahtichman*, 615 F.3d at 802 (stating that a paper receipt "produced at the point of sale . . . may be dropped, mislaid, or discarded by the consumer in any manner of public places where it easily can be retrieved and put to nefarious use"). Accordingly, Plaintiff has alleged facts showing not only that Defendant "ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless," but also that Defendant thereby increased the risk to Plaintiff and the members of the putative class. *See Safeco*, 551 U.S. at 69; *Buechler*, 2010 WL 1664226, at *2-3; *Ramirez*, 537 F. Supp. 2d at 1171 (holding FACTA is unambiguous and therefore denying defendant's motion seeking no willfulness finding); *Troy*, 2008 WL 1766526, *3 (same).

## IV. REQUIRING FACTUAL ALLEGATIONS OF SUBJECTIVE INTENT FOR RECKLESSNESS IS IN CONTRAVENTION OF HOLDING IN *SAFECO*.

Defendant relies on several cases dismissing FACTA complaints for failing to allege facts showing the defendant's subjectively reckless state of mind. These cases are not in accordance with the Supreme Court's holding in *Safeco* and should not be relied on. For instance, in *Vidoni v. Acadia Corp.*, No. 11–cv–00448–NT 2012 WL 1565128 (D. Me. Apr. 27, 2012), the court acknowledged that willfulness under FACTA includes both knowing and reckless violations pursuant to *Safeco*. *See id.* at *2. However, the court then failed to analyze whether the plaintiff had alleged that defendant's conduct of printing expiration dates on receipts was objectively unreasonable under the statute, and therefore reckless. Instead, the court

OP 718442.1

concluded that failing to truncate the expiration date did not increase the risk of identity theft when the card number is properly truncated.[4]   Thus, the court held that the plaintiff had not alleged recklessness. *Id.* at *5.

The court's conclusion was a misapplication of *Safeco*, which requires a court to analyze whether the defendant's conduct is not only a violation under a reasonable reading of the statute, but also shows that the defendant's risk of violating the law was "substantially greater than the risk associated with a reading that was merely careless." *Safeco*, 551 U.S. at 69.  The *Vidoni* court did not consider whether the act of printing expiration dates on receipts was objectively unreasonable under FACTA, as required by *Safeco*.  Accordingly, *Vidoni* should not be relied on in determining whether Plaintiff has alleged that Defendant's action of printing eight digits from Plaintiff's credit card <u>and</u> the expiration date was unreasonable under FACTA and therefore reckless.

Similarly, in *Seo v. CC CJV American Holdings, Inc.*, No. CV 11–05031 DDP (MRWx), 2011 WL 4946507 (C.D. Cal. Oct. 18, 2011), the court acknowledged that willfulness under FACTA includes both knowing and reckless violations but then failed to analyze them separately as two distinct concepts.  Rather, the court concluded that the plaintiff's allegations did not establish that the defendant knew about FACTA's requirements.  *Id.* at *2.  The court did not consider whether the defendant's conduct was in accordance with an objectively reasonable interpretation of FACTA.  Likewise, the court in *Gardner v. Appleton Baseball Club, Inc.*, No. 09–C–705, 2010 WL 1368663 (E.D. Wis. 2010) dismissed the plaintiff's complaint because he had not alleged "particularized facts about the defendant's intent." *Id.* at *5.  The court did not follow *Safeco's* holding that recklessness is to be assessed using an objective standard.

---

[4] Even if *Vidoni's* analysis was correct, in this case, Plaintiff has alleged, and can show, that printing more than 5 digits of the credit card number and the expiration date does increase the risk of identity theft – the very basis for the FACTA amendment.

OP 718442.1

Therefore, the court's conclusion that the mere fact of a violation does not itself establish willfulness is simply wrong where the conduct violating the statute is in accordance with an objectively unreasonable interpretation of the statute.[5]   And in *Perl v. Plains Commerce Bank*, No. 11 Civ. 7972(KBF), 2012 WL 760401, *1 (S.D.N.Y. Mar. 8, 2012), the court dismissed the plaintiff's complaint for not "alleg[ing] facts related to defendants' state of mind," also directly contrary to the holding in *Safeco*.   Similarly, the courts in *Huggins v. SpaClinic, LLC*, No. 09 C 2677, 2010 WL 963924 (N.D. Ill. Mar. 11, 2010) and *Rosenthal v. Longchamp Coral Gables LLC*, 603 F. Supp. 2d 1359 (S.D. Fla. 2009) failed to even consider whether the defendant's alleged FACTA violations in those cases were unreasonable pursuant to the statute's requirements using an <u>objective</u> standard.   None of the cases Defendant relies on applied the proper analysis in determining whether the plaintiff had stated a claim for recklessness. Following *Safeco's* holding that conduct that is objectively unreasonable under FCRA is willful, this Court must conclude that Plaintiff has sufficiently alleged that Defendant's conduct was willful.

## V.   <u>PLAINTIFF HAS SUFFICIENTLY ALLEGED THAT DEFENDANT KNEW IT WAS VIOLATING THE STATUTE.</u>

As discussed above, Defendant's motion conflates the reckless and knowing requirements of pleading willfulness by arguing that Plaintiff was required to plead facts showing Defendant's subjective state of mind to state a claim under either standard.   Plaintiff was not required to plead that Defendant knew it was violating the statute to plead Defendant's reckless violation.   And even if Plaintiff was required to do so to plead a knowing violation (or a

---

[5] Pursuant to *Safeco* and the Seventh's and Third Circuit's interpretation of *Safeco*, Defendant's recklessness, and therefore willfulness, can be found as a matter of law.  The fact that Plaintiff asserted similar complaints against other defendants for the same conduct is irrelevant.

OP 718442.1

reckless violation under Defendant's incorrect analysis), Plaintiff's allegations also meet this standard.

Plaintiff's First Amended Complaint contains numerous allegations that plausibly suggest that Defendant knew about FACTA's requirements and knowingly violated them anyway. In particular, Plaintiff alleges that FACTA's requirements have been widely publicized for years and that Defendant received those publications in the form of communications by the FTC; communications and contractual obligations from MasterCard, Visa, American Express and Discover; and communications from the National Restaurant Association and the National Retail Federation, among others. *See* Am. Compl. ¶¶ 29, 32-39, 41-45. Based on Defendant's receipt of FACTA's requirements from multiple sources for several years, Plaintiff alleges, and plausibly so, that Defendant knew about FACTA's requirements. *Id.* ¶ 46. Plaintiff further alleged the ease with which Defendant could have complied with FACTA had it devoted the necessary resources to meeting its obligations and the fact that most of Defendant's business peers have complied. *Id.* ¶¶ 47-50.

These facts thus plausibly suggest that not only did Defendant know about FACTA's requirements, but that it knew that it was not in compliance when it provided receipts to Plaintiff and members of the class containing eight digits of the credit or debit card and the card's expiration date. Further, even under Defendant's misinterpretation of the pleading requirements for recklessness, Plaintiff's allegations certainly suggest that Defendant recklessly disregarded its statutory obligations. Plausibly alleging Defendant's knowledge of the statute and its noncompliance does not require establishing, at this early stage, *why* Defendant chose to ignore its obligations. Defendant's motive can be determined through discovery. Accordingly, Plaintiff has stated a claim that Defendant willfully violated FACTA. *See, e.g., Sanders v. W & W*

OP 718442.1

*Wholesale Inc.*, No. 11 C 3557, 2011 WL 4840978, *2 (N.D. Ill. Oct. 12, 2011); *Buechler*, 2010 WL 1664226; *Kubas*, 594 F.Supp.2d 1029; *In re TJX Companies, Inc.*, 2008 WL 2020375, *2 (D. Kan. 2008); *Troy*, 2008 WL 1766526; *Steinberg v. Stitch & Craft, Inc.*, No. 09–60660–CIV, 2009 WL 2589142 (S.D. Fla. Aug. 18, 2009). (all denying motions to dismiss based on similar factual allegations).  Defendant's motion to dismiss should be denied.

## VI.    FACTA CONFERS PLAINTIFF STANDING TO OBTAIN RELIEF FOR DEFENDANT'S STATUTORY VIOLATION.

In a footnote, Defendant also contends that Plaintiff's First Amended Complaint should be dismissed for lack of standing because there are no allegations of actual harm.  Defendant's only basis to even make the argument is that the Supreme Court dismissed as improvidently granted a writ in a case that raised this standing issue.  The Court's dismissal of the writ provides no basis to dismiss Plaintiff's First Amended Complaint on standing grounds.  Defendant's argument has consistently been rejected by federal courts that have addressed this issue, which Defendant acknowledges.

FACTA plaintiffs have "a legally protected interest in being handed a receipt that omits certain of plaintiff's credit card information," *Hammer v. JP's Southwestern Foods, L.L.C.*, 739 F. Supp.2d 1155, 1162 (W.D. Mo. 2010).  Thus, "[v]iolation of that legally protected interest is a sufficient injury-in-fact to confer standing," even in the absence of allegations of actual damages. *Id.*; *see also Engel v. Scully & Scully, Inc.*, 279 F.R.D. 117, 123-24 (S.D.N.Y. 2011); *Hedlund v. Hooters of Houston*, CIV.A.2:08–CV45, 2008 WL 2065852, *3 (N.D. Tex. May 13, 2008); *Korman*, 503 F .Supp.2d at 759; *Ehrheart v. Lifetime Brands, Inc.*, 498 F. Supp. 2d 753, 755-56 (E.D. Pa. 2007); *Ramirez*, 537 F.Supp.2d at 1166-67; *Troy*, 2008 WL 1766526, *3.  Here, Plaintiff possesses the same statutorily protected interest through FACTA's clear requirement that Defendant provide customer receipts without certain credit card information.

OP 718442.1

The United States Supreme Court has made clear that for purposes of standing, an injury "'may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing . . .'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373 (1982) (emphasis in original)).

Moreover, the Act expressly provides that actual monetary damages are not a prerequisite to bringing suit, but instead non-compliance with the Act creates the plaintiff's standing:

> [a]ny person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of – (1)(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

15 U.S.C. § 1681n(a).  As set forth above, federal courts universally have interpreted this language to vest standing in FACTA plaintiffs whose allegations of harm solely are grounded in having been handed a customer receipt containing personal information prohibited by the Act. Likewise, courts have found injury-in-fact sufficient to confer standing for the violation of rights created by similar consumer protection statutes, even where the plaintiff did not suffer monetary damages. *See, e.g., Alston v. Countrywide Financial Corp.*, 585 F.3d 753, 762-63 (3d Cir. 2009) (finding standing under Real Estate Settlement Procedures Act and citing cases finding standing under various consumer protection statutes).

Plaintiff alleges that he used his credit card to make a purchase at Defendant's store, that Defendant provided Plaintiff with a cash register receipt labeled "CUSTOMER COPY," and that that receipt contained personal information prohibited by and in express violation of FACTA.  In light of the well-developed rule under FACTA permitting a plaintiff to proceed without allegations of actual monetary damages, these allegations are more than sufficient to establish that Plaintiff has sustained sufficient "injury in fact" to vest him with standing to maintain this suit, and Defendant's motion to dismiss should be denied.

OP 718442.1

## VII.   **CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's First Amended

Complaint should be denied.

Respectfully submitted,
SPENCER FANE BRITT & BROWNE LLP


Brian J. Christensen
(*bchristensen@spencerfane.com*)
Bryant T. Lamer (*blamer@spencerfane.com*)
9401 Indian Creek Parkway
40 Corporate Woods, Suite 700
Overland Park, KS  66210
913-345-8100
FAX:  913-345-0736

THE LAW OFFICES OF SHIMSHON
WEXLER, PC
Shimshon Wexler
(*shimshonwexler@yahoo.com*)
P.O. Box 250870
New York, NY  10025

*Attorneys for Plaintiff Yehuda Katz*

TO:

GREENBERG TRAURIG, LLP
Stephen L. Saxl (*saxls@gtlaw.com*)
Roy Taub (*taubr@gtlaw.com*)
MeLife Building
200 Park Avenue
New York, NY  10166
(212) 801-9200
(212) 801-6400 (facsimile)

*Attorneys for Defendant ABP Corporation*

13

OP 718442.1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
YEHUDA KATZ,                                    :
Individually and on behalf of a class,          :          Case No. 12 Civ. 4173 (ENV)(RER)
                                                :
                          Plaintiff,            :
                                                :
            -against-                           :          **AFFIDAVIT OF SERVICE**
                                                :
ABP CORPORATION and DOES 1-10,                  :
                                                :
                          Defendants.           :
-------------------------------------------------------------x

STATE OF _Missouri_      )
                         ) ss:
COUNTY OF _Jackson_      )

      Bryant T. Lamer, being duly sworn, deposes and says:

      1.    I am over the age of 18 years and reside in Kansas City, Missouri. I am not a party to this action.

      2.    On February 12, 2013, I served Plaintiff's Yehuda Katz's Memorandum Of Law In Opposition To Defendant ABP Corporation's Motion To Dismiss First Amended Complaint by e-mail and by First Class Mail, postage prepaid, upon the following counsel for Defendant:

GREENBERG TRAURIG, LLP
Stephen L. Saxl (_saxls@gtlaw.com_)
Roy Taub (_taubr@gtlaw.com_)
MeLife Building
200 Park Avenue
New York, NY  10166
(212) 801-9200
(212) 801-6400 (facsimile)

*Attorneys for Defendant ABP Corporation*

_____
                      Bryant T. Lamer

Sworn to before me this 12th day of February, 2013.

_____
Notary Public

               JULIE BAVUSO
           Notary Public - Notary Seal
            STATE OF MISSOURI
               Clay County
      My Commission Expires: 2/18/2016
          Commission # 12519868

OP 718442.1