UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

YEHUDA KATZ,
Individually and on behalf of a class,

Plaintiff,

-against-

ABP CORPORATION and DOES 1-10,

Defendants.

Case No. 12 Civ. 4173 (ENV) (RER)

**DEFENDANT ABP CORPORATION'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

GREENBERG TRAURIG, LLP
MetLife Building
200 Park Avenue
New York, New York 10166
(212) 801-9200
(212) 801-6400 (facsimile)

*Attorneys for Defendant*
*ABP Corporation*

**Served on February 27, 2013**

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........ ii

PRELIMINARY STATEMENT ........ 1

ARGUMENT ........ 3

PLAINTIFF FAILS TO STATE A CLAIM FOR WILLFUL VIOLATION OF FACTA UNDER 15 U.S.C. § 1681n(a).. ........ 3

A. Nothing In *Safeco* Excuses Plaintiff From The Requirement Under *Twombly* And *Iqbal* To Plead Facts Plausibly Alleging A Willful (As Opposed To A Negligent) Violation Of FACTA. ........ 3

B. The Amended Complaint Fails To Plead Facts Plausibly Alleging That ABP Knowingly or Recklessly Violated FACTA. ........ 9

CONCLUSION ........ 11

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........ *passim*

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ........ *passim*

*Buechler v. Keyco, Inc.*,
No. WDQ-09-2948, 2010 WL 1664226 (D. Md. Apr. 22, 2010) ........ 10

*Campbell v. Experian Info. Solutions, Inc.*,
No. 08-4217-CV-C-NKL, 2009 WL 3834125 (W.D. Mo. Nov. 13, 2009) ........ 4

*Farkash v. RJM Acquisitions Funding, Inc.*,
No. 12-CV-735 (ER), 2012 WL 1948643 (S.D.N.Y. May 29, 2012) ........ 8

*Fuges v. S.W. Fin. Servs., Ltd.*,
No. 11-4504, 2012 WL 6051966 (3d Cir. Dec. 6, 2012) ........ 5

*Gardner v. Appleton Baseball Club, Inc.*,
No. 09–C–705, 2010 WL 1368663 (E.D. Wis. Mar. 31, 2010) ........ 3, 8, 9, 10

*Huggins v. Spaclinic, LLC*,
No. 09 C 2677, 2010 WL 963924 (N.D. Ill. Mar. 11, 2010) ........ 3

*Konter v. CSC Credit Servs., Inc.*,
606 F. Supp. 2d 960 (W.D. Wis. 2009) ........ 4

*Lagrassa v. Jack Gaughen, LLC*,
No. 1:09-0770, 2011 WL 1257384 (M.D. Pa. Mar. 11, 2011) ........ 4, 9

*Long v. Tommy Hilfiger U.S.A., Inc.*,
671 F.3d 371 (3d Cir. 2012) ........ 7

*Murray v. New Cingular Wireless Servs., Inc.*,
523 F.3d 719 (7th Cir. 2008) ........ 4

*Obabueki v. Choicepoint, Inc.*,
236 F. Supp. 2d 278 (S.D.N.Y. 2002) ........ 4

*Perl v. Am. Exp.*,
No. 11 Civ. 7374 (KBF), 2012 WL 178333 (S.D.N.Y. Jan. 19, 2012) ........ 8

*Perl v. Am. Exp.*,
Nos. 12-CV-4380 (ER), 2012 WL 2711270 (S.D.N.Y. July 9, 2012) ........ 8

*Perl v. Plains Commerce Bank*,
No. 11 Civ. 7972 (KBF), 2012 WL 760401 (S.D.N.Y. Mar. 8, 2012) .............................. 8

*Reed v. Pfizer, Inc.*,
839 F. Supp. 2d 571 (E.D.N.Y. 2012) ................................................................... 7

*Rosenthal v. Longchamp Coral Gables LLC*,
603 F. Supp. 2d 1359 (S.D. Fla. 2009) ................................................................. 3

*Safeco Ins. Co. of Am. v. Burr*,
551 U.S. 47 (2007)............................................................................................ *passim*

*Sanders v. W & W Wholesale Inc.*,
No. 11 C 3557, 2011 WL 4840978 (N.D. Ill. Oct. 12, 2011).......................................... 10

*Sarver v. Experian Info. Solutions*,
390 F.3d 969 (7th Cir. 2004) ............................................................................. 4

*Seo v. CC CJV Am. Holdings, Inc.*,
No. CV-11-0531 DDP (MRWx), 2011 WL 4946507 (C.D. Cal. Oct. 18, 2011)............... 3

*Steinberg v. Stitch & Craft, Inc.*,
No. 09-60660-CIV, 2009 WL 2589142 (S.D. Fla. Aug. 18, 2009) ................................. 10

*TRW Inc. v. Andrews*,
534 U.S. 19 (2001)............................................................................................. 4

*Van Straaten v. Shell Oil Products Co. LLC*,
678 F.3d 486 (2012)........................................................................................... 7

*Vidoni v. Acadia Corp.*,
No. 11-cv-00448-NT, 2012 WL 1565128 (D. Me. Apr. 27, 2012) ............................... 3, 8

**STATUTES**

15 U.S.C. § 1681n(a) ........................................................................................ *passim*

15 U.S.C. § 1681o(a) ....................................................................................... 2, 3, 4

**RULES**

Federal Rule of Civil Procedure 12(b)(6) ............................................................... 1

Defendant ABP Corporation ("ABP"), by and through its undersigned counsel, respectfully submits this Reply Memorandum Of Law In Further Support Of Its Motion To Dismiss Plaintiff Yehuda Katz's First Amended Complaint (the "Amended Complaint") with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

**PRELIMINARY STATEMENT**

In its Memorandum of Law In Support Of Its Motion To Dismiss The First Amended Complaint ("Moving Mem."), ABP demonstrated that the Amended Complaint is a copy-and-paste pleading that fails to allege facts sufficient to state a plausible claim for willful violation of the Fair and Accurate Credit Transactions Act ("FACTA") under section 1681n(a), the only claim asserted in this case. Based on the allegations Plaintiff provided, it is just as likely, if not more likely, that any violation was merely negligent (at most), and thus Plaintiff fails to state a claim.

In his Memorandum of Law in Opposition ("Opposition" or "Opp."), Plaintiff does not dispute that the Amended Complaint copies the allegations of other complaints and points to no facts showing that the alleged violation of FACTA's truncation requirement was "knowing" or "reckless" and therefore "willful." Plaintiff responds with two arguments; both fail.

First, Plaintiff takes the remarkable position that, when asserting a claim for willful violation of FACTA, he need not plead facts to satisfy *Twombly* and *Iqbal*, and maintains that the numerous cases provided by ABP (where courts dismissed similar claims) were wrongly decided. This argument rests on the incorrect assertion that, under *Safeco Insurance Co. of America. v. Burr*, 551 U.S. 47 (2007), whenever a receipt fails to comply with an unambiguous statutory truncation requirement, the violation automatically "must be deemed a reckless, and therefore, 'willful' violation" because the noncompliant receipt poses a risk of identity theft. Opp. at 3. Plaintiff cites no law to support his novel theory, which is not surprising because it is based on a misreading of *Safeco*.

The *Safeco* Court did not hold that every violation of an unambiguous requirement is "reckless" and therefore "willful." If that were so, the Fair Credit Reporting Act ("FCRA") would become a strict liability statute – which the courts have emphatically held it is not – and the provision creating a cause of action for negligent violations (upon a showing of actual damages), 15 U.S.C. § 1681o(a), would be superfluous, as every violation would, under Plaintiff's theory, be deemed "willful." Rather, in *Safeco*, the Supreme Court created a safe harbor from liability for willful violations when a defendant advances an erroneous reading of the statute that is "not objectively unreasonable." 551 U.S. at 69-70. This defense is not at issue on this motion. Plaintiff tries to flip this judicially-conferred shield into a sword by arguing that, if a FACTA requirement is unambiguous, a finding of willfulness is mandated based merely on showing a violation. The *Safeco* decision provides no support for this novel view, and in fact undercuts it, as demonstrated below.

It is axiomatic that recklessness means something more than negligence, poses a higher hurdle, and requires facts showing recklessness, as several courts have held. Plaintiff brushes aside as "incorrectly decided" the numerous cases where courts have held that merely alleging a violation of the truncation requirement is insufficient to plead a plausible claim for a reckless or knowing violation. Opp. at 7-9. But nothing in *Safeco* excuses Plaintiff from the requirement under *Twombly* and *Iqbal* to provide facts plausibly showing a willful (as opposed to negligent) violation of FACTA. Here, as ABP has shown, Plaintiff alleges no facts that make a claim of reckless disregard plausible and the Amended Complaint should be dismissed.

Second, while on the one hand claiming that *Twombly* and *Iqbal* do not apply, Plaintiff also asserts, in conclusory fashion, that he did allege facts showing willfulness. But just saying it does not make it so. Plaintiff relies upon conclusory allegations about general awareness and industry compliance that he copied verbatim from other complaints. As ABP demonstrated in its Moving Memorandum, numerous courts have rejected this pleading-by-numbers approach, which is insufficient to state a claim for a willful violation of FACTA.

Plaintiff has now had two failed attempts to allege a plausible claim. His Opposition fails to suggest any way in which the Amended Complaint could be amended yet again to cure these fatal defects. Accordingly, the Amended Complaint should be dismissed *with prejudice*.

## ARGUMENT

## PLAINTIFF FAILS TO STATE A CLAIM FOR WILLFUL VIOLATION OF FACTA UNDER 15 U.S.C. § 1681n(a).

Contrary to his unsupported suggestion, Plaintiff is required to plead facts plausibly showing a willful violation of FACTA under 15 U.S.C. § 1681n(a), as opposed to a negligent violation under section 1681o(a). Nothing in *Safeco* excuses Plaintiff from that requirement. Plaintiff fails to plead any facts about ABP's conduct other a single alleged violation of the truncation requirement itself, and the Amended Complaint should be dismissed with prejudice.

### A. Nothing In *Safeco* Excuses Plaintiff From The Requirement Under *Twombly* And *Iqbal* To Plead Facts Plausibly Alleging A Willful (As Opposed To A Negligent) Violation Of FACTA.

In its Moving Memorandum, ABP demonstrated that Plaintiff's copy-and-paste Amended Complaint (Moving Mem. at 4-5, 5-6) failed to allege any facts specific to ABP other than a single alleged noncompliant receipt, and thus failed to allege a willful violation under *Twombly* and *Iqbal* because the allegations were just as consistent, if not more consistent, with a negligent violation (at most) than with a knowing or reckless violation. Moving Mem. at 7-12.

ABP relied on numerous decisions dismissing virtually identical complaints for failure to plead facts showing a knowing or reckless violation. *See* Moving Mem. at 8-9.[1] Plaintiff does not attempt to distinguish those cases. Rather, he offers the novel argument that all these cases were wrongly decided because each (supposedly) misapplied the Supreme Court's ruling in *Safeco*. Opp. at 7-9. But it is Plaintiff who misapplies *Safeco*.

---

1 *Vidoni v. Acadia Corp.*, No. 11-cv-00448-NT, 2012 WL 1565128, at *4 (D. Me. Apr. 27, 2012); *Seo v. CC CJV Am. Holdings, Inc.*, No. CV-11-0531 DDP (MRWx), 2011 WL 4946507, at *2 (C.D. Cal. Oct. 18, 2011); *Gardner v. Appleton Baseball Club, Inc.*, No. 09–C–705, 2010 WL 1368663, at *5 (E.D. Wis. Mar. 31, 2010); *Huggins v. Spaclinic, LLC*, No. 09 C 2677, 2010 WL 963924, at *2 (N.D. Ill. Mar. 11, 2010); *Rosenthal v. Longchamp Coral Gables LLC*, 603 F. Supp. 2d 1359, 1362 (S.D. Fla. 2009).

Plaintiff contends that, under *Safeco*, any alleged violation of an unambiguous statutory requirement is "reckless" and therefore willful. Opp. at 3. This novel theory is incorrect as a matter of law. As an initial matter, Plaintiff's theory would transform the FCRA (which includes FACTA) into a strict liability statute, where a violation of an unambiguous provision would automatically result in liability, even though a showing of willfulness under § 1681n(a) or negligence under § 1681o(a) is required by the two statutory provisions providing for a private right of action. Numerous courts have emphatically rejected the characterization of the FCRA as imposing strict liability, before and after *Safeco*.[2] Plaintiff's novel theory should be rejected on this ground alone.

In addition, Plaintiff fundamentally misreads *Safeco*. The Supreme Court did not hold in *Safeco* that a defendant recklessly (and therefore willfully) violates the FCRA simply by violating unambiguous underlying requirements. Under Plaintiff's theory, there would be no meaning to the willfulness requirement and it would have been superfluous for Congress to have created a cause of action (limited to "actual damages sustained by the consumer") for the lower standard of a negligent violation. *See* 15 U.S.C. §1 681o(a). Such an interpretation cannot be accepted under basic canons of statutory construction. *See TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) ("It is a cardinal principle of statutory construction that a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.") (internal quotations omitted). Plaintiff's position also runs afoul of the oft-repeated observation that recklessness means "something more than negligence but less than knowledge of the law's requirements." *Murray v. New Cingular Wireless Servs., Inc.*, 523 F.3d 719, 726 (7th Cir. 2008).

---

2 *See*, *e.g.*, *Sarver v. Experian Info. Solutions*, 390 F.3d 969, 971 (7th Cir. 2004) ("[T]he FCRA is not a strict liability statute."); *Lagrassa v. Jack Gaughen, LLC*, No. 1:09-0770, 2011 WL 1257384, at *5 (M.D. Pa. Mar. 11, 2011) (rejecting plaintiff's argument that a "single violation of the FCRA, without more, amounts to willful noncompliance . . . . because the FCRA is not a strict liability statute"); *Campbell v. Experian Info. Solutions, Inc.*, No. 08-4217-CV-C-NKL, 2009 WL 3834125, at *4 (W.D. Mo. Nov. 13, 2009) ("[c]ourts have emphatically held that the FCRA does not impose strict liability"); *Konter v. CSC Credit Servs., Inc.*, 606 F. Supp. 2d 960, 971 (W.D. Wis. 2009) ("Again, the Act is not a strict liability statute."); *Obabueki v. Choicepoint, Inc.*, 236 F. Supp. 2d 278, 285 (S.D.N.Y. 2002) ("the FCRA is not a strict liability statute").

Plaintiff also fails to recognize that, in *Safeco*, the Supreme Court was answering the question of whether defendant's "misreading of the statute was … reckless." 551 U.S. at 71. In opposing summary judgment, the defendant had taken the position that its interpretation of the FCRA was correct. After ruling that defendant's interpretation was not correct, and that willfulness included recklessness, the Supreme Court created a safe harbor from liability for willful violations when a defendant advances a "reading of the statute [that], albeit erroneous, was not objectively unreasonable," such as if the terms of the statute were unclear or ambiguous. *Id.* at 69-70.

Plaintiff takes *Safeco* out of context, making it the centerpiece of the Opposition. In *Safeco*, the Supreme Court created a defense or safe harbor *against* liability. *See*, *e.g.*, *Fuges v. S.W. Fin. Servs., Ltd.*, No. 11-4504, 2012 WL 6051966, at *4 (3d Cir. Dec. 6, 2012) ("The Court [in *Safeco*] thus established a safe harbor against liability for willfulness."). Plaintiff, however, seeks to create a rule that is the converse: where a defendant does not or cannot invoke the safe harbor, its liability for willful violation automatically follows from a violation of the underlying statutory truncation requirement because a violation could pose a risk of harm. That, of course, is not what the Supreme Court held.

*Safeco* simply adopts the common law definition of recklessness as "action entailing 'an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" 551 U.S. at 68 (citation omitted). Plaintiff turns this standard on its head, asserting that, because every noncompliant receipt could pose a risk of harm (*i.e.*, identity theft), every noncompliant receipt is reckless (or knowing), as opposed to negligent (or less). Plaintiff's theory is contrary to law and common sense. In *Safeco*, the Court did not hold that every violation is reckless (or knowing). Rather, the Court made clear the focus is on the particular defendant's "action" leading to the alleged violation and whether that action was reckless. In contrast, Plaintiff incorrectly focuses on the end result (here, an allegedly noncompliant receipt), rather than the action leading to it, jumping to the incorrect conclusion that the end result means the defendant's action was reckless.

An example illustrates the point. Crashing into another car (the end result) obviously poses a "high risk of harm." But the end result itself tells us nothing about whether the driver's conduct was reckless. To determine recklessness, the focus, as the Supreme Court indicated, is on the defendant's actions or conduct. If the crash occurred because the brakes malfunctioned for the first time, the driver's action was not reckless and may not even have been negligent. Thus, contrary to Plaintiff's unsupported theory, one cannot conclude that a defendant's conduct was a reckless violation of FACTA simply by pointing to the end result (an allegedly noncompliant receipt).

Similarly, when the Court in *Safeco* refers to civil recklessness being "objectively assessed" or measured by an "objective standard," 551 U.S. at 68-69, the Court was invoking the common law test of whether the *conduct* giving rise to the violation is a gross deviation from the standard of care a reasonable person with the same knowledge would exhibit under the same circumstances. *Id.* at 69. *See also* W. Keeton, *et al.*, *Prosser and Keeton on Law of Torts* § 34, at 214 (5th ed.1984) ("'[R]eckless' conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent."). Thus, the question is whether a defendant's alleged conduct was objectively "reckless" under the particular circumstances (including what the defendant knew), as opposed to negligent or something less. That is why courts have required parties to plead facts – rather than just the mere existence of the alleged violation – establishing recklessness under FACTA. Moving Mem. at 8-11.

Contrary to Plaintiff's unsupported assertion that a defendant's knowledge and state of mind are "irrelevant," the circumstances, including what the defendant knew in connection with the action leading to the alleged violation, remain relevant to the determination of whether conduct was reckless. *Safeco* itself quotes the Restatement (Second) of Torts § 500, at 587 (1963-1964), in defining "reckless disregard of a person's physical safety" as considering whether the defendant "*intentionally* fails to do an act" and acted "*knowing or having reason to know* of facts which would lead a reasonable man to realize" the risk of the "actor's conduct." 551 U.S. at 69 (emphases

added).[3] In fact, *Safeco* provides that a defendant's state of mind is irrelevant *only* "[t]o the extent that . . . evidence of subjective bad faith can support a willfulness finding even when the company's reading of the statute is objectively reasonable," because the safe harbor for a reasonable interpretation applies "whatever [defendant's] subjective intent may have been." *Id.* at 70, n.20. But absent the successful invocation of that defense[4] – which, as Plaintiff acknowledges (Opp. at 5), ABP is not asserting in this Motion – the defendant's knowledge and state of mind remain relevant.[5] Plaintiff mistakenly seeks to assess only the alleged end result, concluding that a single noncompliant receipt is necessarily objectively unreasonable, without acknowledging that the issue is whether the *conduct* leading to an alleged noncompliant receipt was reckless.[6]

Nothing in *Safeco* displaces the requirement that Plaintiff plead facts plausibly showing that ABP acted knowingly or recklessly.[7] Four decisions recently issued by the Southern District of New York are particularly instructive. Moving Mem. at 11. In those cases – which Plaintiff

[3] Thus, in the hypothetical above, it would of course be relevant in determining recklessness whether the driver *intentionally* failed to fix broken brakes, or *knew or had reason to know* that the brakes were faulty. Contrary to Plaintiff's misguided focus on the end result – here, an allegedly noncompliant receipt – the issue is not whether the driver knew that a car crash posed a risk of harm, but whether the driver acted recklessly in bringing about the car crash.

[4] Plaintiff cites decisions from the Third and Seventh Circuits as holding that recklessness "can be found as a matter of law," (Opp. at 9 n.5), but in both cases, the Courts of Appeals held for the *defendant* based on the *Safeco* defense, which is not at issue on this motion to dismiss. *See Long v. Tommy Hilfiger U.S.A., Inc.*, 671 F.3d 371, 377 (3d Cir. 2012) (holding that *Safeco* foreclosed *plaintiff's* arguments over defendant's state of mind because the defendant had advanced an objectively reasonable interpretation of the statute that would allow the conduct in question); *Van Straaten v. Shell Oil Products Co. LLC*, 678 F.3d 486, 489-91 (2012) (defendant's interpretation of the statutory provision was not objective unreasonable).

[5] Plaintiff relies on decisions finding that the FACTA truncation requirement is "clear and unambiguous" to conclude that the alleged violation cannot be anything other than "objectively unreasonable." *See* Opp. at 4-7. But ABP is not now asserting the safe harbor defense, so whether the statute is "clear and unambiguous" is not at issue. As shown herein, Plaintiff still must plead facts plausibly alleging that ABP's conduct leading to the alleged violation was knowing or reckless, not merely negligent.

[6] If, as Plaintiff contends, the defendant's state of mind is irrelevant, the Supreme Court in *Safeco* would not have expressly left open the "possibility" "that good-faith reliance on legal advice should render companies immune to claims raised under § 1681n(a)" in the absence of the safe harbor. *Id.* at 70, n.20.

[7] Plaintiff appears to discount *Twombly* and *Iqbal* as effecting no change in pleading requirements. *See* Opp. at 3. But, as this Court has previously noted and as is well established, "*Twombly* quite clearly interpreted the language of Rule 8 as requiring allegations to be plausible." *Reed v. Pfizer, Inc.*, 839 F. Supp. 2d 571, 576 n.5 (E.D.N.Y. 2012) (Vitaliano, J.).

wrongly asserts are "directly contrary to the holding in *Safeco*" but which he fails to distinguish (Opp. at 9) – courts held that plaintiffs were required to allege facts related to defendants' state of mind to plead claims for knowing or reckless violations.[8] As in those cases, Plaintiff here fails to allege any facts demonstrating recklessness, thus requiring dismissal.

Plaintiff also criticizes *Vidoni v. Acadia Corp.*, 2012 WL 1565128, and other FACTA decisions for not complying with his distorted reading of *Safeco*, but those courts applied the law correctly. The *Safeco* defense (of an erroneous interpretation of an ambiguous statute) was not raised, and the court, which cited *Safeco* multiple times (*id.* at *2, *4, *5), explained that plaintiff must plead facts that plausibly demonstrate a state of mind more culpable than one consistent with mere negligence. In words applicable here, the court distinguished other cases in which the defendants' actions could "reasonably be interpreted as an inadvertent oversight," stating:

> [In those other cases,] [t]he plaintiffs . . . had all complained, sometimes multiple times, to the defendants about the errors in their credit reports prior to filing suit. By contrast, the Plaintiff here makes no claim that he alerted the Defendant to its FACTA violation prior to filing suit, much less that the Defendant continued in a course of non-compliance following any such communication. The Plaintiff's interaction with the Defendant in this case instead consists of a single transaction that the Plaintiff did not report to the Defendant.

*Id.* at *5; *see also id.* at *4 ("Plaintiff must also allege that there was something more than a negligent violation . . . ."); *Gardner*, 2010 WL 1368663, at *6 ("It is just as reasonable to infer that

---

8 *See Perl v. Am. Exp.*, Nos. 12-CV-4380 (ER), 12-CV-4796 (ER), 2012 WL 2711270, at *3 (S.D.N.Y. July 9, 2012) ("Mr. Perl alleges no facts that would establish that Defendants knew they had no permissible purpose or recklessly disregarded their obligation to have a permissible purpose under the law."); *Farkash v. RJM Acquisitions Funding, Inc.*, No. 12-CV-735 (ER), 2012 WL 1948643, at *3 (S.D.N.Y. May 29, 2012) ("Mr. Farkas has failed to allege any facts related to Defendants' state of mind when they allegedly obtained his credit reports."); *Perl v. Plains Commerce Bank*, No. 11 Civ. 7972 (KBF), 2012 WL 760401, at *2 (S.D.N.Y. Mar. 8, 2012) ("The amended complaints lack any factual allegations establishing that the defendants *knew* they had no permissible purpose or *recklessly* disregarded their obligation to have a permissible purpose under the law. That is, it is just as possible, based on the factual allegations, that the defendant in each case made an innocent mistake.") (citation omitted); *Perl v. Am. Exp.*, No. 11 Civ. 7374 (KBF), 2012 WL 178333, at *2 (S.D.N.Y. Jan. 19, 2012) (Court dismissed complaints that "failed to allege any facts related to defendants' state of mind when they allegedly initiated the 'hard' and/or 'soft pull(s)' on plaintiffs' credit reports. . . . Based on the allegations in the complaints, defendants' conduct could just as likely have been unintentional and so plaintiffs have failed to state a claim under Section 1681n.").

a company could [violate FACTA] negligently rather than willfully. Indeed, it is far more likely that the violation was merely negligent, if even that.").[9]

In sum, *Safeco* did not convert the willful violation provision of the FCRA into a strict liability statute. Nothing in *Safeco* excuses Plaintiff from the requirement under *Twombly* and *Iqbal* to plead facts plausibly alleging a knowing or reckless violation, as opposed to a negligent violation. Plaintiff cannot satisfy this requirement simply by alleging that a violation took place. *See Gardner*, 2010 WL 1368663, at *5 ("[I]n substance the complaint merely alleges that the Defendant violated the statute, and the violation itself is deemed sufficient evidence of willfulness. Under *Iqbal* and *Twombly*, there has to be something more."). The Amended Complaint should be dismissed.

**B. The Amended Complaint Fails To Plead Facts Plausibly Alleging That ABP Knowingly or Recklessly Violated FACTA.**

ABP's Moving Memorandum demonstrated that the Amended Complaint fails to plead facts that plausibly permit an inference that the alleged violation of FACTA was knowing or reckless. The Amended Complaint identifies a single allegedly noncompliant receipt issued on August 5, 2012 from one store, and nothing more. Plaintiff does not dispute ABP's point that he does not (and cannot) allege any fact suggesting that ABP was not in compliance with FACTA in the years after it became effective in 2006. Moving Mem. at 2 & 10. Thus, as ABP showed, this is not a case in which a merchant never complied with FACTA or refused to rectify a known violation. These allegations, which are all that Plaintiff provides, are more consistent with a negligent mistake (if anything) than with a willful violation of FACTA. Yet it would not be enough even if the allegations were "merely consistent with [ABP's] liability" under the higher showing of willfulness. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

9 The same pleading requirement applies in non-FACTA cases under the FCRA. *See*, *e.g.*, *Lagrassa*, 2011 WL 1257384, at *5 (finding single incident, at most, "amounts to negligence, not a knowing, intentional or reckless violation of the FCRA").

Plaintiff's Opposition, after (incorrectly) arguing at length that he need not plead any facts plausibly alleging willfulness, argues in the alternative that his allegations are sufficient. Opp. at 9-11. The Opposition, however, confirms that the only facts in the Amended Complaint that *could* relate to whether ABP knowingly violated or recklessly disregarded FACTA's truncation requirement are all generalized allegations about knowledge or industry compliance that have nothing to do with ABP in particular and that were taken verbatim from complaints in other cases. Opp. at 10. Significantly, Plaintiff does not dispute he copied the allegations in the Amended Complaint from other pleadings. Opp. at 9 n.5 ("The fact that Plaintiff asserted similar complaints against other defendants for the same conduct is irrelevant.").

ABP's Moving Memorandum (at 8-11) cited to numerous cases holding that these general allegations do not state a claim for a knowing or reckless violation of FACTA. These decisions make clear that a copy-and-paste approach to pleading, like Plaintiff admittedly employed here, could never "substitute for real facts that plausibly 'show,' under Rule 8, that the Plaintiff is entitled to relief." *Gardner*, 2010 WL 1368663, at *6. Plaintiff's only response to these cases is that they all misapplied *Safeco*. *See* Opp. at 7-9. But, for the reasons set forth above (Point A), Plaintiff is wrong. It is Plaintiff who misapplies *Safeco*, and the Amended Complaint should be dismissed.[10]

---

[10] Moreover, the cases Plaintiff cites without explanation, (Opp. at 10-11), to support the sufficiency of his copy-and-paste allegations cannot salvage his pleading. Three of the decisions pre-date *Iqbal*, which calls their validity into question. *Cf. Gardner*, 2010 WL 1368663, at *4-*5 (distinguishing pre-*Iqbal* cases on that basis because *Iqbal* "underscores the Supreme Court's seriousness about changing the requirements from conclusory notice pleading to a plausibility standard, and it clarified that the new requirements applied to all cases, not merely antitrust cases"). A fourth case was decided immediately after *Iqbal*, but did not cite it, and in any event the complaint included more specific allegations than those here. *Steinberg v. Stitch & Craft, Inc.*, No. 09-60660-CIV, 2009 WL 2589142, at *2 (S.D. Fla. Aug. 18, 2009). A fifth decision relied on specific allegations that the defendant "engaged in the FACTA violations in multiple store locations during two separate time periods," was specifically informed "by the company that provided [it] with the point-of-sale credit card terminals," and that "to print the receipts with the expiration dates, [defendant] needed to enter a special code on its own to add that feature to the receipts." *Sanders v. W & W Wholesale Inc.*, No. 11 C 3557, 2011 WL 4840978, at *2 (N.D. Ill. Oct. 12, 2011). The Amended Complaint here contains no such allegations to render willfulness more plausible than negligence. Finally, the remaining decision erroneously applied *Safeco*, presumably because the defendant sought to invoke the *Safeco* safe harbor and argued that FACTA's truncation requirement was ambiguous, an argument not at issue here. *See Buechler v. Keyco, Inc.*, No. WDQ-09-2948, 2010 WL 1664226, at *2 & n.3 (D. Md. Apr. 22, 2010).

## CONCLUSION

For the foregoing reasons, and the reasons set forth in ABP's Moving Memorandum, Defendant ABP Corporation respectfully requests that the Court grant its Motion to Dismiss the First Amended Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6), and that the Court grant such other and further relief as the Court deems just and proper.

Dated: February 27, 2013

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

By: /s/ Stephen L. Saxl

Stephen L. Saxl (*saxls@gtlaw.com)*
Roy Taub *(taubr@gtlaw.com)*
MetLife Building
200 Park Avenue
New York, New York 10166
(212) 801-9200
(212) 801-6400 (facsimile)

*Attorneys for Defendant*
*ABP Corporation*