*The Law Offices of Shimshon Wexler, PC*
*PO Box 250870*
*New York, New York 10025*
*Tel (212)760-2400*
*Fax (917)512-6132*
swexleresq@gmail.com

May 30th, 2013

VIA CM/ECF
Hon. Judge Vitaliano
U.S. District Court
225 Cadman Plaza East
Brooklyn NY 11201

RE:   Yehuda Katz, individually and on behalf of a class v. ABP Corporation

      E.D.N.Y. Case No. 12-CV-4173-ENV-RER

Dear Judge Vitaliano:

I am one of the attorneys for the Plaintiff in the above-entitled class action. Pending before Your Honor is Defendants' Motion to Dismiss the Amended Complaint. I am corresponding herein to file a short supplemental brief based upon the issuance of recent case law which provides further legal support for the Plaintiffs' opposition to the pending motion.

The facts of this case are as follows. Plaintiff purchased food at an Au Bon Pain ("ABP Corp.") location located at La Guardia Airport. Following his transaction Defendant gave to plaintiff an electronically generated credit card receipt which contained the first four digits as well as the last four digits of plaintiff's credit card number in addition to the expiration date of his credit card.

The Amended Complaint alleges violations of the Fair and Accurate Credit Transactions Act ("FACTA"). Plaintiff claims that the defendant willfully violated the statute. The statute provides that "No person that accepts credit cards or debit cards for the transaction of business shall print shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or the transaction." 15 U.S.C. 1681c(g). The statute provides damages of not less than $100 and not more than $1000 in statutory damages for each willful violation. 15 U.S.C. 1681n(a)(1)(A).

The allegations concerning willfulness in the complaint include but are not limited to that Defendant was made aware by several third parties of its obligation to truncate credit and debit card account numbers and expiration dates, prior to the transaction at issue. In addition, in order for Defendant to accept certain credit cards, Defendant contractually agreed to truncate credit card expiration dates. Further, Defendant was the recipient of abundant information about FACTA's truncation requirements. Such allegations relate specifically to Defendant's knowledge of FACTA's truncation requirements and its reckless disregard of the same. If these well pleaded

allegations are credited, as they must be, the only reasonable inference is that Defendant was presented with information about FACTA from multiple sources and contractually agreed to comply with its requirements, yet still printed noncompliant receipts. These allegations present a plausible claim that Defendant willfully violated FACTA.

Defendant does not argue that its conduct was not a prima facie violation of the statute. Rather, Defendant's Motion to Dismiss is based entirely on whether Plaintiff sufficiently alleged that the violation was "willful," which is relevant because statutory damages are only available for willful violations.

The recent case law to which I referred heretofore herein is *Dover v. Shoe Show, Inc.* 2013 U.S. Dist. LEXIS 59418 (W.D. PA. Mar. 19, 2013). I include a copy of the Magistrate Judge's decision herewith as Exhibit A. The merchant argued that Plaintiff did not allege a "willful" violation. However, the *Dover* Court held that "the Complaint does allege sufficient publicity and guidance from credit card processors to place a sophisticated retailer with over 1,000 stores on notice of its obligations under FACTA. Finally, the Complaint alleges that nearly a decade after the passage of FACTA, despite being aware of FACTA's requirements, Defendant has not complied with the clear requirement to remove expiration dates from consumer receipts. In light of these contentions, the Court finds that the Complaint sufficiently alleges that Defendant's violation of FACTA was either knowing or reckless to satisfy the plausibility standard set forth in *Twombly* and *Iqbal*." This decision was adopted by the District Judge over the objections of the Defendant. I include a copy of the decision as Exhibit B.

I thank the Court for its attention to this matter.

Respectfully Submitted,

Shimshon Wexler

SPENCER FANE BRITT & BROWNE LLP

Brian J. Christensen KS# 16528
Bryant T. Lamer KS# 22722
9401 Indian Creek Parkway
40 Corporate Woods, suite 700
Overland Park, KS 66210
913-345-8100
913-345-0736 (fax)

Cc: All Counsel of Record via CM/ECF