

Stephen L. Saxl
Tel.: (212) 801-2184
Fax: (212) 805-9371
saxls@gtlaw.com

June 3, 2013

**VIA ECF**

The Honorable Eric N. Vitaliano
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:   *Yehuda Katz v. ABP Corporation*, CV 12-4173 (E.D.N.Y.) (ENV) (RER)

Dear Judge Vitaliano:

      We represent Defendant ABP Corporation ("ABP") in the above-referenced action, and write in response to Plaintiff's supplemental letter brief dated May 30, 2013 (Dkt. No. 25). The only supplemental authority Plaintiff offers is a non-controlling decision issued two months ago in the Western District of Pennsylvania. That decision fails to rebut any of the points made or authorities cited in ABP's Memorandum of Law in Support of Its Motion to Dismiss the First Amended Complaint (Dkt. No. 21) and ABP's Reply Memorandum (Dkt. No. 23).

      Most of Plaintiff's letter brief is devoted not to the supplemental authority (addressed only in the letter's final paragraph), but to an attempt to portray the boilerplate allegations of Plaintiff's First Amended Complaint as specific to ABP. As ABP demonstrated, this is plainly inaccurate.

      The basis of ABP's Motion to Dismiss is Plaintiff's failure, in his "copy-and-paste" complaint, to allege facts sufficient to state a plausible claim for *willful*, as opposed to negligent, violation of the Fair and Accurate Credit Transactions Act ("FACTA"). As ABP demonstrated, contrary to the (mis)characterization in Plaintiff's supplemental letter brief (at p.1), the First Amended Complaint does *not* contain allegations that "relate specifically to Defendant's knowledge of FACTA's truncation requirements and its reckless disregard of the same." Indeed, the only well-pleaded factual allegations specific to ABP concern its address and state of incorporation, that it "operates a number of stores in the Eastern District of New York," and a single purchase by Plaintiff that allegedly resulted in a single non-compliant receipt at ABP's Au Bon Pain café at LaGuardia Airport on August 5, 2012, fifteen days before he filed his initial complaint. Plaintiff otherwise relies on generalized allegations that could apply to any business that accepts credit cards, and are by no means specific to ABP, in asserting that ABP has "willfully" failed to comply with FACTA.

      ABP's moving and reply papers cited numerous court decisions that rejected similarly meager and generalized complaints under FACTA and the Fair Credit Reporting Act ("FCRA") as falling far short of the pleading requirements of *Twombly* and *Iqbal* because even "[i]n cases where the Defendant is aware of a statute's requirements, *the Plaintiff must also allege that there was something more than a negligent violation, i.e.* a voluntary, deliberate, or intentional violation." *Vidoni v. Acadia Corp.*, No. 11-cv-00448-NT, 2012 WL 1565128, at *4 (D. Me. Apr. 27, 2012) (emphasis added). Among the numerous decisions ABP cited on this central point are four *Perl*

decisions recently issued by the Southern District of New York holding that plaintiffs were required to allege facts related to defendants' state of mind to plead claims for knowing or reckless violations of the FCRA. *See* Reply Mem. at 7-8 & n.8.[1]

The supplemental authority proffered by Plaintiff, *Dover v. Shoe Show, Inc.*, 2013 U.S. Dist. LEXIS 59418 (W.D. Pa. Mar. 19, 2013), does not address any of those decisions, let alone distinguish them. Significantly, the *Dover* decision contains no analysis whatsoever as to whether bare allegations of a single non-compliant receipt are as consistent with a negligent mistake (if anything) as with a willful violation of FACTA. This analysis is mandated by the Supreme Court's instruction that "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). Plaintiff's First Amended Complaint does not reach that point of plausibility.

To the extent Plaintiff relies upon *Dover*'s reference to the defendant being a "sophisticated retailer with over 1,000 stores" to somehow blur that inquiry, that reliance would be mistaken. ABP has but a small fraction of the number of retail locations that the defendant in *Dover* had and, in any event, having a large number of retail locations is not a proxy for willfulness (as opposed to negligence or something less). Moreover, there are no allegations in the First Amended Complaint as to these matters, and "[i]t is axiomatic . . . that a plaintiff cannot amend a complaint with new allegations contained in an opposition to a motion to dismiss." *CAC Group, Inc. v. Maxim Group, LLC*, No. 12 Civ. 5901(KBF), 2012 WL 4857518, at *1 n. 1 (S.D.N.Y. Oct. 10, 2012).

Finally, *Dover* does not support Plaintiff's principal argument in his previously filed Opposition: that a FACTA or FCRA violation, in and of itself, is objectively unreasonable and that alone is sufficient for a showing of willfulness. ABP demonstrated that Plaintiff's argument was based on an erroneous reading of *Safeco Insurance Co. of America. v. Burr*, 551 U.S. 47 (2007). Indeed, *Dover* (at p.5 & n.1) confirms that the *Safeco* safe harbor for an "objectively reasonable" interpretation is a separate defense (not at issue in that case or on this Motion). Plaintiff's argument, which is not mentioned in the letter brief and appears to have been abandoned, was Plaintiff's only response to *Vidoni*, the *Perl* cases, and numerous other decisions relied on by ABP. Plaintiff still has no other response to those decisions, and *Dover* is of no assistance to Plaintiff.

Nothing in Plaintiff's supplemental letter brief or new authority undermines the arguments advanced by ABP in support of its Motion to Dismiss the First Amended Complaint with prejudice.

Respectfully submitted,<br>
GREENBERG TRAURIG, LLP<br><br>
By: _____<br>
Stephen L. Saxl

cc: All Counsel of Record (by ECF)

---

[1] These decisions also include: *Seo v. CC CJV Am. Holdings, Inc.*, No. CV-11-0531 DDP (MRWx), 2011 WL 4946507 (C.D. Cal. Oct. 18, 2011); *Gardner v. Appleton Baseball Club, Inc.*, No. 09-C 705, 2010 WL 1368663 (E.D. Wis. Mar. 31, 2010); *Huggins v. Spaclinic, LLC*, No. 09 C 2677, 2010 WL 963924 (N.D. Ill. Mar. 11, 2010); *Rosenthal v. Longchamp Coral Gables LLC*, 603 F. Supp. 2d 1359 (S.D. Fla. 2009).