UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
YEHUDA KATZ,
  individually and on behalf of a class,

                                    Plaintiff,

          -against-

ABP CORPORATION and DOES 1-10,

                                  Defendants.
------------------------------------------------------------- x

**MEMORANDUM AND ORDER**

12-CV-4173 (ENV)

**VITALIANO, D.J.**

      Plaintiff Yehuda Katz commenced this action against defendants ABP Corporation ("ABP" or "Au Bon Pain") and "Does 1-10" (unidentified individual officers, directors, employees and agents of ABP), alleging violations of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. ABP moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss. For the reasons set forth below, ABP's motion is denied.

### Background

      On August 5, 2012, plaintiff received a computer-generated cash register receipt at the Au Bon Pain establishment located in La Guardia Airport's Jet Blue terminal. (Amend. Compl. ¶ 22, Dkt. No. 12). The receipt stated at the bottom in bold letters "CUSTOMER COPY." It also included both the expiration date and first four and last four digits of plaintiff's credit card. (Id. at ¶ 23).

      This action spotlights the consumer credit transaction information disclosed on the receipt Katz alleges Au Bon Pain issued. He claims the disclosure by ABP violates a section of FACTA, 15 U.S.C. § 1681c(g), which provides that "[n]o person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction." Further, Katz claims that ABP's FACTA

noncompliance was willful, and thus mandates statutory damages of $100 to $1000 per violation, attorney's fees and expenses, and any other relief the Court might deem proper, including punitive damages. 15 U.S.C. § 1681(n); (Orig. Compl. ¶55).

On December 13, 2012, with the consent of the Court, Katz filed an amended complaint, which did not discernibly alter the facts or claims alleged in the original complaint. Roughly two months later, on February 12, 2013, ABP filed the present motion to dismiss, arguing that plaintiff's complaint failed to plausibly plead a willful violation of FACTA.

## **Standard of Review**

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." This rule does not compel a litigant to supply "detailed factual allegations" in support of his claims, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007), "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 667, 129 S. Ct. 1937, 1949 (2009). "A pleading that offers 'labels and conclusions' . . . will not do." Id. (quoting Twombly, 550 U.S. at 555); see also In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007). "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

Moreover, under Rule 12(b)(6), a complaint must be dismissed if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Determining plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.

That said, "a complaint need not pin plaintiff's claim for relief to a precise legal theory" nor provide "an exposition of his legal argument." Skinner v. Switzer, 131 S. Ct. 1289, 1296 (2011). The focus is on the facts. Moreover, in analyzing well-pled facts, a court will draw all reasonable inferences in favor of their pleader. See Gorman v. Consol. Edison Corp., 488 F.3d 586, 591-92 (2d Cir. 2007). Further, on a motion to dismiss, a district court may only consider the pleading itself, documents that are attached to or referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, and matters of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002); Int'l Audiotext Network, Inc. v. Am. Tel.& Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995).

## Discussion

FACTA was passed in 2003 as an amendment to the FCRA. Fair and Accurate Credit Transactions Act of 2003, Pub.L. No. 108–159, § 1, 117 Stat.1952, 1952 (2003). Section 1681c(g) of FACTA imposes restrictions on the disclosure of credit and debit card information by those who accept such cards for point of sale commercial transactions. It provides:

> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.

15 U.S.C. § 1681c(g)(1) (2009).

FACTA § 1681n outlines civil liability for willful noncompliance, stating in part:

> Any person who *willfully* fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of—
>
> (1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000, whichever is greater;
> . . . .
> (2) such amount of punitive damages as the court may allow; and

3

> (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. . .

15 U.S.C. § 1681n (2009) (emphasis added).

Katz does not claim actual damages and seeks only the statutory damages of $100 to $1000 per violation, attorney's fees and costs. (Amend. Compl.¶ 68). He argues that the ABP receipt he received at ABP's La Guardia location violated FACTA because it contained eight digits of his credit card number and its expiration date. ABP argues that any purported violations of FACTA were not *willful*, and thus the company is not liable under § 1681n. (Def.'s Mem. at 7, Dkt, No. 21). ABP argues further that plaintiff did not include enough facts in his amended complaint to plausibly suggest that ABP had a willful state of mind. (Id.)

The scope of the term "willfulness" in FCRA statute was derivatively discussed by the Supreme Court in *Safeco Insurance Company of America v. Burr*. 551 U.S. 47 (2007).[1] In that case, consumers sued insurers for violation of FCRA § 1681m(a), which requires that notice be provided to any consumer subjected to "adverse action . . . based in whole or in part on any information contained in a consumer [credit] report." Safeco, 551 U.S. at 52. In parallel language, FACTA and its parent statute, FCRA, pin civil liability to a showing of willfulness under § 1681n. *Cf.* id. The *Safeco* Court, more importantly, held that "willful" noncompliance with FCRA includes both knowing *and reckless* noncompliance. Id. (emphasis added). Plus, the Court held that a regulated entity cannot be in willful noncompliance when its interpretation of the statute is "not objectively unreasonable. . ." explaining that "a company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless."

---

[1] The *Safeco* Court ultimately concluded that Safeco's reading of FCRA [albeit incorrect] was not objectively unreasonable and therefore "falls well short of violating the statute necessary for reckless liability." Id. at 69.

4

Id. at 68-70, 69. There is no reason that the ratio of *Safeco* should not hold here.

Applying the methodology counseled in *Safeco*, Katz can state a plausible FACTA willful violation claim by first alleging ABP issued a receipt to him in connection with a consumer credit transaction—and that the receipt contained personal credit card identifiers prohibited by FACTA. Yet, such facts alone, of course, would not suffice and the pleading does not stop there. He alleges the receipt was issued from a cash register exclusively maintained, programmed, and operated by or solely at the request of ABP. It is reasonable to infer on such allegations that such is so and that ABP either intended, or recklessly permitted, such identifying information to appear on the receipt. *Safeco* teaches that either of these "states of mind"—reckless or intentional—can support a claim of willful violation of FACTA and that a complaint alleging such facts with the reasonable inferences they permit, satisfies the plausibility requirement of Rule 8(a)(2). *Safeco* also teaches that ABP might have a defense if it acted with a not unreasonable interpretation of the same FACTA language relied upon by Katz. Clearly, such a clash of facts is inappropriate for resolution on a Rule 12(b)(6) motion to dismiss, which requires all of the plaintiff's factual allegations be deemed true and all reasonable inferences be drawn in his favor.

## Conclusion

For the foregoing reasons, ABP's motion is denied.

So Ordered.

Dated: Brooklyn, New York
      May 31, 2013

                                              s/ ENV
                                    ERIC N. VITALIANO
                                    United States District Judge