# EXHIBIT B

## AGREEMENT OF SETTLEMENT

This Agreement of Settlement (the "Agreement"), dated this __31st__ day of March, 2014, is made by and among ABP Corporation, for itself and all persons or entities acting on its behalf or at its direction, including its Affiliates, (collectively, "Settling Defendant") on one hand, and Yehuda Katz ("Plaintiff"), for himself and all persons or entities acting on his behalf or at his direction and on behalf of the Class as defined in Section 1, Paragraph 4 below on the other hand (collectively, "Settling Plaintiffs") (all of the foregoing mentioned in this sentence are referred to collectively as the "Settling Parties," "Parties" or – singularly - a "Party").

WHEREAS, Settling Defendant, a Delaware Corporation, owns and operates a number of retail locations in the Eastern District of New York and elsewhere in the United States ("Retail Locations");

WHEREAS, Settling Plaintiffs and Class Members (as that term is defined below) are persons who made purchases that totaled $15 or more at one or more of Settling Defendant's Retail Locations, made payment by credit or debit card, and allegedly were provided printed computer generated receipts from Settling Defendant at the point of sale or transaction that contained the expiration date of Settling Plaintiffs' and Class Members' respective credit or debit card and/or contained more than five digits of Settling Plaintiffs' and Class Members' respective credit or debit card number;

WHEREAS, Settling Defendant is a defendant in a putative class action pending in the United States District Court for the Eastern District of New York (the "Court") captioned *Yehuda Katz v. ABP Corporation*, No. 1:12-cv-04173 (ENV) (RER) (the "Action");

WHEREAS, the Action involves allegations that Settling Defendant violated the Fair and Accurate Credit Transactions Act, 15 U.S.C. § 1681c(g) ("FACTA") by including the Settling Plaintiffs' and Class Members' respective credit and/or debit card expiration date and/or more

than five digits of the Settling Plaintiffs' and Class Members' respective credit or debit card number;

WHEREAS, Settling Defendant denies the allegations in the Action and any wrongdoing or liability arising out of or relating to the claims in the Action, and further denies any and all allegations in the Action that Settling Defendant engaged in any willful misconduct or violation of law;

WHEREAS, Settling Plaintiffs believe the claims asserted in the Action have merit and Settling Defendant believes that they do not have merit; however, the Settling Plaintiffs and the Settling Defendant recognize and acknowledge the expense and length of continued proceedings that would be necessary to prosecute the Action through trial and appeals;

WHEREAS, the Settling Parties also have taken into account the uncertain outcome and the risk of any class action, especially in complex actions such as this, as well as the difficulties and delay inherent in such actions, and Class Counsel and Settling Plaintiffs believe the settlement set forth in this Agreement confers substantial benefits upon the Class Members; and

WHEREAS, after investigation of the claims and following vigorous arms-length negotiations involving the use of a mediator, the Parties have agreed to settle the Action to avoid the expense, burden, risk and uncertainty inherent in any litigation, and desire to forever and finally settle the claims asserted in the Action.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Settling Parties, all intending to be bound hereby, that, subject to the approval of the Court, the Action and the Released Claims, as defined herein, shall be fully and finally resolved, compromised, discharged and settled according to the following terms and conditions:

I.     DEFINITIONS

2

In addition to the terms defined elsewhere in this Agreement, for purposes of this Agreement, the following terms shall have the meanings as set forth below.

1.      "Administration" or "Administration Costs" means the act of, and the costs associated with, administering the settlement, including but not limited to providing notice to the class, maintaining a process for submission of claims of class members, processing claims forms, responding to class member inquiries, dealing with disputes from class members, creating and maintaining a website for the class, and distributing class compensation to class members.

2.      "Administrator" means KCC Class Action Services, whom the Settling Parties mutually have agreed upon to handle all or parts of Notice and Administration.

3.      "Affiliates" means (i) all past, present or future persons or entities of any kind controlling, controlled by, or under common ownership with Settling Defendant and their respective predecessors and successors, including without limitation any parent companies, subsidiaries, sister companies, or divisions, and (ii) any and all persons or entities acting on behalf of or at the direction of any of the foregoing. For the purpose of this definition, "control" of a person shall mean the possession, directly or indirectly, of the power to direct or cause the direction of its management or policies, whether through the ownership of voting securities, by contract or otherwise.

4.      The "Class" includes the following: All persons who used a debit or credit card, including without limitation a Visa, MasterCard, or Discover debit or credit card or American Express credit card, at any of Settling Defendant's Retail Locations where the person was provided an electronically printed receipt at the point of sale or transaction that displayed the expiration date of that person's credit or debit card and/or more than five digits of that person's

3

credit or debit card number during the period beginning August 1, 2011 through August 31, 2012.

    5.     "Class Counsel" means and includes the following:

          Bryant T. Lamer, Esq.
          Joshua C. Dickinson, Esq.
          Spencer Fane Britt & Browne LLP
          1000 Walnut Street, Suite 1400
          Kansas City, Missouri 64106

          Robert L. Lash, Esq.
          Herzfeld & Rubin, P.C.
          125 Broad Street
          New York, New York 10004

          Shimshon Wexler, Esq.
          The Law Offices of Shimshon Wexler, PC
          216 W. 104th Street, # 129
          New York, NY 10025

    6.     "Class Members" or "Members of the Class" as the context may require, means all persons who are included in the Class definition in Paragraph 4 above, and who do not validly and timely elect exclusion from the Class pursuant to Fed. R. Civ. P. 23 and under conditions and procedures as determined by the Court.

    7.     The "Class Period" shall mean from August 1, 2011 through August 31, 2012.

    8.     The "Effective Date" for purpose of the Settlement shall be five business days after the latest of the following dates: (a) the date upon which the time to commence an appeal of the Final Order has expired, if no one has commenced any appeal or writ proceeding challenging the Final Order; or (b) the date the Final Order has been affirmed on appeal or writ review (or the appeal or writ petition has been dismissed), and the time within which to seek further review has expired. Notwithstanding the foregoing, the Settling Defendant may, within its sole discretion, declare an earlier Effective Date, namely, any date after the Final Order is entered.

4

9. "Final" means the occurrence of the Effective Date, which is the date the Agreement becomes final for all purposes.

10. "Final Order" means the Final Order of Judgment and Dismissal to be entered if the Court grants final approval to this settlement as proposed on behalf of the Class.

11. "Notice" means the notice to the members of the Class, approved by the Court in the Preliminary Approval Order.

12. "Preliminary Approval Order" means the order to be entered if the Court grants preliminary approval of this Agreement and certifies the Class for settlement purposes only.

13. "Released Claims" includes any claims, rights, demands, obligations, actions, causes of action, suits, cross-claims, matters, issues, liens, contracts, liabilities, agreements, costs, expenses of any nature by any of the Settling Plaintiffs and Class Members against any of the Released Parties arising out of, or in connection with, or in any way related to claims they had or may have, whether known or unknown, that accrued during the Class Period, under FACTA, the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq.) as it relates to FACTA, any statute or common law of any other state similar to FACTA, or any other statute, rule, regulation, administrative decision, or common law addressing the display of credit card expiration dates and/or account numbers.

14. "Released Parties" means, collectively, Settling Defendant, and (a) any and all of its respective past, present and future parent companies, subsidiaries, divisions, Affiliates, franchisees, predecessors, successors, and assigns; (b) the respective present and former general partners, limited partners, principals, members, directors, and their attorneys, officers, employees, stockholders, owners, agents, subrogees, independent contractors, insurers, reinsurers, attorneys, the representatives, heirs, executors, personal representatives,

5

administrators, trustees, transferees and assigns of any of them; and (c) all persons or entities acting on behalf or at the direction of any of the foregoing.

15.    "Retail Location" shall mean any retail location owned and operated by Settling Defendant in the United States.

## II.    SETTLEMENT CONSIDERATION

### 1.    ECONOMIC RELIEF.

The Settling Defendant will provide each Class Member who submits a Valid Claim (as that term is defined below) one of the following at the Class Member's election:

1.    $9.60 cash payment directly to the Class Member; or

2.    $15.00 transferable voucher toward the purchase of any items for sale at any of Settling Defendant's Retail Locations.

The Settling Defendant has represented that, to the best of its knowledge, there may be up to approximately 268,000 Class Members.

### 2.    EQUITABLE RELIEF

The Parties agree that an order shall issue requiring Settling Defendant to comply with FACTA at all of its Retail Locations. This order shall be issued as part of the Final Order.

## III.    RELEASE BY CLASS MEMBERS

1.    In accordance with the provisions of the Final Order, for good and sufficient consideration, the receipt, sufficiency and fairness of which is hereby acknowledged, upon the Effective Date, Settling Plaintiffs and each Class Member shall be deemed to have, and by operation of the Final Order shall have, fully, finally and forever released, relinquished and discharged all Released Claims against the Released Parties. In addition, the Settling Plaintiffs and Class Members on behalf of themselves and their successors and assigns expressly waive

6

and relinquish to the fullest extent permitted by law any provision under state or federal law which provides the following with respect to the Released Claims:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release which if known by him or her must have materially affected his or her settlement with the debtor.

The failure of any Class Member to claim or obtain any relief made available under the Settlement shall not affect that Class Member's release as set forth herein.

## IV.  EXCLUSIONS FROM AND OBJECTIONS TO SETTLEMENT

1.  The "Opt-Out Date" will be a date set by the Court and identified in the Notice.

2.  Each Class Member who wishes to be excluded from the Settlement must mail or otherwise deliver to the Administrator an appropriate written request for exclusion, including his or her name, address, and telephone number, that is personally signed by the Class Member, which request must be postmarked on or before the Opt-Out Date and actually received by the Administrator. No Class Member, or any person acting on behalf of or in concert or in participation with that Class Member, may request exclusion of any other Class Member from the Class. The original requests for exclusion shall be filed with the Court not later than fifteen days after the Opt-Out Date. The filing shall redact the Social Security number of the person requesting exclusion, except for the last three digits. Copies of requests for exclusion will be provided by the Administrator to Class Counsel and counsel for the Settling Defendant not later than five days after the Opt-Out Date. If this Agreement is approved, any and all persons within the Class who have not submitted a timely, valid and proper written request for exclusion from the Settlement will be bound by the releases and other terms and conditions set forth herein and all proceedings, orders and judgments in the Action, even if those persons have previously

initiated or subsequently initiate individual litigation or other proceedings against Settling Defendant relating to the claims released pursuant to or covered by the terms of this Settlement.

3.      Any Class Member who has not filed a timely, valid and proper written request for exclusion and who wishes to object to the fairness, reasonableness or adequacy of this Agreement or the settlement, or to any award of attorneys' fees and expenses, must serve upon Class Counsel and counsel for the Settling Defendant (by mail, hand or by facsimile transmission) and file with the Court no later than thirty days prior to the fairness hearing or as the Court may otherwise direct, a written statement, signed by the Class Member or his/her duly authorized agent, including his/her name and address, setting forth his/her objections, as well as the specific reason(s), if any, for each objection, including any legal support the Class Member wishes to bring to the Court's attention and a description of any evidence the Class Member wishes to introduce in support of the objection. Class Members may so object either on their own or through an attorney hired at their expense who files an appearance on their behalf.

## V.      THE FINAL JUDGMENT AND ORDERS OF DISMISSAL

1.      If, after the Final Approval Hearing, the proposed Settlement is approved by the Court with respect to the Class, Class Counsel shall promptly file and request entry of a Final Order by the Court:

(a)      Approving the Agreement and judging its terms to be fair, reasonable, adequate and in the best interests of the Class, directing consummation of its terms, and reserving continuing jurisdiction to implement, enforce, administer, effectuate, interpret and monitor compliance with the provisions of this Agreement and the Final Order.

(b)      Dismissing the Action with prejudice and without costs (except as otherwise provided herein), and releasing the Released Claims against the Released Parties.

## VI.      NOTICE AND PRELIMINARY APPROVAL OF SETTLEMENT

8

1. Class Counsel on behalf of the Class will file preliminary approval papers for the settlement, which Settling Defendant agrees not to oppose, including a Motion for Preliminary Approval and the proposed Preliminary Approval Order, together with proposed forms of Point of Sale Notice, Publication Notice, and Website Notice, the proposed form of the Final Order, and the executed Agreement, within fifteen business days of the execution of this Agreement or within such other time as provided by the Court.

2. Plaintiff will submit to the Court the proposed Preliminary Approval Order that will, among other things, set a date for a Final Approval Hearing, establish a deadline for persons to opt out of the settlement, approve the forms of the Notice, find that the method of notice selected constitutes the best notice to all persons within the definition of the Class that is practicable under the circumstances, and find that the form and method of notice comply fully with applicable law and the United States Constitution.

3. Because of the impracticability of communicating directly with potential class members, notice will be provided as follows:

(a) "Point of Sale Notice" will be provided on electronically printed receipts for credit or debit card transactions at the point of sale at each of Settling Defendant's Retail Locations beginning no later than 14 days after the Court enters a Preliminary Approval Order for a period of 14 days. The Point of Sale Notice shall contain substantially the following language:

> You may be eligible for a payment or voucher recovery as part of a class action settlement with au bon pain. A settlement has been preliminarily approved by the United States District Court for the Eastern District of New York in a lawsuit involving claims that in or prior to August 2012 au bon pain improperly provided some customers with transactions of $15 or more with credit or debit card receipts showing more than the last five digits of the card number and/or expiration date. For more

9

> information about the class action settlement and eligibility for
> recovery, visit www._____.com.

(b)     "Publication Notice" shall appear and be published at least once in *USA Today* or a similar national publication or multiple regional or local newspapers. Publication Notice shall appear in a 1/8 page advertisement. The Publication Notice shall run at least once in any Monday through Thursday edition of *USA Today* (or a similar national publication or multiple regional or local newspapers) with circulation in the regions in which the Settling Defendant owned and operated Retail Locations in August 2012, running within 21 days following entry of the Preliminary Approval Order. The Publication Notice shall contain substantially the following language:

> You may be eligible for a payment or voucher recovery as part
> of a class action settlement with au bon pain. A settlement has
> been preliminarily approved by the United States District Court
> for the Eastern District of New York in a lawsuit involving
> claims that in or prior to August 2012 au bon pain improperly
> provided some customers with transactions of $15 or more
> with credit or debit card receipts showing more than the last
> five digits of the card number and/or expiration date. For more
> information about the class action settlement and eligibility for
> recovery, visit www._____.com.

(c)     Within 14 days following the Court's entry of a Preliminary Approval Order, but in no event later than the date the Point of Sale Notice begins or the Publication Notice is first published, the Administrator shall create, maintain and establish a dedicated and operational website where potential Class Members can obtain a more detailed settlement notice (the "Website Notice") and also submit a claim form, as further discussed below. The website's address shall be referenced in the Publication Notice and the Point of Sale Notice. The website shall include information about the Action and the Settlement, including a copy of the First Amended Complaint in the Action; a copy of this Agreement; a downloadable claim form; a claim form that can be completed and submitted online without the necessity of being

downloaded, and the name, address and telephone number of the Administrator. The Administrator shall maintain the website until 30 days following entry of the Final Order.

    4.      All Administration Costs will be paid by Settling Defendant.

    5.      Within seven business days following completion of the Point of Sale Notice, described in Section Vl(3)(a), counsel for the Settling Defendant shall provide written certification to Class Counsel that such notice was provided in the manner described above.

    6.      Within seven business days following completion of the Publication Notice, described in Section VI(3)(b), the Administrator shall provide written certification to Class Counsel and Settling Defendant's counsel that such notice was provided in the manner described above.

    7.      Within seven business days following creation of the website described in Section VI(3)(c), the Administrator shall provide written certification to Class Counsel and Settling Defendant's counsel that such website, including the Website Notice, was provided in the manner described above.

    8.      The Final Approval Hearing will be held at a date and time to be set by the Court and will occur after the passing of the Opt-Out Date. At the Final Approval hearing, the Court will consider and determine whether the provisions of this Agreement should be approved, whether the Settlement should be finally approved as fair, reasonable and adequate, whether any objections to the Settlement should be overruled, whether a Final Order approving the Settlement and dismissing any of the actions should be entered, and whether Plaintiff's Petition for Attorney Fees, Costs and Expenses, and Incentive Award should be granted.

## VII.    PAYMENT OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES TO CLASS COUNSEL AND INCENTIVE FEE TO PLAINTIFF

1.      Plaintiff and Class Counsel will submit a fee petition for an aggregate award of reasonable attorneys' fees and costs in a total amount not to exceed three hundred and seventy-five thousand dollars ($375,000). Settling Defendant agrees not to oppose in Court or any other forum such petition. Plaintiff and Class Counsel agree not to seek or accept an amount of combined attorney fees, costs and expenses in excess of $375,000.00.

2.      Entry of a Final Order is not conditioned upon an award of the attorneys' fees and costs sought by Class Counsel. Subject to the Court's approval, Settling Defendant shall pay to Class Counsel such attorneys' fees and costs as may be awarded by the Court, up to a maximum of $375,000, within thirty days after the Effective Date. These fees and costs represent all of the fees, expenses and costs Settling Defendant agrees to pay, if awarded by the Court, in connection with the Settlement to any Class Member or their counsel irrespective of the counsel making the application. Settling Defendant shall not be liable for any further fees and expenses or any claim by any counsel or Class Member for additional fees or expenses relating to the allegations forming the basis of the Action. In the event a Final Order is not entered in the Action, Settling Defendant is under no obligation to pay any of Class Counsel's fees and costs.

3.      Class Counsel will apply to the Court for an award of incentive fees for the Plaintiff in an amount not to exceed two thousand dollars ($2,000) in recognition of Plaintiff's service in pursuing this case. Any incentive fee awarded by the Court to Plaintiff in an amount not to exceed $2,000 shall be paid by settling Defendant at the same time as any payment of attorneys' fees and costs. Plaintiff will not be entitled to receive any additional payments other than his settlement consideration as a Class Member as described in Section II.

12

4.      Class Counsel and Plaintiff agree that they will not seek any additional fees or costs other than as provided in this Agreement from Settling Defendant in connection with the settlement of this Action.

**VIII.  CLAIMS (CLAIMS PROCESS)**

1.      The Claims Period shall begin upon the first day Point of Sale Notice is provided and shall conclude fifty-six days after the first day Point of Sale Notice is provided.

2.      Class Members may submit claims during the Claims Period for determination whether their claims constitute Valid Claims. To constitute a "Valid Claim," a claim must meet the following conditions:

> (a)      The claim must be submitted within the Claims Period. To be deemed timely submitted, a mailed claim must bear a postmark no later than the last day of the Claims Period and an online claim must be submitted no later than the last day of the Claims Period.

> (b)      To demonstrate the validity of a claim, the claimant must submit either: (a) a sworn declaration attesting that the claimant made a credit or debit card purchase of $15 or more at one of the Settling Defendant's Retail Locations during the Class Period, such declaration shall also include, to the best of the claimant's belief, the first digit and last four digits of the credit or debit card used in the purchase, the type of credit card (e.g. Visa, MasterCard, Discover, etc.), as well as the general location (i.e., name of city, town, municipality, etc.) of the Retail Location at which the purchase was made; or (b) the customer copy of a receipt for a credit or debit card purchase made at one of the Settling

13

Defendant's Retail Locations during the Class Period, and such receipt must contain [i] more than five digits of the claimant's credit or debit card number and/or [ii] the expiration date of the claimant's credit or debit card; or (c) a credit or debit card statement from a bank or credit card issuer proving to the satisfaction of the Administrator that the claimant made a credit or debit card purchase totaling $15 or more at one of Settling Defendant's Retail Locations during the Class Period.

(c)    The claim must match Settling Defendant's records of transactions for which a receipt would have contained more than five digits of the claimant's credit or debit card number and/or the expiration date of the claimant's credit or debit card.

(d)    Claim forms that do not meet the above submission requirements shall be rejected by the Administrator. Upon rejecting any claim, the Settlement Administrator shall contact the person submitting the claim form, informing him/her of the reason the claim was rejected. Where a claimant submitted a claim form indicating digits from a credit or debit card that the Settlement Administrator determines was not used to make a purchase otherwise qualifying for recovery under this Settlement Agreement, the claimant will be allowed to re-submit within 14 days a claim form with information from another credit or debit card(s) that the Settlement Administrator may verify. A determination by the Settlement

14

Administrator that a re-submitted claim form that does not meet the above submission requirements shall be final.

(e)     No Class Member may submit more than one Valid Claim.

(f)     A Class Member submitting a Valid Claim must elect his/her desired remedy of cash in the amount of $9.60 or the voucher in the amount of $15.00.

3.     All claims submissions will be sent to the Administrator and reviewed for accuracy and fulfillment of the requirements to constitute a Valid Claim. The determination of whether a submission constitutes a Valid Claim is at the sole discretion of the Administrator, subject to the provisions described in section VIII(7), below.

4.     Within 30 days after the Effective Date, the Administrator shall send a voucher or a settlement check by regular mail to each Class Member who has submitted a Valid Claim. No Class Member shall be sent more than one voucher or settlement check.

5.     Vouchers provided for Valid Claims shall be fully transferable. Vouchers shall expire within one hundred and twenty (120) days of the date the Voucher is issued. Vouchers may be redeemed toward the purchase of any items for sale at any of Settling Defendant's Retail Locations. However, as consideration obtained through a class action settlement, the vouchers are not redeemable, in whole or in part, for cash.

6.     Settlement checks provided for Valid Claims shall expire and be void if not cashed within ninety (90) days of the date appearing on the face of the check or if they are returned to the Administrator for any reason. Neither the Administrator, Plaintiff, Settling Defendant nor their counsel are responsible for skip-tracing or attempting to locate in any manner any Class Member whose voucher or settlement check is returned as undeliverable or for

15

any other reason. Any undistributed monies remaining after the running of the ninety-day period for the voiding of settlement checks shall be returned to the Settling Defendant.

7.      Within forty-five (45) days after the Effective Date, the Administrator shall provide Class Counsel and Settling Defendant's counsel a report indicating, among other things, the number of claims submitted, the number and total dollar amount of settlement checks sent to Class Members, the number and total dollar value of vouchers sent to Class Members, the number of claims submitted that were rejected and the reason(s) for each such rejection. Upon receipt of the report, Class Counsel may request further information and/or documentation from the Administrator concerning any rejected claims and may challenge the basis for rejection with the Administrator within thirty (30) days.

## IX.    TERMINATION OF THE AGREEMENT

If the Settlement and this Agreement, as a whole, does not receive final approval after review by any court of competent jurisdiction for any reason, or is terminated in accordance with its terms for any other reason, the Parties will be returned to their status immediately prior to execution of this Agreement as if this Agreement had never been made. Accordingly, upon any such termination for any reason (i) the Parties will be deemed to have preserved all their substantive or procedural rights or defenses with respect to the Action as of the date of execution of this Agreement, and (ii) the Parties shall not be deemed to have waived any substantive or procedural rights or defenses of any kind that they may have. The Parties agree that upon such termination this Agreement may not be used in any way to suggest or support any admission of fact, law or liability, and the terms and representations herein (except Section X below) shall not be binding on the Parties or their counsel.

## X.     NO ADMISSION OF LIABILITY

16

Neither this Agreement nor any drafts hereof nor any documents relating to the settlement set forth herein nor any statements made in connection with this Agreement constitutes an admission of liability, culpability or wrongdoing or of any fact by Settling Plaintiffs or Settling Defendant, and the Settling Parties deny any liability, culpability or wrongdoing of any kind associated with the claims alleged. The Settling Parties agree that the foregoing documents and statements:

(a)     Will not be offered or received against any of the Released Parties as evidence of, or be construed as or deemed to be evidence of, any admission or concession by any of the Released Parties of (i) the truth or relevance of any fact alleged by Settling Plaintiffs, (ii) the existence of or proper scope and definition of any class alleged by Settling Plaintiffs, (iii) the propriety of class certification on the merits if the Action were to be litigated rather than settled, or (iv) the validity of any claim or the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation.

(b)     Will not be offered as or received against any of the Released Parties as evidence of, or construed as or deemed to be evidence of, any admission or concession of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Agreement, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Agreement; provided, however, that if this Agreement is approved by the Court, the Released Parties may refer to it to effectuate the liability protection granted hereunder; and

(c)     Will not be offered or received as an admission or concession that the consideration to be given to Class Members hereunder represents the amount which could be or would have been recovered by any such persons after trial.

17

## XI.    CONTINUING JURISDICTION

The United States District Court for the Eastern District of New York will have continuing jurisdiction over the Action for the purpose of implementing the Settlement until the Action and all related matters are fully resolved, and for enforcement of the Settlement, the Agreement and the Final Order thereafter. The Court will resolve any dispute regarding the Parties' obligations pursuant to this Agreement and/or interpretation of the terms of this Agreement or Final Order.

## XII.   MISCELLANEOUS PROVISIONS

1.      ENTIRE AGREEMENT. This Agreement constitutes the entire agreement and understanding between and among the Parties with respect to settlement, and supersedes any and all prior negotiations and agreements or understandings (oral or written) with respect to the subject matter hereof.

2.      NEUTRAL INTERPRETATION. This Agreement shall not be construed more strictly against one Party than another merely because it may have been prepared by counsel for one of the Parties, it being recognized that, because of the arms-length negotiations and mediation resulting in the Agreement, all Parties have contributed substantially and materially to the preparation of the Agreement.

3.      CHOICE OF LAW. This Agreement will be governed by federal law and the internal laws of New York, without regard to its choice of law principles.

4.      CHOICE OF FORUM. The forum selected by the Parties for implementation and enforcement of the Settlement shall be New York, in the United States District Court for the Eastern District of New York.

18

5.      MODIFICATIONS OR AMENDMENTS.  This Agreement may not be modified or amended except by a writing signed by all Parties and their respective counsel and the subsequent approval of the Court.

6.      COUNTERPARTS.  This Agreement may be executed in counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument.  A .pdf or facsimile signature shall be deemed to constitute an original signature for purposes of this Agreement.

7.      ADDITIONAL ACTS TO EFFECTUATE THE AGREEMENT.  The Parties shall execute all documents and perform all acts necessary and proper to effectuate the terms of this Agreement and to obtain the benefits of the Agreement.

8.      BINDING ON CLASS MEMBERS.  It is agreed that it is impossible or impractical to have each member of the Class execute this Agreement.  Excepting only those members of the Class who timely submit a request for exclusion, the Settlement shall have the same force and effect as if this Agreement were executed by each Class Member.

9.      COMPETENCY; INDEPENDENT COUNSEL.  Each Party to this Agreement represents and warrants that he, she or it is competent to enter into this Agreement and in doing so is acting upon his, her or its independent judgment and upon the advice of his, her or its own counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other Party, other than the terms expressly set forth in this Agreement.

19

IN WITNESS WHEREOF, the undersigned Parties hereto have caused this Agreement to be duly executed on the date first written above.

_____
Yehuda Katz,
Individually and on behalf of a class

ABP Corporation

By: _____
Name: _____
Title: _____

Bryant T. Lamer, Esq.
Joshua C. Dickinson, Esq.
**SPENCER FANE BRITT &
BROWNE LLP**

Stephen L. Saxl, Esq.
**GREENBERG TRAURIG, LLP**

_____

_____
Counsel for Settling Plaintiffs and
Class Counsel

_____
Counsel for Settling Defendant

Shimshon Wexler, Esq.
**The Law Offices of Shimshon Wexler, PC**

_____
Counsel for Settling Plaintiffs and
Class Counsel

Robert Lash, Esq.
**Herzfeld & Rubin, P.C.**

_____
Counsel for Settling Plaintiffs and

IN WITNESS WHEREOF, the undersigned Parties hereto have caused this Agreement to be duly executed on the date first written above.

_____
Yehuda Katz,
Individually and on behalf of a class

**ABP Corporation**

By:    _____
Name:  _____
Title: _____

Bryant T. Lamer, Esq.
Joshua C. Dickinson, Esq.
**SPENCER FANE BRITT &
BROWNE LLP**

Stephen L. Saxl, Esq.
**GREENBERG TRAURIG, LLP**

_____
Counsel for Settling Plaintiffs and
Class Counsel

_____
Counsel for Settling Defendant

Shimshon Wexler, Esq.
**The Law Offices of Shimshon Wexler, PC**

_____
Counsel for Settling Plaintiffs and
Class Counsel

Robert Lash, Esq.
**Herzfeld & Rubin, P.C.**

_____
Counsel for Settling Plaintiffs and
Class Counsel

IN WITNESS WHEREOF, the undersigned Parties hereto have caused this Agreement to

be duly executed on the date first written above.

**ABP Corporation**

_____
Yehuda Katz,
Individually and on behalf of a class

By: _____
Name: _____
Title: _____

Bryant T. Lamer, Esq.
Joshua C. Dickinson, Esq.
**SPENCER FANE BRITT &
BROWNE LLP**

Stephen L. Saxl, Esq.
**GREENBERG TRAURIG, LLP**

_____

_____
Counsel for Settling Plaintiffs and
Class Counsel

Counsel for Settling Defendant

Shimshon Wexler, Esq.
**The Law Offices of Shimshon Wexler, PC**

_____
Counsel for Settling Plaintiffs and
Class Counsel

Robert Lash, Esq.
**Herzfeld & Rubin, P.C.**

_____
Counsel for Settling Plaintiffs and
Class Counsel

20

IN WITNESS WHEREOF, the undersigned Parties hereto have caused this Agreement to

be duly executed on the date first written above.

Yehuda Katz,
Individually and on behalf of a class

**ABP Corporation**

By:

Name: Thomas H Dolan

Title: Sr Vice President

Bryant T. Lamer, Esq.
Joshua C. Dickinson, Esq.
**SPENCER FANE BRITT &
BROWNE LLP**

Stephen L. Saxl, Esq.
**GREENBERG TRAURIG, LLP**

Counsel for Settling Defendant

Counsel for Settling Plaintiffs and
Class Counsel

Shimshon Wexler, Esq.
**The Law Offices of Shimshon Wexler, PC**

Counsel for Settling Plaintiffs and
Class Counsel

Robert Lash, Esq.
**Herzfeld & Rubin, P.C.**

Counsel for Settling Plaintiffs and
Class Counsel

20