UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
YEHUDA KATZ
Individually and on behalf of a class,

                        Plaintiff,             **MEMORANDUM & ORDER**

              - against -              12-CV-04173 (ENV) (RER)

ABP CORPORATION and DOES 1-10

                        Defendant.
---------------------------------------------------------X
**RAMON E. REYES, JR., U.S.M.J.:**

       Yehuda Katz ("Plaintiff") brought this putative class action against ABP Corporation ("Settling Defendant") and "Does 1-10" alleging violations of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. (Dkt. Nos. 1, 12.)  Plaintiff alleges that Settling Defendant willfully violated FACTA by failing to properly truncate credit or debit card numbers and expiration dates on electrically printed receipts provided to its customers.  Plaintiff seeks statutory damages, punitive damages, and attorney's fees and costs on behalf of himself and class members.  As a result of significant pre-mediation discovery and arms-length negotiations led by mediator Roger M. Deitz, Esq., the parties reached a settlement that will provide class members with the choice of obtaining a cash payment of $9.60 or a $15.00 transferable voucher that can be used at any ABP retail location in the United States. (Dkt. No. 45 ("Pl.'s Mem.") at 2-3; Dkt. No. 46-2 (the "Settlement Agreement") ¶ II(1).)

       Plaintiff now seeks the Court's preliminary approval of the Settlement Agreement and an order appointing Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel.  For purposes of settlement only, Settling Defendant does not oppose Plaintiff's motion.

## CERTIFICATION OF SETTLEMENT CLASS

1. The Court provisionally certifies the following class for settlement purposes:

All persons who used a debit or credit card, including without limitation a Visa, MasterCard, or Discover debit or credit card or American Express credit card, at any of Settling Defendant's Retail Locations where the person was provided an electronically printed receipt at the point of sale or transaction that displayed the expiration date of that person's credit or debit card and/or more than five digits of that person's credit or debit card number during the period beginning August 1, 2011 through August 31, 2012.

(the "Settlement Class") (Settlement Agreement ¶ I(4).)

2. The Court finds, preliminarily and for purposes of settlement, that the prerequisites of Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied.

3. Plaintiff satisfies the "implicit requirement" of Fed. R. Civ. P. 23, because the proposed class is "precise, objective and presently ascertainable." *Bakalar v. Vavra*, 237 F.R.D. 59, 64 (S.D.N.Y. 2006). Membership in the class is defined by identifiable, objective criteria. *See Friedman-Katz v. Lindt & Sprungli (USA), Inc.*, 270 F.R.D. 150, 154 (S.D.N.Y. 2010) (finding that class defined as "all debit or credit card customers who received a receipt from Lindt Store # 347 whose receipt was printed after December 4, 2006 and contained more than the last five digits of their credit card number, or whose receipt was printed after June 3, 2008 and contained the expiration date of the card" set forth identifiable criteria to define class membership).

4. Plaintiff satisfies Rule 23(a) because there are 268,000 potential class members (Settlement Agreement ¶ II(1.2)), and thus joinder is impractical. *See Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) ("[N]umerosity is presumed at a level of 40 members . . . .") (citations omitted).

5. Plaintiff satisfies Rule 23(a)(2) because Plaintiff and the class members share common issues of fact and law, including: (1) whether Settling Defendant had a practice during the class period of providing printed receipts displaying more than five digits of the credit/debit card number and/or expiration date of the debit or credit card; (2) whether Settling Defendant provided such receipts to Plaintiff and members of the Class; (3) whether Settling Defendant's conduct violated the FACTA; (4) whether Settling Defendant's conduct was willful; (4) whether Plaintiff and members of the class are entitled to statutory damages, punitive damages, costs and/or attorney's fees for Settling Defendant's conduct; and (6) whether any defenses apply. (Pl.'s Mem. at 7.) *See Friedman-Katz*, 270 F.R.D. at 155 (finding common issues of law and fact where claims depend on contention that defendant had regular business practice of providing non-truncated receipts and that defendants acted willfully).

6. Plaintiff satisfies Rule 23(a)(3) because Plaintiff's claim arises from the same factual and legal circumstances that form the bases of the class members' claims. Plaintiff alleges that Settling Defendant violated FACTA by providing him, and each member of the proposed Class, with a transaction receipt containing more than the last five digits and/or the expiration date of the credit card during the relevant period. *See Savino v. Computer Credit, Inc.*, 173 F.R.D. 346, 352 (E.D.N.Y. 1997) (stating that typicality is satisfied "'when each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability'") (quoting *Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir. 1993)); *see also Karvaly v. eBay, Inc.*, 245 F.R.D. 71, 82 (E.D.N.Y. 2007) (recognizing that typicality is generally satisfied "as long as plaintiffs assert . . . that defendants committed the same wrongful

acts in the same manner against all members of [the] class") (citation, quotation marks, and brackets omitted).

7. Plaintiff satisfies Rule 23(a)(4) because there is no conflict or antagonism between Plaintiff and the potential class members, *Westerfield v. Washington Mut. Bank*, Nos. 06-cv-2817 (CBA) (JMA), 08-cv-00287 (CBA) (JMA), 2009 WL 6490084, *2 (E.D.N.Y. June 26, 2009) (citation omitted), and because counsel are "qualified, experienced and generally able to conduct the litigation," *Ayzelman v. Statewide Credit Servs. Corp.*, 238 F.R.D. 358, 363 (citation and quotation marks omitted).

8. The Court finds that Plaintiff will "fairly and adequately protect the interests of the class," Fed. R. Civ. P. 23(a)(4), and appoints Plaintiff as a representative party.

9. Plaintiff also satisfies Rule 23(b)(3) because common factual allegations and legal theory predominate over any factual or legal variations among the class members. The core legal issues center on whether Settling Defendant provided improperly truncated sale receipts, whether this conduct violates FACTA, and whether Settling Defendant's conduct was willful. (Pl.'s Mem. at 10.) The resolution of these issues applies to all claims and can be achieved through generalized proof of Settling Defendant's business practice and state of mind when providing improperly truncated receipts. *See Engel v. Scully & Scully, Inc.*, 279 F.R.D. 117, 130 (S.D.N.Y. 2011) (finding predominance is met where the parties dispute the defendant's business practice when printing receipts and the complaint seeks statutory, rather than individualized, damages).

10. Class adjudication of this case is superior to individual adjudication "due to the low damages incentive for individual litigation and the consistency of results encouraged by class

action." *Id.* at 130 (finding class action superior method for adjudicating FACTA claim) (citations omitted).

## APPOINTMENT OF CLASS COUNSEL

11. The Court finds that Joshua C. Dickinson and Bryant T. Lamer of Spencer Fane Britt & Browne LLP, Robert L. Lash of Herzfeld & Rubin, P.C., and Shimson Wexler of the Law Offices of Shimson Wexler satisfy the requirements of Fed. R. Civ. P. 23(g) and appoints these individuals as Class Counsel. Rule 23(g) requires courts to consider "'the work counsel has done in identifying or investigating potential claims in the action, . . . counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, . . . counsel's knowledge of the applicable law, and . . . the resources counsel will commit to representing the class.'" *Damassia v. Duane Read, Inc.*, 250 F.R.D. 152, 165 (S.D.N.Y. 2008) (quoting Fed. R. Civ. P. 23(g)).

12. Plaintiff's counsel did substantial work in prosecuting this matter, including successfully defending against Settling Defendant's motion to dismiss (Dkt. No. 27).

13. Plaintiffs' counsel are experienced in class actions involving consumer protection statutes, including FACTA. (*See generally* Dkt. No. 46-5.)

14. The work Plaintiff's counsel has performed in litigating and settling this case demonstrates their commitment to representing the class.

## PRELIMINARY APPROVAL OF SETTLEMENT

15. The Court preliminary approves the Settlement Agreement because the terms "appear[] to fall within the range of possible approval," *Kelen v. World Fin. Network Nat. Bank,*, Nos. 12-cv-5024 (VSB), 12-cv-9113 (VSB), 12-cv-9418 (VSB), 2014 WL 3893081, at *9

(S.D.N.Y. July 28, 2014) (citation and quotation marks omitted), and because the Court finds "probable cause to submit the [proposed settlement] to class members and hold a full-scale hearing as to its fairness," *id.* (citation omitted and quotation marks omitted).

16. The Court finds that the Settlement Agreement is the result of arms-length negotiations by counsel experienced in the prosecution and defense of consumer protection law.

17. The assistance of an experienced mediator, Roger M. Deitz, Esq., (Pl.'s Mem. at 2.). reinforces that the Settlement Agreement is non-collusive.

18. The terms of the Settlement Agreement are, therefore, preliminarily approved, subject to further consideration at a hearing to be held consistent with the requirements of Fed. R. Civ. P. 23(e) (the "Final Approval Hearing"), which shall be held before this Court on **February 3, 2015, at 10:00 AM in Courtroom 2E of the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201.**

## NOTICE TO CLASS MEMBERS

19. The Court approves the proposed Notice to the Class ("Notice"), and directs its distribution.

20. The content of the Notice fully complies with due process and Fed. R. Civ. P. 23 because it "fairly apprise[s] the prospective members of the class of the pendency of the class action, the terms of the proposed settlement, and the options that are open to them in connection with the proceedings, including the option to withdraw from the settlement." *Kelen*, 2014 WL 3893081, at *10 (citing *Weinberger v. Kendrick*, 698 F.2d 61, 70 (2d. Cir. 1982)).

21. Fed. R. Civ. P. 23(c)(2) requires the Court to direct to class members the "best notice that is practicable under the circumstances." Settling Defendant did not maintain individual

contact information for class members, and given the consequent "impracticability of communicating directly with potential class members," (Pl.'s Mem. at 22), the parties are directed to distribute notice to potential class members as set forth in the Settlement Agreement. (Settlement Agreement ¶ 3.)

22. Class Counsel and counsel for Settling Defendant shall cause notice of the pendency of the Action, the proposed Settlement, the Final Approval Hearing, and the petition by Class Counsel for payment of a reasonable Fee and Expense Award, as follows:

(a) **Point of Sale Notice.** Within fourteen (14) days of the entry of this Order, a copy of the Notice substantially in the form attached as Exhibit F to the Declaration of Robert L. Lash, Esq. (Dkt. No. 46-6) shall be printed on Settling Defendant's electronically printed receipts for credit and debit card transactions at the point of sale at each of Settling Defendant's Retail Locations for a period of fourteen (14) days.

(b) **Publication Notice.** Publication Notice of the Settlement Agreement will be provided substantially in the form attached as Exhibit F to the Declaration of Robert L. Lash, Esq. (Dkt. No. 46-7). The Publication Notice shall appear at least once in any Monday through Thursday edition of *USA Today* (or a similar national publication or multiple regional or local newspapers) with circulation in the regions in which the Settling Defendant owned and operated Retail Locations in August 2012, running within twenty-one (21) days following entry of this Order. Publication Notice shall appear as at least a 1/8 page advertisement.

(c) Within fourteen (14) days following entry of this Order, but no later than the earlier of the date the Point of Sale Notice begins or the Publication Notice is first

published, the Administrator shall create, maintain and establish a dedicated and operational website where potential class members can obtain a more detailed settlement notice (the "Website Notice"), attached as Exhibit H to the Declaration of Robert L. Lash, Esq. (Dkt. No. 46-8), and also submit a claim form, as further discussed below. The website's address shall be referenced in the Publication Notice and the Point of Sale Notice. The website shall include information about the Action and the Settlement, including a copy of the First Amended Complaint in the Action; a copy of the Settlement Agreement; a downloadable claim form; a claim form that can be completed and submitted online without the necessity of being downloaded, and the name, address and telephone number of the Administrator. The Administrator shall maintain the website until 30 days following entry of the Final Order in this Action.

(d) At least seven (7) days prior to the Final Approval Hearing, the Settling Defendant or the Administrator will file with the Court and serve upon Class Counsel proof, by affidavit or declaration, of such Point of Sale Notice, Publication Notice and Website Notice.

23. KCC Class Action Services shall serve as the Administrator and shall assist in the Notice and Settlement claims administration process. The Administrator shall be responsible for the receipt of all written communications from the Class and shall preserve same, and all other written communications from members of the Class, or any other person in response to the Notices, until at least thirty (30) days after the Effective Date.

**REQUESTS FOR EXCLUSION FROM THE SETTLEMENT**

24. To request exclusion from the Settlement, a Class Member must mail or otherwise

deliver to the Administrator an appropriate written request for exclusion, including his or her name, address, and telephone number, that is personally signed by the Class Member, which request must be postmarked on or before December 23, 2014 (the "Opt-Out Date") and actually received by the Administrator.  No Class Member, or any person acting on behalf of or in concert or in participation with that Class Member, may request exclusion of any other Class Member from the Class.  The original requests for exclusion shall be filed with the Court, and served upon Class Counsel and counsel for the Settling Defendant, not later than fifteen (15) days after the Opt-Out Date.

25. All Class Members (excluding those who have timely and properly requested exclusion in the manner set forth in Paragraph 24, to the limited extent provided by the terms of the Settlement Agreement) shall be bound by the releases and other terms and conditions set forth herein and all proceedings, orders and judgments in the Action, even if those persons have previously initiated or subsequently initiate individual litigation or other proceedings against the Settling Defendant relating to the claims released pursuant to or covered by the terms of the Settlement.

## OBJECTIONS BY CLASS MEMBERS

26. Subject to the requirements as set forth in Paragraphs 28 and 29 below, any Class Member who has not requested exclusion from the Settlement may appear at the Final Approval Hearing to show cause as to any of the following: (i) why the proposed Settlement should not be approved as fair, reasonable and adequate; (ii) why a judgment should not be entered thereon; or (iii) why Class Counsel should or should not be awarded the attorneys' fees, costs, or reimbursement of expenses requested and Class Representative incentive fees.  In accordance

9

with the Settlement Agreement, any Class Member may so object either on their own or through an attorney hired at their own expense.

27. In order to be heard to contest the approval of the Settlement Agreement, a Class Member must serve Class Counsel and counsel for Settling Defendant (by mail, hand or by facsimile transmission) and file with the Court no later than thirty (30) days prior to the Final Approval Hearing, a written statement of objections, signed by the Class Member or his/her duly authorized agent, including his/her name and address, setting forth his/her objections, as well as the specific reason(s), if any, for each objection, including any legal support the Class Member wishes to bring to the Court's attention and a description of any evidence the Class Member wishes to introduce in support of the objection. The addresses for service of such objections to Class Counsel and Settling Defendant's Counsel are as follows:

**CLASS COUNSEL**:
Joshua C. Dickinson, Esq.
Bryant T. Lamer, Esq.
Spencer Fane Britt & Browne LLP
1000 Walnut St., Suite 1400
Kansas City, Missouri 64106
Telephone: (816) 474-8100
Fax: (816) 474-3216

Robert L. Lash, Esq.
Herzfeld & Rubin, P.C.
125 Broad Street
New York, New York 10004
Telephone: (212) 471-8500
Fax: (212) 344-3333

Shimshon Wexler
The Law Offices of Shimshon Wexler, PC
216 West 104th Street, #129
New York, NY 10025
Phone: (212) 760-2400

Fax: (917) 512-613
swexleresq@gmail.com

**COUNSEL FOR SETTLING DEFENDANT:**
Stephen L. Saxl, Esq.
GREENBERG TRAURIG, LLP
MetLife Building
200 Park Avenue 39th Floor
New York, NY 10166
Telephone: (212) 801-9200
Fax: (212) 805-9371

      28.  Any Class Member who does not make an objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the proposed Settlement, the Order and Final Judgment to be entered approving the Settlement, the plan for distribution of economic relief and equitable relief pursuant to the Settlement Agreement, or the request for attorneys' fees, reimbursement of expenses and Class Representative incentive fees.

### CLAIMS (CLAIMS PROCESS)

      29.  The Claims Period shall begin upon the first day Point of Sale Notice is provided and shall conclude fifty-six (56) days thereafter. Class Members may submit claims during the Claims Period for determination whether their claims constitute Valid Claims. To constitute a "Valid Claim," a claim must meet the following conditions:

      (a)  The claim must be submitted within the Claims Period. To be deemed timely submitted, a mailed claim must bear a postmark no later than the last day of the Claims Period and an online claim must be submitted no later than the last day of the Claims Period.

      (b)  To demonstrate the validity of a claim, the claimant must submit either: (a) a

sworn declaration attesting that the claimant made a credit or debit card purchase of $15.00 or more at one of the Settling Defendant's Retail Locations during the Class Period, such declaration shall also include, to the best of the claimant's belief, the first digit and last four digits of the credit or debit card used in the purchase, the type of credit card (e.g. Visa, MasterCard, Discover, etc.), as well as the general location (e.g., name of city/town/borough and state) of the Retail Location at which the purchase was made; or (b) the customer copy of a receipt for a credit or debit card purchase made at one of the Settling Defendant's Retail Locations during the Class Period, and such receipt must contain [i] more than five digits of the claimant's credit or debit card number and/or [ii] the expiration date of the claimant's credit or debit card; or (c) a credit or debit card statement from a bank or credit card issuer proving to the satisfaction of the Administrator that the claimant made a credit or debit card purchase totaling $15.00 or more at one of Settling Defendant's Retail Locations during the Class Period.

(c) The claim must match Settling Defendant's records of transactions for which a receipt might have contained more than five digits of the claimant's credit or debit card number and/or the expiration date of the claimant's credit or debit card.

(d) Claim forms that do not meet the above submission requirements shall be rejected by the Administrator. Upon rejecting any claim, the Administrator shall contact the person submitting the claim form, informing him/her of the reason the claim was rejected. Where a claimant submitted a claim form indicating digits from a credit or debit card that the Administrator determines was not used to make a purchase otherwise qualifying for recovery under this Settlement Agreement, the claimant will be allowed to

re-submit within fourteen (14) days a claim form with information from another credit or debit card(s) that the Administrator may verify. A determination by the Administrator that a re-submitted claim form does not meet the above submission requirements shall be final.

(e) No Class Member may submit more than one Valid Claim.

(f) A Class Member submitting a Valid Claim must elect his/her desired remedy of payment by check in the amount of $9.60 or the voucher in the amount of $15.00.

(g) All claims submissions will be sent to the Administrator and reviewed for accuracy and fulfillment of the requirements to constitute a Valid Claim. The determination of whether a submission constitutes a Valid Claim is at the sole discretion of the Administrator.

30. Within thirty (30) days after the Effective Date, the Administrator shall send a voucher or a settlement check by regular mail to each Class Member who has submitted a Valid Claim. No Class Member shall be sent more than one voucher or settlement check. "Effective Date" means five (5) business days after the latest of the following dates: (a) the date upon which the time to commence an appeal of the Final Order has expired, if no one has commenced any appeal or writ proceeding challenging the Final Order; (b) the date the Final Order has been affirmed on appeal or writ review (or the appeal or writ petition has been dismissed), and the time within which to seek further review has expired or (c) at an earlier date determined by Settling Defendant, namely, any date after the Final Order is entered.

31. Vouchers provided for Valid Claims shall be fully transferable. Vouchers shall expire within one hundred and twenty (120) days of the date the Voucher is issued. Vouchers

may be redeemed toward the purchase of any items for sale at any of Settling Defendant's Retail Locations. The vouchers are not redeemable, in whole or in part, for cash.

32. Settlement checks provided for Valid Claims shall expire and be void if not cashed or deposited within ninety (90) days of the date appearing on the face of the check or if they are returned to the Administrator for any reason. Neither the Administrator, Plaintiff, Settling Defendant nor their counsel are responsible for skip-tracing or attempting to locate in any manner any Class Member whose voucher or settlement check is returned as undeliverable or for any other reason. Any undistributed monies remaining after the running of the ninety-day period for the voiding of settlement checks shall be returned to the Settling Defendant.

33. Within forty-five (45) days after the Effective Date, the Administrator shall provide Class Counsel and Settling Defendant's counsel a report indicating, among other things, the number of claims submitted, the number and total dollar amount of settlement checks sent to Class Members, the number and total dollar value of vouchers sent to Class Members, the number of claims submitted that were rejected and the reason(s) for each such rejection. Upon receipt of the report, Class Counsel may request further information and/or documentation from the Administrator concerning any rejected claims and may challenge the basis for rejection with the Administrator within thirty (30) days.

34. Any Class Member who does not submit a Valid Claim and has not requested exclusion shall not be entitled to a voucher or payment-by-check remedy, but nonetheless shall be barred and enjoined from asserting any of the Released Claims

**PRESERVATION OF PRE-SETTLEMENT RIGHTS**

35. If the Settlement and the Settlement Agreement, as a whole, are not approved by the

Court or do not receive final approval after review by any court of competent jurisdiction for any reason, or is terminated in accordance with its terms for any other reason, the Parties will be returned to their status immediately prior to execution of the Settlement Agreement as if the Settlement Agreement had never been made.  Accordingly, upon any such termination for any reason (i) the Parties will be deemed to have preserved all their substantive or procedural rights or defenses with respect to the Action as of the date of execution of this Agreement, and (ii) the Parties shall not be deemed to have waived any substantive or procedural rights or defenses of any kind that they may have.

### ADDITIONAL OBLIGATIONS OF THE PARTIES

36. The Administrator shall be responsible for administering the initial receipt of responses to the Notice, responding to inquiries from Class Members, and preserving all correspondence in response to the Notice.

37. The Settling Defendant and/or the Administrator shall cause to be filed with the Court affidavit(s) or declaration(s) of the person or persons under whose general direction Notice shall have been provided, showing that such Notice has been provided in accordance with this Order by **January 27, 2015.**

38. Class Counsel shall submit to the Court any papers in support of the settlement and any papers in support of its application for attorneys' fees, reimbursement of expenses and class representative incentive fee by **January 27, 2015.**

39. Class Counsel and counsel for Settling Defendant, if they choose, shall file with the Court and serve on opposing counsel any papers in response to any objection received, no later than three (3) days prior to the Final Approval Hearing.

**POWERS AND JURISDICTION OF THE COURT**

40. The Court expressly reserves its right to adjourn the Final Approval Hearing or any further adjournment thereof, and to approve the Settlement Agreement, including any modifications thereto that are acceptable to the Parties, without any further notice to Class Members.

41. The Court will have continuing jurisdiction over the Action for the purpose of implementing the Settlement until the Action and all related matters are fully resolved, and for enforcement of the Settlement, the Settlement Agreement and Final Order thereafter.

42. The Parties to the Settlement Agreement are directed to carry out their obligations under the terms thereof.

**APPROVED AND SO ORDERED:**

Dated: October 3, 2014
       Brooklyn, New York

                                  *Ramon E. Reyes, Jr.*
                                  **Ramon E. Reyes, Jr.**
                                  **United States Magistrate Judge**