# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
:
YEHUDA KATZ, :
Individually and on behalf of a class, :   Case No. 12 Civ. 4173 (ENV)(RER)
:
                Plaintiff, :
:
    -against- :
:
ABP CORPORATION, :
:
                Defendants. :
-----------------------------------------------------------x

### ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT AGREEMENT AND ISSUANCE OF FINAL JUDGMENT AND ORDER OF DISMISSAL AND APPROVAL OF ATTORNEYS' FEES AND EXPENSES AND CLASS REPRESENTATIVE INCENTIVE FEE

The Court, having considered the Motion of Plaintiff Yehuda Katz ("Katz") for Final Approval (the "Motion") of the Agreement of Settlement ("Settlement") with Defendant ABP Corporation ("ABP") and for Approval of Attorneys' Fees and Expenses and Class Representative Incentive Fee, having held a fairness hearing on February 3, 2015, and having considered all of the submissions and arguments finds:

    1.    This Court has jurisdiction over the subject matter of this lawsuit, the class representative, the class members and the Defendant.

    2.    On October 3, 2014 and for purposes of settlement only, the Court ordered the certification of a class defined as all persons who, between August 1, 2011 and August 31, 2012 (the "Class Period"), used any debit or credit card at any of ABP's company-owned and operated retail locations in the United States where the person was provided an electronically printed receipt at the point of sale or transaction that displayed the expiration date of that person's credit or debit card and/or more than five digits of that person's credit or debit card number ("Class").

3. Notice was provided to the Class Members as set forth and agreed upon in the Settlement Agreement.

4. Notice to the Class has been provided in accordance with the Court's Preliminary Approval Order, and such notice was given in an adequate and sufficient manner constituting the best notice practicable under the circumstances; and satisfying all requirements of Rule 23(e) and due process.

5. The Settlement was arrived at as a result of arms-length negotiations and mediation, conducted in good faith by counsel for the parties, and is supported by the Class Representative.

6. The Action presents issues as to liability and damages as to which there are substantial grounds for differences of opinion.

7. The Court finds that the Settlement is fair, reasonable, and adequate in light of the complexity, expense and duration of litigation and the risks involved in establishing liability, damages, and in maintaining the class action through trial and appeal.

8. The payment of $9.60 by check or $15.00 transferable vouchers for each Class Member with a valid claim as provided under the Settlement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties, as those terms are defined below. The Court finds that the consideration to be paid to Class Members, consisting of $9.60 by check or $15.00 transferable vouchers, is reasonable considering the facts and circumstances of the transactions at issue, the type of claim and affirmative defenses asserted in the Action and other FACTA litigation over several years, and the potential risks and likelihood of success of alternatively pursuing trial on the merits.

9. No individuals excluded themselves or opted-out from the Settlement.

10. The Parties and each Class Member have irrevocably submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding, or relating in any way to any dispute arising out of, the Settlement Agreement.

11. It is the best interests of the Parties and the Class Members and consistent with principles of judicial economy that any dispute between any Class Member (including any dispute as to whether a person is a Class Member) and any Released Party that relates, in any way, to the applicability or scope of the Settlement or this Final Judgment and Order of Dismissal should be presented exclusively to this Court for resolution by this Court.

12. The Court finds that the requirements of Rule 23(a) are satisfied because (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interest of the class.

13. The Court finds that the requirements of Rule 23(b)(3) are satisfied because the questions of law or fact common to the class members predominate over any questions affecting only individual members, and that that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

14. The Settlement submitted by the Parties is finally approved as fair, reasonable and adequate and in the best interests of the Class, and the Parties are directed to consummate the Settlement in accordance with its terms. The Parties and each person within the definition of the Class are hereby bound by the terms and conditions of the Settlement.

15. The Action is hereby dismissed, with prejudice and without costs.

16. Defendant is hereby ordered to comply with the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. § 1681c(g), at all its currently company-owned and operated locations in the United States.

17. For purposes of this Final Judgment and Order of Dismissal the Settling Plaintiffs and each Class Member shall be deemed, as of the Effective Date, to have, and by operation of this Final Order shall have, fully, finally and forever released, relinquished and discharged all claims, rights, demands, obligations, actions, causes of action, suits, cross-claims, matters, issues, liens, contracts, liabilities, agreements, costs, expenses of any nature by any of the Settling Plaintiffs and Class Members against any of the Released Parties arising out of, or in connection with, or in any way related to claims they had or may have, whether known or unknown, that accrued during the Class Period, under FACTA, the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq.) as it relates to FACTA, any statute or common law of any other state similar to FACTA, or any other statute, rule, regulation, administrative decision, or common law addressing the display of credit card expiration dates and/or account numbers. In addition, the Settling Plaintiffs and Class Members on behalf of themselves and their successors and assigns have expressly waived and relinquished to the fullest extent permitted by law any provision under state or federal law which provides the following with respect to the Released Claims:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release which if known by him or her must have materially affected his or her settlement with the debtor.

"Released Parties", as used herein, means, collectively, ABP Corporation and (a) any and all of its respective past, present and future parent companies, subsidiaries, divisions, Affiliates, franchisees, predecessors, successors, and assigns; (b) the respective present and former general

partners, limited partners, principals, members, directors, and their attorneys, officers, employees, stockholders, owners, agents, subrogees, independent contractors, insurers, reinsurers, attorneys, the representatives, heirs, executors, personal representatives, administrators, trustees, transferees and assigns of any of them; and (c) all persons or entities acting on behalf or at the direction of any of the foregoing. "Settling Plaintiffs", as used herein, means Katz and all persons or entities acting on his behalf or at his direction and on behalf of the Class, as defined herein.

18. The Released Claims are hereby finally compromised, settled, released, discharged and dismissed with prejudice against the Released Parties by virtue of the proceedings herein and this Final Judgment and Order of Dismissal.

19. Class Members and their successors and assigns are hereby permanently barred and enjoined from instituting, commencing, prosecuting or continuing to prosecute, either directly or indirectly, any Released Claim against any of the Released Parties in any forum.

20. The Court awards $375,000.00 as attorneys' fees, costs and expenses to Class Counsel and an incentive fee award in the amount of $2,000.00 to Yehuda Katz, all payments to be made by the Defendants within thirty (30) days after the Effective Date as defined in the Settlement Agreement.

21. Without affecting the finality of this Judgment, the Court retains jurisdiction of this settlement, including the administration and consummation of the settlement. In addition, without affecting the finality of this Judgment, the Court retains exclusive jurisdiction of, and the Defendants and each member of the Class are hereby deemed to have submitted irrevocably to the exclusive jurisdiction of this Court for, any suit, action, proceeding or dispute arising out of or relating to this Order, the Settlement or the applicability of the Settlement. Without limiting

the generality of the foregoing, any dispute concerning the Settlement, including, but not limited to, any suit, action, arbitration or other proceeding by a Class Member in which the provisions of the Settlement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action or proceeding arising out of or relating to this Order. Solely for purposes of such suit, action or proceeding, to the fullest extent possible under applicable law, the parties hereto and all persons within the definition of the Class are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, and improper venue or an inconvenient forum.

22. The Court finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay, and directs the Clerk to enter final judgment.

BY THE COURT:

_____
Ramon E. Reyes, Jr. U.S.M.J.

Dated: __3/2__, 2015